**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| WILLIAM C. STEPPACHER, JR., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, PETER BORDES, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, and RICHARD MOWSER, <br><br> Defendants. | Case No. 1:21-cv-24232-KMW |
| GARY KLEINSCHMIDT, Individually and on behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALFI, INC., PAUL PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, RICHARD MOWSER, KINGSWOOD CAPITAL MARKETS, REVERE SECURITIES LLC, and WESTPARK CAPITAL, INC., <br><br> Defendants. | Case No. 1:21-cv-24338-JLK |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CANDIDO RODRIGUEZ FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

Candido Rodriguez ("Rodriguez") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, and 15 U.S.C. § 77z-1 (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Rodriguez as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B); (3) approving Rodriguez's selection of Glancy Prongay & Murray LLP as Lead Counsel and Saxena White P.A. as Local Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.  PRELIMINARY STATEMENT

This is a class action on behalf of a class (the "Class") of all persons who purchased or otherwise acquired Alfi, Inc. ("Alfi" or the "Company") common stock or warrants pursuant and/or traceable to the Registration Statement issued in connection with the Company's initial public offering (the "IPO" or "Offering") conducted on or about May 4, 2021; and/or purchased or otherwise acquired Alfi securities between May 4, 2021 and November 15, 2021, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Rodriguez believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Rodriguez satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure,

as his claims are typical of other class members' claims, and he is are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Rodriguez respectfully submits that he is the presumptively most adequate plaintiff and should be appointed as lead plaintiff for the class. Moreover, Rodriguez's selection of Glancy Prongay & Murray LLP ("GPM") as lead counsel and Saxena White P.A. ("Saxena White") as local counsel should be approved since both firms have substantial expertise in securities class actions and have the experience and resources to efficiently prosecute this action.

## II.      STATEMENT OF FACTS[1]

Alfi is a technology company that offers a software as a service in the "Digital Out of Home (DOOH) Smart Advertising segment," which includes "artificial intelligence, machine & deep learning, edge computing, Big Data, telecommunications, and the Internet of Things (IoT)."

On May 5, 2021, the Alfi filed the prospectus for its IPO, which forms part of the Registration Statement. In the IPO, the Company sold approximately 4,850,746 shares of common stock and warrants to purchase 4,850,746 shares of common stock at the combined public offering price of $4.15 per share. The Company received aggregate proceeds of approximately $17.8 million from the Offering.

On October 28, 2021, after the market closed, Alfi revealed that, on October 22, 2021, its Board of Directors had placed the Company's President and Chief Executive Officer ("CEO"), its Chief Financial Officer ("CFO") and Treasurer, and its Chief Technology Officer ("CTO") "on administrative leave [pending] an independent internal investigation regarding certain corporate transactions and other matters." It also stated that on October 28, 2021, Alfi terminated the CTO's

---

[1] This section is adapted from the allegations in the complaints in the above-captioned actions.

employment. On this news, Alfi's stock price fell $1.24, or 22%, to close at $4.42 per share on October 29, 2021, on unusually heavy trading volume.

On November 1, 2021, Alfi revealed that the internal investigation concerned the purchase of a condominium and the Company's commitment to sponsor a sports tournament, which was partially payable through the issuance of unregistered Alfi shares.

Then, on November 15, 2021, after the market closed, Alfi disclosed receipt of a document preservation request related to an ongoing investigation by the SEC. Specifically, the Company was required to preserve "documents and data created on or after April 1, 2018 that . . . relate or refer to the condominium or the sports tournament sponsorship . . . or financial reporting and disclosure controls, policies, or procedures." The Company also stated that it could not timely file its quarterly report on Form 10-Q for the period ended September 30, 2021. The Company also stated that its third quarter 2021 results were a "significant change" from the prior quarter's results, in part because Alfi "was party to material transactions which are expected to result in significant one-time expenses." On this news, the Company's stock price fell $0.24, or 5%, to close at $4.37 per share on November 16, 2021.

The complaints allege that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects in the Registration Statement and throughout the Class Period, including: (1) that Alfi's employees had engaged in improper corporate transactions; (2) that, as a result, Alfi's disclosure controls and procedures were ineffective; (3) that, as a result of the foregoing, the Company was reasonably likely to face regulatory scrutiny, reputational harm, and penalties; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

3

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Rodriguez and other Class members have suffered significant losses and damages.

## III.     PROCEDURAL BACKGROUND

On December 2, 2021, Plaintiff William C. Steppacher, Jr. commenced the first above-captioned securities class action Alfi and certain of its officers and directors, captioned *Steppacher v. Alfi, Inc.*, Case No. 1:21-cv-24232 (the "*Steppacher* Action").

