**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-24232-CIV-WILLIAMS**

WILLIAM C. STEPPACHER, JR., Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, PETER BORDES, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, and RICHARD MOWSER,

Defendants.

_____  /

GARY KLEINSCHMIDT, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

ALFI, INC., PAUL PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, RICHARD MOWSER, KINGSWOOD CAPITAL MARKETS, REVERE SECURITIES LLC, and WESTPARK CAPITAL, INC.,

Defendants.

_____  /

Case. No. 21-24338-CIV-KING

## TABLE OF CONTENTS

MOTION ......................................................................................................... 1

INTRODUCTION AND BACKGROUND ..................................................... 1

ARGUMENT ................................................................................................. 3

   I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................ 3

   II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF .............................. 4

      A.    MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE ............. 4

      B.    MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION  5

      C.    MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE .................................................... 5

          1.    Movant's Claims are Typical ................................................................. 6

          2.    Movant Is Adequate .............................................................................. 6

      D.    MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF ....... 7

   III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED .............. 7

CONCLUSION .............................................................................................. 8

COMPLIANCE WITH CIVIL LOCAL RULE 7.1(A)(3) ............................... 8

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*,
  2007 WL 170556 (M.D. Fla. Jan. 18, 2007) ............................................................... 5

*In re Bally Total Fitness, Sec. Litig.*,
  2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ............................................................... 5

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ....................................................................................... 6

*In re Comverse Technology, Inc. Secs. Litig.*,
  2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ............................................................... 5

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................... 5, 6

*In re Livent, Inc. Noteholders Sec. Litig.*,
  210 F.R.D. 512 (S.D.N.Y. 2002) ............................................................................... 6

*In re Olsten Corp. Secs. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998) ............................................................................ 5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................. 6

*Lax v. First Merchants Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .............................................................. 5

*Plumbers & Pipefitters Loc. 51 Pension Fund v. Darden Restaurants, Inc.*,
  No. 608-CV-388-ORL-19DAB, 2008 WL 2608111 (M.D. Fla. July 1, 2008) .......... 8

*Sherleigh Assocs. LLC v. Windmere-Durable Holdings, Inc.*,
  184 F.R.D. 688 (S.D. Fla. 1999) ............................................................................... 4

**Statutes**

15 U.S.C. §78u-4 .............................................................................................. passim

15 U.S.C. § 77z-1 ............................................................................................. passim

**<u>Rules</u>**

Fed. R. Civ. P. 42(a) ................................................................................................................ 3, 4

Fed. R. Civ. P. 23................................................................................................................... 4, 5, 6

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MOVANT ALFI INVESTOR GROUP TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF COUNSEL**

## MOTION

John K. Allen ("Allen"), on behalf of the Joseph M. Driscoll Trust (the "Driscoll Trust"), as the Executor and a Trustee of the Driscoll Trust, and Alexander C. Takian ("Takian" and, collectively with the Driscoll Trust, the "Alfi Investor Group" or "Movant"), pursuant to Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B) and Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby moves this honorable Court on a date and at such time as may be designated by the Court, for an Order:

(1) consolidating the related Securities Class Actions;

(2) appointing Movant as Lead Plaintiff for the class of all persons and entities that purchased or otherwise acquired Alfi: (a) common stock or warrants pursuant and/or traceable to the Registration Statement issued in connection with the Company's initial public offering (the "IPO" or "Offering") conducted on or about May 4, 2021; and/or (b) securities between May 4, 2021 and November 15, 2021, inclusive (the "Class Period");

(3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and

(4) granting such other and further relief the Court may deem just and proper.

In support of this Motion, Movant submits herewith the Declaration of Laurence M. Rosen and a [Proposed] Order, all dated January 31, 2022.

## INTRODUCTION AND BACKGROUND

This action was commenced on December 2, 2021, against Alfi, Inc. ("Alfi" or the "Company") and certain of its directors and/or officers (collectively, "Defendants"). That same day, an early notice pursuant to the PSLRA was issued, advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

On December 15, 2021, the related action *Kleinschmidt v. Alfi, Inc., et al.*, Case No. 1:21-cv-24338-JLK (the "*Kleinschmidt* Action") was commenced alleging substantially similar

1

claims against the same defendants as well as additional underwriter defendants for the same Class Period.

The complaints allege that the Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (1) Alfi's employees had engaged in certain improper corporate transactions; (2) as a result, Alfi's disclosure controls and procedures were ineffective; (3) as a result of the foregoing, the Company was reasonably likely to face regulatory scrutiny, reputational harm, and penalties; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Alfi is a technology company that offers a software as a service in the "Digital Out of Home (DOOH) Smart Advertising segment," which includes "artificial intelligence, machine & deep learning, edge computing, Big Data, telecommunications, and the Internet of Things (IoT)." Defendant Alfi is incorporated under the laws of Delaware with its principal executive offices located in Miami Beach, Florida. Alfi's common stock trades on the NASDAQ Exchange under the symbol "ALF" and its warrants under the symbol "ALFIW."

