UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. STEPPACHER, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, PETER BORDES, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, and RICHARD MOWSER,<br><br>       Defendants. | Case No. 1:21-cv-24232-KMW-CMM<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CHAD AND AILEEN HABER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** |
| GARY KLEINSCHMIDT, Individually and On Behalf of All Others Similarly Situated,<br><br> Plaintiff,<br><br>v.<br><br>ALFI, INC., PAUL PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, RICHARD MOWSER, KINGSWOOD CAPITAL MARKETS, REVERE SECURITIES LLC, and, WESTPARK CAPITAL, INC.,<br><br> Defendants. | Case No. 1:21-cv-24338-JLK |

- 1 -

## I.   PRELIMINARY STATEMENT

Presently pending before this Court are two securities class action lawsuits brought on behalf of investors who purchased or otherwise acquired Alfi, Inc. ("Alfi" or the "Company") securities seeking to pursue remedies under both the Securities Act of 1933 and Securities Exchange Act of 1934. The above-captioned cases are brought on behalf of investors (the "Class") who purchased or otherwise acquired (a) common stock or warrants pursuant and/or traceable to the Registration Statement issued in connection with the Company's initial public offering (the "IPO" or "Offering") conducted on or about May 4, 2021; and/or (b) securities between May 4, 2021 and November 15, 2021, inclusive (the "Class Period")

Specifically, the cases allege that Defendants misrepresented and concealed that Alfi's employees had engaged in certain improper corporate transactions and that the Company's internal controls over financial reporting and public disclosures were materially deficient.

Proposed lead plaintiffs Chad Haber ("Mr. Haber") and Aileen Haber ("Ms. Haber"), brother and sister (collectively, "Movants"), hereby move this Court for an order: (i) consolidating the Actions; (ii) appointing Movants as Lead Plaintiff, and (iii) approving Movants' selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") to serve as Lead Counsel, Buckner + Miles to serve as Liaison Counsel, and DCB Law Group LLC to serve as Additional Counsel.

This motion is made on the grounds that Movants are the most adequate plaintiff, as defined by the PSLRA. The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the movant who has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that the Movant is a typical and adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth

- 2 -

below, Movants are the "most adequate plaintiff" by virtue of, among other things, their collective losses of $338,698.30 incurred on purchases of Alfi securities during the Class Period.

In addition to asserting the largest financial interest, Movants readily satisfy the relevant requirements of Rule 23 because Movants' claims are typical of those of all members of the Class and Movants will fairly and adequately represent the interests of the Class. In fact, Movants are the ideal Lead Plaintiff under the PSLRA because Movants are sophisticated investors with a substantial financial interest in the litigation. In addition, as set forth in greater detail in their Joint Declaration submitted herewith, Movants fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are committed to fulfilling those responsibilities to guarantee zealous prosecution of this action.

Movants have further demonstrated their adequacy through their selection of Hagens Berman as Lead Counsel for the Class. Hagens Berman has an established track record of achieving substantial recoveries for the benefit of investors and is qualified to prosecute this action.

Based on Movants' financial interest in the outcome of this action, Movants' commitment to act in the best interests of the Class to maximize the recovery in this case, and Movants' ability to oversee counsel, Movants respectfully request that the Court appoint Movants as Lead Plaintiff and otherwise grant Movants' Motion.

## II.     FACTUAL BACKGROUND

Alfi is a technology company that offers a software as a service in the "Digital Out of Home (DOOH) Smart Advertising segment," which includes "artificial intelligence, machine & deep learning, edge computing, Big Data, telecommunications, and the Internet of Things (IoT)." 16. The Company is incorporated under the laws of Delaware with its principal

011065-11/1784315 V2

executive offices located in Miami Beach, Florida. Alfi's common stock trades on the NASDAQ Exchange under the symbol "ALF" and its warrants under the symbol "ALFIW.

On May 5, 2021, the Company filed its prospectus on Form 424B4 with the SEC, which formed part of the Company's Registration Statement. In the IPO, the Company sold approximately 4,850,746 shares of common stock and warrants to purchase 4,850,746 shares of common stock at the combined public offering price of $4.15 per share. The Company received aggregate proceeds of approximately $17.8 million from the Offering. The proceeds from the IPO were purportedly to be used to repay certain debt and for general corporate purposes, including working capital, business development, sales and marketing activities, and capital expenditures.

The Actions alleged that both in the Registration Statement and later throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants allegedly failed to disclose to investors: (1) that Alfi's employees had engaged in certain improper corporate transactions; (2) that, as a result, Alfi's disclosure controls and procedures were ineffective; (3) that, as a result of the foregoing, the Company was reasonably likely to face regulatory scrutiny, reputational harm, and penalties; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

The truth emerged over a series of disclosures beginning on October 28, 2021, when, after the market closed, Alfi revealed that, on October 22, 2021, its Board of Directors had placed the Company's President and Chief Executive Officer Defendant Paul Pereira, its Chief Financial Officer ("CFO") and Treasurer Defendant Dennis McIntosh, and its Chief Technology

- 4 -

011065-11/1784315 V2

Officer "on administrative leave [pending] an independent internal investigation regarding certain corporate transactions and other matters." It also stated that on October 28, 2021, Alfi terminated the CTO's employment.

On this news, Alfi's stock price fell $1.24, or 22%, to close at $4.42 per share on October 29, 2021, on unusually heavy trading volume.

Then, on November 1, 2021, Alfi revealed that the internal investigation concerned the purchase of a condominium and the Company's commitment to sponsor a sports tournament, which was partially payable through the issuance of unregistered Alfi shares.

Finally, on November 15, 2021, after the market closed, Alfi disclosed receipt of a document preservation request that related to an ongoing investigation by the SEC. Specifically, the Company was required to preserve "documents and data created on or after April 1, 2018 that. . . relate or refer to the condominium or the sports tournament sponsorship . . . , or financial reporting and disclosure controls, policies, or procedures." The Company also stated that it could not timely file its quarterly report on Form 10-Q for the period ended September 30, 2021. The Company further stated that its third quarter 2021 results were a "significant change" from the prior quarter's results, including because Alfi "was party to material transactions which are expected to result in significant one-time expenses."

On this news, the Company's stock price fell $0.24, or 5%, to close at $4.37 per share on November 16, 2021.

As a result of Defendants' alleged wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movants and other Class members have suffered significant losses and damages.

011065-11/1784315 V2

### III.    LEGAL ARGUMENT

**A.    The Actions Should be Consolidated for All Purposes.**

The Actions involve class action claims on behalf of the purchasers of Alfi securities and assert essentially identical and overlapping class claims. Consolidation is appropriate where there is "a common question of law or fact pending before the Court." Fed. R. Civ. P. 42(a). The test is met here and the Actions should be consolidated.

The Actions present substantially identical factual and legal issues, including: (a) whether the Defendants violated the federal securities laws; (b) whether the Company's statements in its Registration Statement and during the Class Period omitted and/or misrepresented material facts; (c) whether Defendants acted negligently in preparing the Registration Statement and/or willfully, knowingly or recklessly, in omitting and/or misrepresenting material facts during the Class Period; (d) whether the market prices of Alfi securities at the IPO and during the Class Period were artificially inflated due to the alleged material nondisclosures and/or misrepresentations; and (e) whether the members of the proposed class have sustained damages caused by the Defendants' alleged wrongful conduct, and, if so, what is the appropriate measure of damages. *See Biver v. Nicholas Fin., Inc.*, 2014 WL 1763211, at *2 (M.D. Fla. Apr. 30, 2014) ("Because these Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here.") (citation omitted).

**B.    Movants are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff.**

**1.    The Procedure Required by the PSLRA.**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action

pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff here caused the first notice regarding the pendency of the Action to be published on *PR Newswire*, a national, business-oriented newswire service, on December 2, 2021. *See* Buckner Decl., Ex. C.[1] Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under [the Securities Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[1]   References to the "Buckner Decl., Ex. __" are to the exhibits attached to the Declaration of David M. Buckner, submitted herewith.

011065-11/1784315 V2

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Newman,* 209 F.R.D. at 502 (describing PSLRA standards for appointment of lead plaintiff).

### 2.    Movants Satisfy the "Lead Plaintiff" Requirements of the PSLRA.

#### a.    Movants Have Timely Filed a Lead Plaintiff Motion.

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on January 31, 2022. *See* 15 U.S.C. § 78u-4(a)(3)(A) & (B). Pursuant to the provisions of the PSLRA, and within the requisite timeframe after publication of the required notice (published on December 2, 2021), Movants timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Movants have duly signed certifications stating that each member is willing to serve as the representative party on behalf of the class. *See* Buckner Decl. Ex. A. In addition, Movants have submitted a Joint Declaration attesting that they have conferred about the motion, understand their responsibilities as Lead Plaintiff, and wish to pursue this motion jointly for the benefit of the class. *See* Buckner Decl. Ex. D. Finally, Movants have selected and retained competent counsel to represent them and the class. Accordingly, Movants are entitled to have their application for appointment as Lead Plaintiff considered and approved by the Court.

#### b.    Movants Have the Largest Financial Interest in the Relief Sought by the Class.

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and loss charts, *see* Buckner Decl. Exs. A, B, Movants incurred combined losses of approximately $338,698.30 on Class Period transactions in Alfi securities in reliance upon the materially false and misleading statements issued by defendants. Upon information and belief, no other investor possesses a larger financial interest in this action. Accordingly, Movant satisfies

- 8 -

011065-11/1784315 V2

the PSLRA's prerequisite of having a significant financial interest in the Action, and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### c.   Movants Otherwise Satisfies Rule 23.

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative, rather than the class as a whole. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Mulvaney v. Geo Grp., Inc.*, 2016 WL 10519276, at *2 (S.D. Fla. Nov. 21, 2016) ("[A]t the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate."); *Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at *6 (S.D. Fla. Apr. 18, 2008); *see Newman*, 209 F.R.D. at 502. Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying Movants appointment as Lead Plaintiff in this action.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality is satisfied when the representative party's claims share "the same essential characteristics as the claims of the class at large." *Miller*, 2008 WL 2465286, at

- 9 -

*6; *see Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278-79 n.14 (11th Cir. 2000); *see also Sheet Metal Workers Local 28 Pension Fund v. Off. Depot, Inc.*, 2008 WL 1943955, at *2 (S.D. Fla. May 2, 2008) ("With regard to typicality, the proposed Lead Plaintiff should have suffered the same injuries as the absent class members as a result of the same course of conduct by the defendants and maintain claims based on the same legal issues as the absent class members.") (citation omitted); *see also Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007) (typicality satisfied where members of proposed lead plaintiff group "purchased Jabil shares during the class period in reliance on allegedly false and misleading statements issued by Defendants and suffered financial losses allegedly due to Defendants' conduct."). "[T]ypicality [does not] require that all putative class members share identical claims, and [it] may be satisfied even if some factual differences exist between the claims of the named representatives and the claims of the class at large." *In re MIVA, Inc. Sec. Litig.*, 2008 WL 681755, at *3 (M.D. Fla. Mar. 12, 2008).

Movants satisfy this requirement because, just like all other class members, they: (a) purchased or otherwise acquired Alfi securities during the Class Period; (b) were adversely affected by Defendants' false and misleading statements; and (c) suffered damages by the conduct set forth in the Complaint. Thus, Movants' claims are typical of those of other class members because Movants' claims and the claims of other class members arise out of the same course of events and same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." In order for the Class's interests to be fairly and adequately represented, a Lead Plaintiff must demonstrate that: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic

- 10 -

to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Luczak v. Nat'l Beverage Corp.*, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) (quoting *Miller*, 2008 WL 2465286, at *6).

Here, Movants satisfy these requirements. As evidenced by the injuries suffered by Movants in purchasing Alfi securities at prices allegedly artificially inflated by Defendants' materially false and misleading statements, and by the injury the group suffered based on materially false and misleading statements, the interests of Movants are clearly aligned with the interests of the Class. Movants are not aware of any conflicts between them and the putative class members.

In addition, Movants have evidenced their willingness and ability to serve as lead plaintiff in this case as well as the ability to work together to control the litigation. *See* Buckner Decl., Ex. D. The Movants' Joint Declaration demonstrates that they are more than capable of representing the Class. Mr. Haber has over 25 years of investing experience and is a trained accountant. *See* Buckner Decl., Ex. D at ¶ 3. Ms. Haber has more than 20 years of investing experience and obtained an accounting degree. *See* Buckner Decl., Ex. D at ¶ 4.

Finally, Movants have taken significant steps, which demonstrate that they will protect the interests of the class: Movants have retained competent and experienced counsel to prosecute these claims. As shown below, Movants' proposed Lead Counsel are highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Movants *prima facie* satisfy each of the PSLRA's requirements and should be appointed Lead Plaintiff.

**C.     The Court May Properly Appoint Movants Together as a Group.**

As demonstrated above and in their Joint Declaration, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby warranting their appointment as Lead Plaintiff as

- 11 -

a group.  *Newman*, 209 F.R.D. at 503-04 (holding that the PSLRA allows for a group of persons or entities to serve as lead plaintiff); *Carvelli v. Ocwen Fin. Corp.*, 2017 WL 11068524 (S.D. Fla. July 14, 2017) (affirming same); *In re 21st Century Holding Co Sec. Litig.*, 2007 WL 9220955, at *4 (S.D. Fla. Nov. 20, 2007) ("When moving for lead plaintiff, aggregation of individual losses to form a small group is acceptable and 'derives from the language of the PSLRA which states that the most adequate plaintiff is the 'person or group of persons.'… '[T]here is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves. Instead, the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as lead plaintiff.'") (internal citations omitted).

Here, the Joint Declaration submitted by Movants in support of their motion describes how each member has significant investment, educational background, and/or work experience, and how each suffered substantial losses from their investment in Alfi.[2]  Movants' Joint Declaration explains how and why each member made the decision jointly to seek appointment as lead plaintiff. Essentially, they concluded that it made sense to combine their collective decision-making and resources to ensure that the best interests of the class are protected.[3]  In addition, each emphasized their commitment to working together and cohesively in the best interests of the class, and overseeing class counsel, and developed a decision-making structure.[4]

Alternatively, if the Court determines that a single plaintiff would be more appropriate in this action, each member of the group hereby moves to be appointed individually.

---

[2] *See* Buckner Decl. Ex. D.

[3] *See id.* at ¶ 7.

[4] *Id.*

011065-11/1784315 V2

**D.      The Court Should Approve Movants' Choice of Counsel.**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). In this regard, Movant has selected Hagens Berman, a firm with substantial experience in the prosecution of shareholder and securities class actions, to serve as Lead Counsel, and Buckner + Miles, also an experienced firm in that area, and one known to this Court, as Liaison Counsel. *See* the respective firm resumes, Buckner Decl., Exs. E and F.

As such, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Hagens Berman.  Because Movants' selection of Hagens Berman is reasonable, Movants' motion should be granted.

## IV.      CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (a) consolidate the Actions; (b) appoint Movants as Lead Plaintiff in this action; (c) approve Movants' selection of Lead, Liaison, and Additional Counsel as set forth herein; and (d) grant such other relief as the Court may deem just and proper.

Dated: January 31, 2022                              Respectfully submitted,


                                              By: s// David M. Bucnker
                                                     David M. Buckner (FBN 60550)

                                              BUCKNER + MILES
                                              2020 Salzedo Street, Suite 302
                                              Coral Gables, FL 33134
                                              Telephone: (305) 964-8003
                                              Facsimile:  (786) 523-0485
                                              Email: david@bucknermiles.com

                                              *Liaison Counsel for [Proposed] Lead Plaintiff*
                                              *Chad and Aileen Haber*

- 13 -

011065-11/1784315 V2

Reed R. Kathrein (262161)
Lucas E. Gilmore (*pro hac vice* forthcoming)
Wesley A. Wong (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
533 F Street, Suite 207
San Diego, CA  92101
Telephone: (619) 929-3340
Facsimile:  (619) 929-3337
Email:  reed@hbsslaw.com
Email:  lucasg@hbsslaw.com
Email:  wesleyw@hbsslaw.com

Steve W. Berman (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

*Lead Counsel for [Proposed] Lead Plaintiff
Chad and Aileen Haber*

Steven J. Bonafonte (*pro hac vice* forthcoming)
DCB LAW GROUP LLC
62 West Street
PO Box 630
Litchfield, CT 06759
Telephone: (860) 560-6092
Email: bonafonte@dcblawgroup.com

*Additional Counsel for [Proposed] Lead Plaintiff
Chad and Aileen Haber*

011065-11/1784315 V2