UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. STEPPACHER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>   v.<br><br>ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, PETER BORDES, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, and RICHARD MOWSER,<br><br>     Defendants. | Case No. 1:21-cv-24232-KMW<br><br>**MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOSH BUTERIN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** |
| GARY KLEINSCHMIDT, Individually and on behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>   v.<br><br>ALFI, INC., PAUL PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, RICHARD MOWSER, KINGSWOOD CAPITAL MARKETS, REVERE SECURITIES LLC, and WESTPARK CAPITAL, INC.,<br><br>     Defendants. | Case No. 1:21-cv-24338-JLK |

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT ..................................................................................................................... 6

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL
        PURPOSES ...................................................................................................... 6

    II.    BUTERIN SHOULD BE APPOINTED LEAD PLAINTIFF ............................... 7

        A.    Buterin Is Willing to Serve as Class Representative ................................. 8

        B.    Buterin Has the "Largest Financial Interest" in the Related Actions ......... 8

        C.    Buterin Otherwise Satisfies the Requirements of Rule 23 .......................... 9

        D.    Buterin Will Fairly and Adequately Represent the Interests of the Class
            and Is Not Subject to Unique Defenses ................................................... 12

    III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED
        ............................................................................................................... 12

CONCLUSION ............................................................................................................... 14

CERTIFICATE REGARDING GOOD FAITH CONFERENCE .............................................. 14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brustein v. Lampert*,
   04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106 (S.D. Fla.
   June 15, 2005) ...................................................................................................................10

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ..........................................................................................12

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) .........................................................................................10

*Lax v. First Merchants Acceptance Corp.*
   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...................................9

*Miller v. Dyadic Int'l, Inc.*,
   07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271 (S.D. Fla.
   Apr. 18, 2008) ....................................................................................................................11

*Mulvaney v. GEO Group, Inc.*,
   16-cv-81494-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 193402 (S.D. Fla.
   Nov. 18, 2016) ....................................................................................................................12

*Nghiem Tran v. Erba Diagnostics, Inc.*,
   15-cv-24440-COOKE/TORRES, 2016 U.S. Dist. LEXIS 186864 (S.D. Fla.
   Apr. 8, 2016) ......................................................................................................................10

*Piven v. Sykes Enters.*,
   137 F. Supp. 2d 1295 (M.D. Fla. 2000) ............................................................................10

*Plymouth County Ret. Sys. v. Carter's, Inc.*,
   08-CV-2940-JOF, 2009 U.S. Dist. LEXIS 20582 (N.D. Ga. Mar. 13, 2009) .........................9

*Prado-Steinman ex rel. Prado v. Bush*,
   22 F.3d 1266 (11th Cir. 2000) ...........................................................................................10

*Thorpe v. Walter Inv. Mgmt., Corp.*,
   1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637 (S.D. Fla. Mar. 16, 2016) ......................10

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) .......................................................................................11

**Statutes**

15 U.S.C. §78u-4(a) .............................................................................................................. *passim*

PSLRA ...........................................................................................................................................2

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

## MOTION

Josh Buterin ("Buterin"), by and through his counsel, will and does hereby move this Court, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Buterin as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired (a) Alfi, Inc. ("Alfi" or the "Company") common stock or warrants pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the Company's initial public offering conducted on or about May 4, 2021 (the "IPO" or "Offering"), and/or (b) Alfi securities between May 4, 2021 and November 15, 2021, both dates inclusive (the "Class Period") (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel, and Komlossy Law P.A. ("Komlossy Law") as Liaison Counsel, for the Class.

## MEMORANDUM OF LAW

### PRELIMINARY STATEMENT

The complaints in the Related Actions allege that Defendants disseminated a materially false or misleading registration statement to investors in connection with the IPO in violation of the Securities Act, as well as defrauded investors in violation of the Exchange Act.  Alfi investors, including Buterin, incurred significant losses following the disclosure of the alleged wrongful conduct, which caused Alfi's share price to fall sharply, damaging Buterin and other Alfi investors.

1

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are both putative class actions alleging violations of the federal securities laws by an overlapping group of defendants arising from the same alleged wrongful misconduct. As such, the Related Actions involve common questions of both law ***and*** fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of (a) Alfi common stock or warrants pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the IPO, and/or (b) Alfi securities during the Class Period, Buterin incurred losses of approximately $3,984,587. *See* Declaration of Emily Komlossy in Support of Motion ("Komlossy Decl."), Exhibit ("Ex.") A. Accordingly, Buterin believes that he has the largest financial interest in the relief sought in the Related Actions.

Beyond his considerable financial interest, Buterin also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Buterin has selected Pomerantz as Lead Counsel, and Komlossy Law as Liaison Counsel, for the Class. These firms' attorneys are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

2

Accordingly, Buterin respectfully requests that the Court enter an order consolidating the Related Actions, appointing him as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel, and Komlossy Law as Liaison Counsel, for the Class.

## STATEMENT OF FACTS

As alleged in the complaint filed in the first-filed of the Related Actions, Dkt. No. 1 (the "Complaint"), Alfi provides interactive artificial intelligence and machine learning software solutions.  The Company was led by, among other management, Chief Executive Officer ("CEO") Paul Antonio Pereira ("P. Pereira"), Chief Technology Officer Charles Raglan Pereira ("C. Pereira"), and Chief Financial Officer ("CFO") Dennis McIntosh ("McIntosh").

On January 8, 2021, Alfi filed a registration statement on Form S-1 with the U.S. Securities and Exchange Commission ("SEC") in connection with the IPO, which, after several amendments, was declared effective by the SEC on May 3, 2021 (the "Registration Statement").

On or about May 4, 2021, pursuant to the Registration Statement, Alfi's common stock and warrants began trading on the NASDAQ Capital Market ("NASDAQ") under the trading symbols "ALF" and "ALFIW", respectively.

On May 5, 2021, Alfi filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents").

Pursuant to the Offering Documents, Alfi conducted the IPO, selling approximately 3.7 million shares of common stock, and approximately 3.7 million warrants, to the public at the Offering price of $4.15 per both share and warrant for approximate proceeds to the Company of $14 million after applicable underwriting discounts and commissions, and before expenses.

3

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) Alfi maintained deficient disclosure controls and procedures and internal control over financial reporting; (ii) as a result, the Company and its employees could and did engage in corporate transactions and other matters without sufficient and appropriate consultation with or approval by the Company's Board of Directors (the "Board"); (iii) all the foregoing increased the risk of internal and regulatory investigations into the Company and its employees; (iv) all the foregoing, once revealed, was likely to have a material negative impact on the Company's reputation, financial condition, and ability to timely file periodic reports with the SEC; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

On October 28, 2021, Alfi disclosed in an SEC filing that, on October 22, 2021, the Board had placed P. Pereira, C. Pereira, and McIntosh "on paid administrative leave and authorized an independent internal investigation regarding certain corporate transactions and other matters." That filing further disclosed, among other changes, that on October 22, 2021, the Board had appointed a new interim CEO and Chairman of the Board, and that "[o]n October 28, 2021, Mr. C. Pereira's employment with the Company was terminated."

On this news, Alfi's stock price fell $1.24 per share, or 21.91%, to close at $4.42 per share on October 29, 2021.

4

On November 1, 2021, Alfi disclosed in another SEC filing, among other matters, that the Company's Chair of the Audit Committee had resigned from the Board, and details concerning the corporate transactions and matters that had precipitated the internal investigation into P. Pereira, C. Pereira, and McIntosh. According to that filing, the internal investigation resulted from "the Company's purchase of a condominium for a purchase price of approximately $1.1 million" and "the Company's commitment to sponsor a sports tournament in the amount of $640,000," both of which "were undertaken by the Company's management without sufficient and appropriate consultation with or approval by the Board."

Then, on November 15, 2021, Alfi disclosed that it "received a letter from the staff of the [SEC] indicating that the Company, its affiliates and agents may possess documents and data relevant to an ongoing investigation being conducted by the staff of the SEC" and "that such documents and data should be reasonably preserved and retained until further notice." According to Alfi, "[t]he materials to be preserved and retained include documents and data created on or after April 1, 2018 that[,]" among other things, "were created, modified or accessed by certain named former and current officers and directors of the Company or any other officer or director of the Company" or "relate or refer to the condominium or the sports tournament sponsorship identified in the Company's Current Report on Form 8-K filed on November 1, 2021, or financial reporting and disclosure controls, policies or procedures."

Also on November 15, 2021, Alfi announced "that Louis A. Almerini, CPA, has been appointed by the [Board] to serve as interim [CFO], effective November 8, 2021."

Finally, on November 16, 2021, Alfi filed a notice of its inability to timely file its quarterly report on Form 10-Q with the SEC for the quarter ended September 30, 2021 (the "3Q21 10-Q"). That filing cited, *inter alia*, "recent changes in the Company's [CEO] and [CFO] and in the Chair

5

of the Audit Committee" of the Board, as well as needing "a new independent registered public accounting firm," as reasons for the Company's inability to timely file the 3Q21 10-Q.

Following these disclosures, the Company's stock price fell $0.24 per share, or 5.21%, to close at $4.37 per share on November 16, 2021.

As of the time the Complaint was filed, the price of Alfi common stock and warrants were trading below the $4.15 per share Offering price, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

<strong>ARGUMENT</strong>

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).  Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42(a); *In re Sunbeam Sec. Litig.*, No. 98-8258-CIV-MIDDLEBROOKS, 1998 U.S. Dist. LEXIS 21490, at *8 (S.D. Fla. Dec. 4, 1998) (consolidating actions "alleg[ing] substantially similar claims that share common questions of fact and law").

The Related Actions at issue here clearly involve common questions of both law *and* fact. Each action was brought against Alfi and certain of its officers and directors in connection with

6

alleged violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing—namely, that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Alfi's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) ("The class actions currently before the Court are ideally situated for consolidation. The complaints present virtually identical claims for relief based upon a single course of conduct during the Class Period."); *Sunbeam*, 1998 U.S. Dist. LEXIS 21490, at *7-*8 ("Consolidation of related complex actions, and securities cases in particular, is commonplace and an effective use of judicial resources.").

## II.   BUTERIN SHOULD BE APPOINTED LEAD PLAINTIFF

Buterin should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Related Actions and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(i)-(ii), 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I) and 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint Lead Plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as Lead Plaintiff and shall presume that plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a
> notice . . .;

7

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

As set forth below, Buterin satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Buterin Is Willing to Serve as Class Representative

On December 2, 2021, Pomerantz, counsel for the plaintiff in the first-filed of the Related Actions, caused a notice to be published over *PR Newswire* pursuant to Sections 27(a)(3)(A)(i) and 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Alfi and certain of its officers and directors, and which advised investors in Alfi securities that they had until January 31, 2022—*i.e.*, 60 days from the date of the PSLRA Notice—to file a motion to be appointed as Lead Plaintiff.  *See* Komlossy Decl., Ex. B.

Buterin has filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Buterin satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    Buterin Has the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Buterin has the largest financial interest of any putative Class member seeking to serve as Lead Plaintiff.  For the purposes of Lead Plaintiff appointment pursuant to the PSLRA, courts frequently

assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997); *see also Plymouth County Ret. Sys. v. Carter's, Inc.*, No. 08-CV-2940-JOF, 2009 U.S. Dist. LEXIS 20582, at *5 (N.D. Ga. Mar. 13, 2009) (assessing financial interest with reference to *Lax* factors).

Pursuant and/or traceable to the Offering Documents issued in connection with the IPO, and/or during the Class Period, Buterin: (1) purchased 257,320 shares of Alfi securities; (2) expended $4,693,320 on his purchases of Alfi securities; (3) retained all 257,320 of his shares of Alfi securities; and (4) as a result of the disclosures of the wrongdoing alleged in the Related Actions, incurred losses of approximately $3,984,587 in connection with his transactions in Alfi securities.  *See* Komlossy Decl., Ex. A.  To the extent that Buterin possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).

### C.      Buterin Otherwise Satisfies the Requirements of Rule 23

Sections 27(a)(3)(B)(iii)(I)(cc) and 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provide that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

9

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Brustein v. Lampert*, No. 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106, at *14 (S.D. Fla. June 15, 2005); *Nghiem Tran v. Erba Diagnostics, Inc.*, No. 15-cv-24440-COOKE/TORRES, 2016 U.S. Dist. LEXIS 186864, at *3 (S.D. Fla. Apr. 8, 2016).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637, at *18 (S.D. Fla. Mar. 16, 2016).  Here, the complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Lead Plaintiff candidates, including Buterin.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Prado-Steinman ex rel. Prado v. Bush*, 22 F.3d 1266, 1279 (11th Cir. 2000); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (same).

Buterin's claims are typical of those of the Class.  Buterin alleges, as do all Class members, that Defendants violated the Securities Act and Exchange Act by making false or misleading statements of material facts and/or by omitting to disclose material facts concerning Alfi.  Buterin, as did all Class members, purchased or otherwise acquired Alfi common stock or warrants pursuant and/or traceable to the Offering Documents issued in connection with the IPO, and/or Alfi securities during the Class Period, at prices alleged to have been artificially inflated by Defendants'

10

misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove the Alfi's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Class representatives must also have "sufficient interest in the outcome of the litigation to ensure vigorous advocacy." *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at *19 (S.D. Fla. Apr. 18, 2008) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003)).

Buterin has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Komlossy Decl., Ex. C. There is no evidence of antagonism or conflict between Buterin's interests and the interests of the Class. Additionally, the significant losses incurred by Buterin demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Buterin has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Komlossy Decl., Ex. D.

### D. Buterin Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Buterin as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interests of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Buterin to fairly and adequately represent the Class has been discussed above. Buterin is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Buterin should be appointed Lead Plaintiff for the Class.

## III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v). The Court should interfere with a Lead Plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa); *see also Mulvaney v. GEO Group, Inc.*, No. 16-cv-81494-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 193402, at *8 (S.D. Fla. Nov. 18, 2016); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Buterin has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has

successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume. *See* Komlossy Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

Komlossy Law is also well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, Komlossy Law maintains an office in Hollywood, Florida, which is located in this Judicial District, and the firm specializes in securities class action matters, among other practice areas. *See* Komlossy Decl., Ex. F. Komlossy Law's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the Local Civil Rules and practice norms of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the Related Actions, Buterin's choice of counsel have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Related Actions effectively and expeditiously. The Court may be assured that by approving Buterin's selection of Pomerantz as Lead Counsel and Komlossy Law as Liaison Counsel, the Class members will receive the best legal representation available. Thus, Buterin respectfully urges the Court to appoint Pomerantz and Komlossy Law to serve as Lead Counsel and Liaison Counsel, respectively, for the Class.

## CONCLUSION

For the foregoing reasons, Buterin respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Buterin as Lead Plaintiff for the Class; and (3) approving proposed Lead Plaintiff's selections of Pomerantz as Lead Counsel, and Komlossy Law as Liaison Counsel, for the Class.

## CERTIFICATE REGARDING GOOD FAITH CONFERENCE

Pursuant to Local Civil Rule 7.1(a)(3), counsel for Buterin state that they could not confer with counsel for the opposing movants prior to filing the instant motion. The statutory framework of the PSLRA requires all motions seeking Lead Plaintiff appointment to be filed within 60 days of the publication of the notice of pendency of the action. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II), 78u-4(a)(3)(A)(i)(II). No such motions were filed meaningfully in advance of Buterin's motion, and it was not possible to confer with counsel for the other movants to determine whether the instant motion would be opposed or to attempt to resolve the issues raised by the motion.

Dated:  January 31, 2022                    Respectfully submitted,

**KOMLOSSY LAW P.A.**
*/s/ Emily C. Komlossy*
Emily Komlossy (FBN 7714)
eck@komlossylaw.com
4700 Sheridan St., Suite J
Hollywood, FL 33021
Phone: (954) 842-2021
Fax: (954) 416-6223

*Counsel for Josh Buterin and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Gustavo F. Bruckner
(admitted *pro hac vice*)
Thomas H. Przybylowski
(admitted *pro hac vice*)
600 Third Avenue

14

New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
gfbruckner@pomlaw.com
tprzybylowski@pomlaw.com

***Counsel for Josh Buterin and Proposed
Lead Counsel for the Class***

**THE SCHALL LAW FIRM**
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

***Additional Counsel for Josh Buterin***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2022, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

<u>/s/  *Emily C. Komlossy*</u>
Emily C. Komlossy

16