UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. STEPPACHER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, PETER BORDES, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, and RICHARD MOWSER,<br><br>      Defendants. | Case No. 1:21-cv-24232-KMW<br><br>**[PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF COUNSEL** |
| GARY KLEINSCHMIDT, Individually and on behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ALFI, INC., PAUL PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, RICHARD MOWSER, KINGSWOOD CAPITAL MARKETS, REVERE SECURITIES LLC, and WESTPARK CAPITAL, INC.,<br><br>      Defendants. | Case No. 1:21-cv-24338-JLK |

Before the Court is Movant Josh Buterin's ("Buterin") Motion and Incorporated Memorandum of Law, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Buterin as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants that purchased or otherwise acquired (a) Alfi, Inc. common stock or warrants pursuant and/or traceable to the Offering Documents issued in connection with the Company's initial public offering conducted on or about May 4, 2021, and/or (b) Alfi securities between May 4, 2021 and November 15, 2021, both dates inclusive (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel, and Komlossy Law P.A. ("Komlossy Law") as Liaison Counsel, for the Class.

Accordingly, it is hereby ORDERED that the Motion is GRANTED.

**IT IS HEREBY ORDERED THAT**:

### I. <u>CONSOLIDATION OF RELATED ACTIONS</u>

1. Pursuant to Rule 42, the Related Actions are hereby consolidated for all purposes into one action.

2. These actions shall be referred to herein as the "Consolidated Action." This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court that relates to the same subject matter as in the Consolidated Action.

3. Every pleading in this Consolidated Action shall bear the following Caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **IN RE ALFI, INC. SECURITIES LITIGATION** | **No. 1:21-cv-24232-KMW** |
| **THIS DOCUMENT RELATES TO:** | **CLASS ACTION** |
| | **[TITLE OF DOCUMENT]** |

4. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

5. This Court requests assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might not properly be consolidated as part of this Consolidated Action.

## II. MASTER DOCKET AND MASTER FILE

6. A Master Docket and Master File shall be established for the Consolidated Action. The Master File shall be No. 1:21-cv-24232-KMW. All orders, pleadings, motions, and other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent applicable. When an order, pleading, motion, or document is filed with a caption indicating that it is applicable to fewer than all individual actions in the Consolidated Action, the clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

## III. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

7. Having reviewed all pending motions and accompanying memoranda of law, the Court hereby appoints Buterin as Lead Plaintiff in the Consolidated Action. Buterin satisfies the

2

requirements for appointment as Lead Plaintiff pursuant to Sections 27(a)(3)(B)(iii) and 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

8.　　　Lead Plaintiff, pursuant to Sections 27(a)(3)(B)(v) and 21D(a)(3)(B)(v) of the PSLRA, has selected and retained Pomerantz as Lead Counsel, and Komlossy Law as Liaison Counsel, for the Class in the Consolidated Action.

9.　　　Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

(a)　　to coordinate the briefing and argument of motions;

(b)　　to coordinate the conduct of discovery proceedings;

(c)　　to coordinate the examination of witnesses in depositions;

(d)　　to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(e)　　to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f)　　to coordinate all settlement negotiations with counsel for defendants;

(g)　　to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

(h)　　to supervise any other matters concerning the prosecution, resolution, or settlement of the Consolidated Action.

10.　　No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Lead Counsel.

11.　　Counsel in any related action that is consolidated with this Consolidated Action shall be bound by this organization of plaintiffs' counsel.

12.　　Lead Counsel shall have the responsibility of receiving and disseminating Court

orders and notices.

13.     Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

14.     Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery.  Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

15.     During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant, or which may lead to the discovery of information relevant, to the subject matter of the pending litigation.

DONE AND ORDERED in Chambers at Miami, Miami-Dade County, Florida, this _____ day of _____, 2022.

_____

HONORABLE CHRIS M. MCALILEY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA