# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 21-24232-CIV-WILLIAMS

WILLIAM C. STEPPACHER, JR., Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, PETER BORDES, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, and RICHARD MOWSER,

Defendants.

_____   /

## MEMORANDUM OF LAW OF MOVANT ALFI INVESTOR GROUP IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

**TABLE OF CONTENTS**

BACKGROUND ............................................................................................................... 1

ARGUMENT .................................................................................................................... 2

    I.    BUTERIN IS INADEQUATE ............................................................................... 2

    II.    RODRIGUEZ APPEARS TO BE AN UNRELATED GROUP ............................ 3

    III.    CHAD AND AILEEN HABER OVERSTATE THEIR LOSSES .......................... 4

    IV.    THE ALFI INVESTOR GROUP IS THE PRESUMPTIVE LEAD PLAINTIFF... 5

    V.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ............... 6

    VI.    THE COMPETING MOTIONS SHOULD BE DENIED ................................... 7

CONCLUSION ................................................................................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Belmont Holdings Corp. v. Suntrust Banks, Inc.*,
  2009 WL 3188695 (N.D. Ga. Sept. 29, 2009) ................................................................. 1

*Bensley v. FalconStor Software, Inc.*,
  277 F.R.D. 231 (E.D.N.Y. 2011) .............................................................................. 4, 5

*Cambridge Retirement System v. Mednax, Inc.*,
  2018 WL 8804814 (S.D. Fla. Dec. 6, 2018) .......................................................... 3, 6, 7

*Camp v. Qualcomm Inc.*,
  2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ................................................................. 3

*Dura Pharmaceuticals, Inc. v. Broudo*,
  544 U.S. 336 (2005) ...................................................................................................... 4

*Hurst v. Enphase Energy, Inc.*,
  2020 WL 7025085 (N.D. Cal. Nov. 30, 2020) ............................................................. 5

*In re Cavanaugh*,
  306 F.3d 726 (9th Circ. 2002) .......................................................................... 1, 5, 6, 7

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ...................................................................................... 1, 5

*In re Comverse Technology, Inc. Securities Litigation*,
  2007 WL 680779 (E.D.N.Y. March 2, 2007) .............................................................. 4

*In re Petrobras Sec. Litig.*,
  104 F. Supp. 3d 618 (S.D.N.Y. 2015) .......................................................................... 3

*Int'l Union of Operating Engineers Local No. 478 Pension Fund v. FXCM Inc.*,
  2015 WL 7018024 (S.D.N.Y. Nov. 12, 2015) .............................................................. 3

*Johansen v. Bluegreen Vacations Unlimited, Inc.*,
  2021 WL 4973593 (S.D. Fla. Sep. 30, 2021) ............................................................... 2

*Kavra v. Health Ins. Innovations, Inc.*,
  2018 WL 4611215 (M.D. Fla. Feb. 6, 2018) ............................................................... 6

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015)..................................................................... 3

*Kops v. NVE Corp.*,
   2006 WL 2035508 (E.D.Minn. July 19, 2006) ........................................................ 4

*Luczak v. Nat'l Beverage Corp.*,
   2018 WL 9847842 (S.D. Fla. Oct. 12, 2018)........................................................5, 6

*Miller v. Dyadic Int'l, Inc.*,
   2008 WL 2465286 (S.D. Fla. Apr. 18, 2008) .......................................................... 1

*Miller v. Dyadic Int'l, Inc.*,
   No. 07-80948CIV, 2007 WL 4754041, at (S.D. Fla. Dec. 14, 2007)........................ 7

*Piven v. Sykes Enters. Inc.*,
   137 F.Supp.2d 1295 (M.D. Fla. 2000).................................................................... 1

*Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.*,
   2008 WL 2608111 (M.D. Fla. July 1, 2008) ........................................................... 7

*Porzio v. Overseas Shipholding Group*,
   2013 WL 407678 (S.D.N.Y. Feb. 1, 2013) ............................................................. 5

*Tomaszewski v. Trevena, Inc.*,
   383 F. Supp. 3d 409 (E.D. Pa. 2019) ..................................................................... 3

*United States v. Davison*,
   No. 08-0120-CV-W-GAF, 2010 WL 1935951 (W.D. Mo. May 11, 2010)................... 2

*Vega v. T-Mobile USA, Inc.*,
   564 F.3d 1256 (11th Cir. 2009) ............................................................................. 6

**Statutes**

15 U.S.C. § 77z-1............................................................................................1, 5, 6

15 U.S.C. § 78u-4 ...........................................................................................1, 5, 6

**Rules**

Fed. R. Civ. P. 23(a)............................................................................................. 7

Lead Plaintiff movants John K. Allen ("Allen"), on behalf of the Joseph M. Driscoll Trust (the "Driscoll Trust"), as the Executor and a Trustee of the Driscoll Trust, and Alexander C. Takian ("Takian" and, collectively with the Driscoll Trust, the "Alfi Investor Group" or "Movant"), respectfully submit this opposition to the competing lead plaintiff motion. Dkt. Nos. 11, 13, and 14.

<u>**BACKGROUND**</u>

Before the Court are four motions seeking consolidation of related cases, appointment as Lead Plaintiff and approval of their selection of counsel.  Dkt. Nos. 11, 12, 13 and 14.  On February 3, 2022, this Court granted the motions in part and consolidated the later-filed action *Kleinschmidt v. Alfi, Inc., et al.*, Case No. 21-cv-24338-JLK under the action *Steppacher, Jr. v. Alfi, Inc., et al.*, Case No. 21-cv-24232-KMW.

These motions are governed by the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  "The PSLRA was enacted to remedy perceived abuses in the class action procedure in securities fraud actions."  *Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at *3 (S.D. Fla. Apr. 18, 2008) (citing *Piven v. Sykes Enters. Inc.,* 137 F.Supp.2d 1295, 1301 (M.D. Fla. 2000)).

"The PSLRA 'sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff. [] So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [he, she, or it] is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.'" *Belmont Holdings Corp. v. Suntrust Banks, Inc.*, 2009 WL 3188695, at *2 (N.D. Ga. Sept. 29, 2009) (citing *In re Cavanaugh,* 306 F.3d 726,729 n. 2 and 732 (9th Cir.2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The financial interests of the movants are as follows:

| Movant | Loss |
|---|---|
| **1. Josh Buterin** | $3,984,587 |
| **2. Candido Rodriguez** | $257,107.79 |
| 2a. Candido Rodriguez | $204,443.11 |
| 2b. Lorena Ramirez | $17,182.12 |

1

| 2c. Patatas Duero S.L.N.E. | $8,142.16 |
|---|---|
| 2d. Horticolas Duero S. Coop | $27,340.40 |
| **3. Alfi Investor Group** | $255,732.10 |
| 3a. Joseph M. Driscoll Trust | $230,001.65 |
| 3b. Alexander Takian | $25,730.45 |
| **4. Chad & Aileen Haber** | $17,052.70 |

First, although Josh Buterin ("Buterin") claims the largest losses, he is inadequate to serve as lead plaintiff due to his involvement in a tax fraud scheme.

Second, Candido Rodriguez ("Rodriguez") is inadequate despite claiming a larger combined loss. There is no explanation in Rodriguez's submissions of the relationship between Rodriguez and the those that assigned their claims to him. As such, the assignments may be akin to being an unrelated group, which courts have generally declined to appoint as lead plaintiffs.

Third, Chad & Aileen Haber overstate their losses. Chad Haber has no recoverable losses, while Aileen Haber's recoverable losses amount to $17,052.70.

The presumption in favor of Haber has been rebutted. The presumption has not attached to Rodriguez. Therefore, the presumption attaches to the Alfi Investor Group, the movant group of related individuals with the largest loss.

## ARGUMENT

## I. BUTERIN IS INADEQUATE

Buterin claims a loss of $3,984,587, the largest amount of all competing movants. Dkt. No. 14-2. However, Buterin is inadequate. Buterin was involved in a tax-fraud scheme wherein Buterin and his business partner "maintained three separate unlawful tax arrangement" which "fraudulently reduced [Buterin's] reported tax liability by more than $2 million between the 2004–2006 tax years alone." *United States v. Davison*, No. 08-0120-CV-W-GAF, 2010 WL 1935951, at *4 (W.D. Mo. May 11, 2010), *aff'd as modified and remanded,* 407 F. App'x 997 (8th Cir. 2011). Buterin's involvement in the tax-fraud scheme implicates his dishonesty, rendering him inadequate to serve as a fiduciary for the class. *Johansen v. Bluegreen Vacations Unlimited, Inc.*, 2021 WL 4973593, at *5 (S.D. Fla. Sep. 30, 2021) ("The honesty of

2

a class representative matters because a representative is a fiduciary and the interests of the class are dependent on his diligence, wisdom, and integrity.") (Cleaned up).

Buterin's involvement in a tax-fraud scheme shows his dishonesty. As such, Buterin is inadequate to represent and protect the interests of the class as a fiduciary. He is not the presumptive lead plaintiff.

## II.   RODRIGUEZ APPEARS TO BE AN UNRELATED GROUP

Rodriguez claims the second largest loss at $257,107.79. However, the losses are from an aggregation of four movants whose relationship to Rodriguez is not explained. While Rodriguez individually claims $204,443.11 in losses, three other unexplained entities have allegedly assigned their claims to Rodriguez. Dkt. Nos. 11-4, 11-5. Rodriguez's certification purports to have assignments from Lorena Ramirez, Patatas Duero S.L.N.E., and Horticolas Duero S. Coop. No such assignments were submitted. Therefore, Rodriguez's certification is deficient. Courts have not hesitated to disqualify lead plaintiff movants with the largest loss because their sworn certification was inaccurate. *See Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (disqualifying movant with deficient certification); *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *4 (S.D. Cal. Jan. 22, 2019) (finding movant with largest loss did not qualify to be appointed as lead plaintiff because of, *inter alia*, defective certification).

Additionally, Rodriguez fails to explain the relationship between himself and the three assignors. Given the failure to submit the assignments and the unexplained relationship, if any, between Rodriguez and the assignors, it appears the assignments were just another attempt to create an unrelated group. Courts throughout the country have ruled against appointing an unrelated group of lead plaintiff movants. *Cambridge Retirement System v. Mednax, Inc.*, 2018 WL 8804814, at *14-16 (S.D. Fla. Dec. 6, 2018) (refusing to appoint a group as lead plaintiff because, *inter alia*, "'Allowing unrelated plaintiffs to band together in order to manufacture a larger financial interest ... ensures that the lawyers, who are invariably the matchmakers behind such marriages of convenience, are the true drivers of the litigation.'") (quoting *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 621-22 (S.D.N.Y. 2015)); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015) (rejecting lead plaintiff group with that was "plainly a creation of counsel"); *Int'l Union of Operating Engineers Local No. 478 Pension Fund v. FXCM Inc.*, 2015 WL 7018024, at *2–3 (S.D.N.Y. Nov. 12, 2015)

3

(rejecting group that failed to provide evidence that their grouping was not the product of lawyer-driven litigation).

Here, Rodriguez failed to provide any evidence of a pre-existing relationship between himself and the three assignors. Furthermore, no evidence has been presented as to whether the three assignors consented to, and did in fact, assign their claims to Rodriguez. Therefore, Rodriguez's assignments can be little different than an unrelated group cobbled together by counsel. As such, Rodriguez has failed to *prima facie* demonstrate his adequacy and is not the presumptive lead plaintiff.

### III.    CHAD AND AILEEN HABER OVERSTATE THEIR LOSSES

Chad and Aileen Haber claim combined losses of $338,698.30. However, this figure overstates their *recoverable* loss. Chad Haber is a completely in-and-out trader. He purchased all his shares between June 18, 2021 and August 17, 2021. He sold all his shares between July 1, 2021 and October 22, 2021, before the first partial disclosure on October 28, 2021. Chad Haber has no recoverable losses due to his status as an in-and-out trader. Chad Haber's losses cannot be attributed to the fraud alleged here. As the Supreme Court explained in *Dura*, only losses attributable to the securities fraud in question is recoverable. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 342, 346 (2005) ("[If] the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss. [. . .] The [PSLRA] thereby makes clear Congress' intent to permit private securities fraud actions for recovery where, but only where, plaintiffs adequately allege and prove the traditional elements of causation and loss."); *In re Comverse Technology, Inc. Securities Litigation*, 2007 WL 680779, at *4 (E.D.N.Y. March 2, 2007) ("[U]nder *Dura* and its progeny, any losses that [movant] may have incurred before [Defendant's] misconduct was ever disclosed to the public are not recoverable, because ***those losses cannot be proximately linked to the misconduct at issue in this litigation.*** While the *Dura* Court decided a motion to dismiss, and not a lead plaintiff motion, the logical outgrowth of that holding is that ***any such losses must not be considered in the recoverable losses calculation that courts engage in when selecting a lead plaintiff.***") (Emphasis added); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 237-40 (E.D.N.Y. 2011) ("[L]osses incurred before the misconduct is disclosed to the public are not recoverable because they cannot be proximately linked to the misconduct. [. . .] Many other courts have similarly considered loss causation in determining the appointment of lead plaintiff."); *Kops v. NVE*

*Corp.*, 2006 WL 2035508, at *5 (E.D.Minn. July 19, 2006) (refusing to credit competing plaintiff's in-and-out losses).

Even if the Court chooses to consider Chad Haber's losses, Chad Haber is atypical. His status as an in-and-out trader renders him to unique defenses. *Porzio v. Overseas Shipholding Group*, 2013 WL 407678, at *3 (S.D.N.Y. Feb. 1, 2013) (denying in-and-out trader's lead plaintiff motion based on its likely inability to establish loss causation.); *Bensley*, 277 F.R.D. at 235–42 (denying lead plaintiff status to a so-called "in-and-out" trader, where stock was arguably sold before the company's disclosure of fraud); *Hurst v. Enphase Energy, Inc.*, 2020 WL 7025085, at *8 (N.D. Cal. Nov. 30, 2020) (finding movants with the largest losses were subject to unique defenses due to their status as in-and-out traders).

Similarly, Aileen Haber purchased all her shares between June 15, 2021 and August 18, 2021. She sold a significant portion of her shares between July 13, 2021 and October 22, 2021, before the first partial disclosure on October 28, 2021. When accounting only for losses on shares sold after the partial disclosure, her recoverable losses are $17,052.70.

## IV.   THE ALFI INVESTOR GROUP IS THE PRESUMPTIVE LEAD PLAINTIFF

Of the remaining movants, the Alfi Investor Group has the largest loss. Therefore, the Alfi Investor Gorup has triggered the PSLRA's most adequate plaintiff presumption.   15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Once the Court "determines which plaintiff has the biggest stake [here, the Alfi Investor Group], the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."  *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d at 263 ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

Like all purported class members, the Alfi Investor Group alleges that Defendants violated the Securities Act and Exchange Act.  The Alfi Investor Group suffered losses in connection with its purchases of Alfi securities.  *See* Dkt. Nos. 8 at 4 and 8-5.  These claims are also premised on the same legal and remedial theories and are based on the same misconduct. *See generally, Luczak v. Nat'l Beverage Corp.,* 2018 WL 9847842, at *2 (S.D. Fla.

Oct. 12, 2018); *Kavra v. Health Ins. Innovations, Inc.*, 2018 WL 4611215, at *3 (M.D. Fla. Feb. 6, 2018) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275 (11th Cir. 2009)).  The Alfi Investor Group has demonstrated its adequacy by submitting a sworn certification affirming its willingness to serve as, and carry out the responsibilities of, class representative.  Dkt. No. 12-4.   Based on its financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, the Alfi Investor Group has triggered the PSLRA's most adequate plaintiff presumption.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

A showing that a proposed lead plaintiff is the presumptively most adequate can be rebutted by proof by a member of the purported class that the proposed lead plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Cambridge Ret. Sys.*, 2018 WL 8804814, at *2 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)); *Kavra*, 2018 WL 4611215, at *2 (same); *see also Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff").  That "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient.  Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23.'"   *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

## V.      MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to Court approval.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v); *Luczak*, 2018 WL 9847842, at *2 ("The Court should interfere with lead plaintiff's selection only when necessary 'to protect the interests of the class.'") (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

Here, the Alfi Investor Group has selected The Rosen Law Firm, P.A. as Lead Counsel.  The Firm is qualified.  *See* Dkt. No. 12-6.  The Firm has the resources and expertise to litigate this action efficiently and aggressively.  The Firm is experienced in the area of securities litigation and class actions and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country.  *Id.*

As the Firm's resume reflects, it is highly experienced in the area of securities class action litigation and has successfully prosecuted numerous securities fraud class actions on

behalf of investors. *Id.*; *see Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.*, 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) ("where a law firm 'has successfully prosecuted securities class action litigations in the past,' courts generally will not 'interfere with the [l]ead [p]laintiff's choice of counsel ....'") (quoting *Miller v. Dyadic Int'l, Inc.*, No. 07-80948CIV, 2007 WL 4754041, at *2 (S.D. Fla. Dec. 14, 2007)).

Thus, the Court may be assured that by approving the Alfi Investor Group's selection of counsel, the members of the class will receive excellent legal representation.

## VI.    THE COMPETING MOTIONS SHOULD BE DENIED

Buterin is inadequate due to his involvement in a tax-fraud scheme, a confirmed example of dishonesty. Rodriguez is inadequate because his motion resembles that of an unrelated group. There is no explanation as to how the assignors are related to Rodriguez, or any actual signed proof of the assignment.

Of the remaining movants, the Alfi Investor Group has the largest losses. *Cambridge Ret. Sys.*, 2018 WL 8804814 ("The Court must, therefore, address which of the proposed lead plaintiffs has the 'largest financial interest in the relief sought by the class' and whether that proposed lead plaintiff satisfies the requirements of Rule 23, *i.e.*, whether [its] claims 'are typical of the claims ... of the class' and whether [he] 'will fairly and adequately protect the interests of the class.'" (citing Fed. R. Civ. P. 23(a)); *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

In no way is the Alfi Investor Group conceding or acknowledging that the other movants are adequate and/or typical.  Movant respectfully reserves the right to address questions of adequacy and/or typicality.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related securities class actions; (2) appointing Movant as Lead Plaintiff for the class; (3) approving Movant's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: February 14, 2022             Respectfully submitted,

7

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
Phillip Kim, Esq. (pro hac vice to be filed)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen

9