## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. STEPPACHER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, PETER BORDES, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, and RICHARD MOWSER,<br><br>Defendants. | Case No. 1:21-cv-24232-KMW |
| GARY KLEINSCHMIDT, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALFI, INC., PAUL PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, RICHARD MOWSER, KINGSWOOD CAPITAL MARKETS, REVERE SECURITIES LLC, and WESTPARK CAPITAL, INC.,<br><br>Defendants. | Case No. 1:21-cv-24338-JLK |

## CANDIDO RODRIGUEZ'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

Lead Plaintiff Movant Candido Rodriguez ("Rodriguez") respectfully submits this memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel, and in reply to the opposition memoranda filed by Josh Buterin (Dkt. No. 19, "Buterin Opp."); Chad Haber and Aileen Haber (Dkt. No. 20, "Haber Opp."); and the "Alfi Investor Group" (Dkt. No. 21, "AIG Opp.").[1]

## I.   ARGUMENT

Buterin withdrew his lead plaintiff motion on February 22, 2022. *See* Dkt. No. 35. As such, only the motions of Rodriguez, the Alfi Investor Group, and the Habers are still pending.

The Habers oppose Rodriguez's motion by asserting that they have a larger financial interest than Rodriguez. The Alfi Investor Group concedes that Rodriguez has a larger financial interest than the Alfi Investor Group, but argues that Rodriguez should be disqualified because (1) Rodriguez did not file his assignment agreements with his certification, and (2) Rodriguez appears to be part of an "unrelated group." *See* AIG Opp. at 3. All these arguments are meritless.

### A.   The Habers' Financial Interest Is Smaller than Rodriguez's

The Habers claim to have a combined loss of $338,698.30 in their opening papers and opposition memorandum. *See* Dkt. No. 13-5; Haber Opp. at 3. However, as all other competing movants point out in their opposition memoranda, Chad Haber sold all his shares before the first corrective disclosure alleged in the complaints. *See* Rodriguez Opp. at 8-9; Buterin Opp. at 2-3; AIG Opp. at 4-5. As such, Chad Haber's actual recoverable loss is zero. *See Cambridge Ret. Sys. v. Mednax, Inc.*, No. 18-cv-61572, 2018 WL 8804814, at *2 (S.D. Fla. Dec. 6, 2018) ("financial interest" is measured by "the damages attributable to the fraud").

---

[1] All movants support consolidation of the above-captioned related actions. As such, only the appointment of lead plaintiff and approval of counsel are addressed herein.

With the Habers' financial interest corrected, Rodriguez has the largest financial interest:

| Movant | Recoverable Loss (LIFO) |
|---|---|
| Candido Rodriguez | $257,107.79 |
| *Alexander C. Takian* | *$25,730.45* |
| *Joseph M. Driscoll Trust* | *$230,002.25* |
| Alfi Investor Group Total | $255,732.10 |
| *Chad Haber* | *$0.00* |
| *Aileen Haber* | *$17,052.70* |
| Habers Total | $17,052.70 |

Since Rodriguez also filed a timely motion and made a preliminary showing of his typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure, Rodriguez is the presumptively most adequate plaintiff.

### B.      The Alfi Investor Group's Attacks on Rodriguez's Adequacy Fail

The Alfi Investor Group concedes that Rodriguez has a larger financial interest than the Alfi Investor Group, *see* AIG Opp. at 1-2, but argues that Rodriguez should be disqualified on two grounds. First, the Alfi Investor Group claims Rodriguez should be disqualified because he did not file the assignment agreements of his spouse and two businesses (through which they assigned their claims to Rodriguez) with his certification. *See* AIG Opp. at 3. Second the Alfi Investor Group argues that Rodriguez appears to be an "unrelated group" lacking any pre-litigation relationship. *Id.* Both attacks are meritless.

Addressing the Alfi Investor Group's second claim first: Rodriguez is not part of an unrelated group. Rodriguez moved alone for appointment as lead plaintiff—not as a member of a group. *See* Dkt. No. 11. Moreover, as further explained in his certification and opposition memorandum, the three entities that assigned their claims to Rodriguez are Lorena Ramirez, his spouse, and Horticolas Duero S. Coop and Patatas Duero S.L.N.E., his businesses. *See* Rodriguez

2

Opp. at 10; Dkt. No. 11-4. As such, even if they were considered a "group," the "members" have a relationship with Rodriguez that pre-dates this litigation. *See id.*

The Alfi Investor Group also claims that Rodriguez's certification is deficient because Rodriguez did not file the three assignment agreements he obtained from his spouse and businesses with his certification. However, the Alfi Investor Group does not cite any authority stating that assignment agreements must be filed with certifications. In fact, at least one court has found assignment agreements valid that were both signed and submitted after the movant's lead plaintiff motion was filed (but before oral argument). *See Markette v. XOMA Corp.*, No. 15-cv-03425, 2016 WL 2902286, at *4 (N.D. Cal. May 13, 2016). Here, Rodriguez's assignment agreements were executed before his motion was filed (albeit containing a clerical error), and corrected versions were executed on February 21, 2022.[2] Moreover, there is no requirement that he file them with his certification. As such, Rodriguez should not be disqualified on this basis.

Accordingly, the Alfi Investor Group has failed to rebut the presumption that Rodriguez is the most adequate plaintiff. However, to remove all doubt, Rodriguez submits herewith, attached to this reply memorandum as Exhibit A, a declaration attesting to his adequacy and his relationship to the assignors, and attaching the assignment agreements.

Since Rodriguez is the presumptively most adequate plaintiff, and the presumption has not

---

[2] On February 21, 2022, Rodriguez's counsel became aware that the assignment agreements Rodriguez executed on January 30, 2022, transferring the claims of his spouse and businesses to Rodriguez, contained a clerical error. The assignment agreements purported to transfer all claims related to "HyreCar Inc." securities rather than "Alfi, Inc." securities. The understanding and intention of all parties executing the agreements was to transfer all claims related to "Alfi, Inc." securities. As such, Rodriguez contends that the agreements should be construed as to assign all claims related to Alfi, Inc. securities, despite the error. However, all parties have executed new assignment agreements, correcting the error. The new assignment agreements are appended to the Declaration of Candido Rodriguez in Support of His Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Counsel, attached to this memorandum as Exhibit A.

been rebutted, Rodriguez should be appointed as lead plaintiff.

## II.    CONCLUSION

For the foregoing reasons, Rodriguez respectfully requests that the Court appoint him as

lead plaintiff, and approve his selection of Glancy Prongay & Murray LLP as Lead Counsel for

the class and Saxena White P.A. as Local Counsel for the class.

Dated:  February 22, 2022                          Respectfully submitted,

**SAXENA WHITE P.A.**

By: /s/ *Adam D. Warden*
Joseph E. White, III (FL Bar No. 621064)
Adam D. Warden (FL Bar No. 873691)
Jonathan D. Lamet (FL Bar No. 106059)
7777 Glades Road Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
jwhite@saxenawhite.com
awarden@saxenawhite.com
jlamet@saxenawhite.com

*Local Counsel for Candido Rodriguez*


**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Candido Rodriguez and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**CERTIFICATE OF SERVICE**

I, Adam D. Warden, hereby certify that on February 22, 2022, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing (NEF) to all counsel of record.

*s/ Adam D. Warden*
Adam D. Warden