On December 15, 2021, Plaintiff Gary Kleinschmidt filed a substantially similar action against Alfi and certain of its officers and directors of the Company, plus certain underwriters of the Company's IPO, captioned *Kleinschmidt v. Alfi, Inc.*, Case No. 1:21-cv-24338 (the "*Kleinschmidt* Action," and together with the *Steppacher* Action, the "Related Actions").

## IV.     ARGUMENT

### A.     The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal conclusions. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Kornfield v. Opteum Inc.*, 2008 WL 11408525, at *2 (S.D. Fla. Sept. 29, 2008).

### B.      Rodriguez Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).   As set forth below, Rodriguez satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Rodriguez has, to the best of is knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Rodriguez is not aware of any unique defenses Defendants could

raise against him that would render him inadequate to represent the Class. Accordingly, Rodriguez respectfully submits that he should be appointed lead plaintiff.

### 1.      Rodriguez Has Filed a Timely Motion

Rodriguez has made a timely motion in response to a PSLRA early notice. December 2, 2021, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Adam D. Warden ("Warden Decl."), Ex. A. Therefore, Rodriguez had sixty days (*i.e.*, until January 31, 2022) to file a motion to be appointed as lead plaintiff. As a purchaser of Alfi securities pursuant and/or traceable to the Registration Statement ad during the Class Period, Rodriguez is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in Rodriguez's PSLRA certifications, Rodriguez attests that he has reviewed the complaints, adopts the allegations therein, and is willing to serve as a representative of the class. Warden Decl., Ex. B. Accordingly, Rodriguez satisfies the first requirement to serve as lead plaintiff for the class

### 2.      Rodriguez Has the Largest Financial Interest in the Action

The PSLRA requires courts adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). At the time of this filing, Rodriguez believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Rodriguez purchased Alfi securities traceable to the Registration Statement and during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and

omissions and, as a result, suffered financial harm. *See* Warden Decl., Ex. C. To the best of this knowledge, Rodriguez is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Rodriguez believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Rodriguez Otherwise Satisfies the Requirements of Rule 23

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, at the lead plaintiff stage of the litigation, "the initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *Eastwood Enterprises, LLC v. Farha*, 2008 WL 687351, at *1 (M.D. Fla. Mar. 11, 2008).

### a) Rodriguez's Claims Are Typical

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large". *Prado-Steinman ex rel. Prado v. Bush*, 22 F.3d 1266, 1279 (11th Cir. 2000); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (same).

Rodriguez's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Rodriguez alleges that Defendants' material misstatements and omissions concerning Alfi's business, operations, and financial prospects violated the federal securities laws. Rodriguez, like all members of the Class, purchased Alfi securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Rodriguez's interests and claims are "typical" of the interests and claims of the Class.

### b)       Rodriguez Is an Adequate Representative

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." "[T]he adequacy prong requires that the class representatives have common interests with the nonrepresentative class members and requires that the representatives demonstrate that they will vigorously prosecute the interests of the class through qualified counsel." *Biver v. Nicholas Fin., Inc.*, 2014 WL 1763211, at *5 (M.D. Fla. Apr. 30, 2014).

Rodriguez has demonstrated this adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Warden Decl., Ex. C. Rodriguez is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Rodriguez is well-equipped to represent the class.

### C.       Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should not interfere with lead plaintiff's selection unless necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Mulvaney v. Geo Group, Inc.*, 2016 WL 10519276, at *3 (S.D. Fla. Nov. 18, 2016). Here, Rodriguez has selected GPM as lead counsel

for the class and Saxena White as local counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' resumes, *see* Warden Decl., Exs. D & E, the Court may be assured that, by granting the Rodriguez's Motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Rodriguez's selection of counsel.

## V.      CONCLUSION

For the foregoing reasons, Rodriguez respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Rodriguez as Lead Plaintiff for the Class; (3) approving Lead Plaintiff's selections of GPM as Lead Counsel and Saxena White as Local Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:  January 31, 2022                    Respectfully submitted,

**SAXENA WHITE P.A.**

By: /s/ Adam D. Warden
Joseph E. White, III (FL Bar No. 621064)
Adam D. Warden (FL Bar No. 873691)
Jonathan D. Lamet (FL Bar No. 106059)
7777 Glades Road Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
jwhite@saxenawhite.com
awarden@saxenawhite.com
jlamet@saxenawhite.com

*Local Counsel for Candido Rodriguez*

9

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Candido Rodriguez, and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

10

## **CERTIFICATE OF SERVICE**

I, Adam D. Warden, hereby certify that on January 31, 2022, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing (NEF) to all counsel of record.

*s/ Adam D. Warden*
Adam D. Warden

11