On May 5, 2021, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. In the IPO, the Company sold approximately 4,850,746 shares of common stock and warrants to purchase 4,850,746 shares of common stock at the combined public offering price of $4.15 per share. The Company received aggregate proceeds of approximately $17.8 million from the Offering. The proceeds from the IPO were purportedly to be used to repay certain debt and for general corporate purposes, including working capital, business development, sales and marketing activities, and capital expenditures.

On October 28, 2021, after the market closed, Alfi revealed that, on October 22, 2021, its Board of Directors had placed the Company's President and Chief Executive Officer

("CEO"), its Chief Financial Officer ("CFO") and Treasurer, and its Chief Technology Officer ("CTO") "on administrative leave [pending] an independent internal investigation regarding certain corporate transactions and other matters." It also stated that on October 28, 2021, Alfi terminated the CTO's employment.

On this news, Alfi's stock price fell $1.24, or 22%, to close at $4.42 per share on October 29, 2021, on unusually heavy trading volume.

On November 1, 2021, Alfi revealed that the internal investigation concerned the purchase of a condominium and the Company's commitment to sponsor a sports tournament, which was partially payable through the issuance of unregistered Alfi shares.

On November 15, 2021, after the market closed, Alfi disclosed receipt of a document preservation request that related to an ongoing investigation by the SEC. Specifically, the Company was required to preserve "documents and data created on or after April 1, 2018 that . . . relate or refer to the condominium or the sports tournament sponsorship . . . , or financial reporting and disclosure controls, policies, or procedures." The Company also stated that it could not timely file its quarterly report on Form 10-Q for the period ended September 30, 2021. The Company also stated that its third quarter 2021 results were a "significant change" from the prior quarter's results, including because Alfi "was party to material transactions which are expected to result in significant one-time expenses."

On this news, the Company's stock price fell $0.24, or 5%, to close at $4.37 per share on November 16, 2021.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Alfi's securities, Plaintiff and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

3

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 77z-1(a)(3)(A)(ii); 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by substantially similar Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Act.  The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group…" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Assocs. LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A.      MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

**B.      MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class" 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007). In determining the movant with the largest financial interest, Courts have employed the *Olsten/Lax* analysis: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779 * 3 (E.D.N.Y. Mar. 2, 2007) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 * 5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Of the *Lax/Olsten*-styled factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $255,732.10 in connection with its purchases of Alfi securities. *See* Rosen Decl. Ex. 3. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.      MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted) Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Securities Act and the Exchange Act by issuing false and misleading statements about Alfi's business and financial condition. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

Allen resides in Massachusetts, where he works as the CEO of a programming and development company. Allen has a Master's Degree in Philosophy and Theology. Allen has been investing for over 10 years. As the Executor and Trustee of the Driscoll Trust, Allen has the authority to represent the Driscoll Trust.

6

Takian resides in Rhode Island, where he works in sales for electrical products. Takian has a Bachelor of Science degree in Engineering. Takian has been investing for over 10 years.

Allen and Takian are friends who have known each other prior to choosing The Rosen Law Firm, P.A. as counsel. Allen and Takian are in a band together. Allen and Takian travel and vacation together.

Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Alfi securities and is therefore, extremely motivated to pursue claims in this action.

### D. MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

Thus, the close alignment of interests between Movant and other class members, as well as its strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary

"to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers & Pipefitters Loc. 51 Pension Fund v. Darden Restaurants, Inc.*, No. 608-CV-388-ORL-19DAB, 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel.).

Movant has selected Rosen Law as Lead Counsel. Rosen Law has been actively researching the class plaintiffs' claims, reviewing financial and legal documents, and gathering other information in support of the claims against the Defendants. Furthermore, Rosen Law is experienced in the area of securities litigation and class actions and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country. *See* Rosen Decl., Ex. 4.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related securities class actions; (2) appointing Movant as Lead Plaintiff for the class; (3) approving Movant's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

## COMPLIANCE WITH CIVIL LOCAL RULE 7.1(A)(3)

Local Rule 7.1(a)(3) requires a conference of counsel prior to filing motions. Due to the lead plaintiff procedure of the PSLRA, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Rule 7.1(a)(3) be waived.

Dated: January 31, 2022                 Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

8

/s/Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
Phillip Kim, Esq. (pro hac vice to be filed)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen