# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-24232-CIV-WILLIAMS

WILLIAM   C.   STEPPACHER,   JR.,
Individually and On Behalf of All Others
Similarly Situated,

Plaintiff,

vs.

ALFI, INC., PAUL ANTONIO PEREIRA,
DENNIS MCINTOSH, JOHN M. COOK,
II, PETER BORDES, JIM LEE, JUSTIN
ELKOURI, ALLISON FICKEN, FRANK
SMITH, and RICHARD MOWSER,

Defendants.

_____     /

## REPLY MEMORANDUM OF LAW OF MOVANT ALFI INVESTOR GROUP IN SUPPORT OF LEAD PLAINTIFF MOTION

**TABLE OF CONTENTS**

BACKGROUND ................................................................................................ 1

ARGUMENT ................................................................................................... 1

    I.     BUTERIN IS INADEQUATE ........................................................ 1

    II.    RODRIGUEZ APPEARS TO BE AN UNRELATED GROUP OF INVESTORS ............................................................................ 1

    III.   CHAD AND AILEEN HABER OVERSTATE THEIR LOSSES ...................... 2

    IV.   THE ALFI INVESTOR GROUP IS THE PRESUMPTIVE LEAD PLAINTIFF ............................................................................. 3

    V.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED .......... 4

CONCLUSION ................................................................................................. 5

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bensley v. FalconStor Software, Inc.*,
   277 F.R.D. 231 (E.D.N.Y. 2011) ................................................................................... 3

*Cambridge Ret. Sys. v. Mednax, Inc.*,
   No. 18-61572-CIV, 2018 WL 8804814 (S.D. Fla. Dec. 6, 2018) ...................................2, 4

*Camp v. Qualcomm Inc.*,
   No. 18-CV-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ......................... 2

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005)........................................................................................................ 2

*Hurst v. Enphase Energy, Inc.*,
   No. 20-CV-04036-BLF, 2020 WL 7025085 (N.D. Cal. Nov. 30, 2020)............................ 3

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ......................................................................................... 4

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 NGG RER, 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ........................ 2

*In re Petrobras Sec. Litig.*,
   104 F. Supp. 3d 618 (S.D.N.Y. 2015)............................................................................. 2

*Int'l Union of Operating Engineers Loc. No. 478 Pension Fund v. FXCM Inc.*,
   No. 15-CV-3599 KMW, 2015 WL 7018024 (S.D.N.Y. Nov. 12, 2015) ........................... 2

*Kavra v. Health Ins. Innovations, Inc.*,
   No. 8:17-CV-2186-EAK-MAP, 2018 WL 4611215 (M.D. Fla. Feb. 6, 2018) ................... 4

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015).............................................................................. 2

*Luczak v. Nat'l Beverage Corp.*,
   No. 0:18-CV-61631-KMM, 2018 WL 9847842 (S.D. Fla. Oct. 12, 2018)........................ 4

*Miller v. Dyadic Int'l, Inc.*,
   No. 07-80948CIV, 2007 WL 4754041, at (S.D. Fla. Dec. 14, 2007)................................. 5

*Plumbers & Pipefitters Loc. 51 Pension Fund v. Darden Restaurants, Inc.*,
   No. 608-CV-388-ORL-19DAB, 2008 WL 2608111 (M.D. Fla. July 1, 2008) ................... 4

*Porzio v. Overseas Shipholding Grp.*,
   No. 12 CIV. 7948, 2013 WL 407678 (S.D.N.Y. Feb. 1, 2013)...........................................3

*Tomaszewski v. Trevena, Inc.*,
   383 F. Supp. 3d 409 (E.D. Pa. 2019).................................................................................2

*United States v. Davison*,
   No. 08-0120-CV-W-GAF, 2010 WL 1935951 (W.D. Mo. May 11, 2010)........................1

**Statutes**

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)..........................................................................................3

15 U.S.C. § 77z-1(a)(3)(B)(v)................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)..........................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ........................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(v) ...............................................................................................4

Lead Plaintiff movants John K. Allen ("Allen"), on behalf of the Joseph M. Driscoll Trust (the "Driscoll Trust"), as the Executor and a Trustee of the Driscoll Trust, and Alexander C. Takian ("Takian" and, collectively with the Driscoll Trust, the "Alfi Investor Group" or "Movant"), respectfully submit this reply memorandum in further support of their Lead Plaintiff Motion. Dkt. No. 12.

### BACKGROUND

Before the Court are four motions seeking consolidation of related cases, appointment as Lead Plaintiff and approval of their selection of counsel. Dkt. Nos. 11, 12, 13 and 14. Josh Buterin ("Buterin") is inadequate due to his involvement in a tax-fraud scheme implicating his dishonesty. Candido Rodriguez ("Rodriguez") is actually an improper group and his certification is defective. Chad Haber does not have any recoverable losses and is atypical, and Aileen Haber only lost $17,052.70.

In contrast, none of the competing movants challenge, and thus concede, the Alfi Investor Group's adequacy or typicality. Indeed, the Alfi Investor Group is a properly formed group of investors with a preexisting relationship. The Alfi Investor Group has the largest financial interest of any movant that has also properly demonstrated their adequacy and typicality. Therefore, the Alfi Investor Group's motion should be granted in its entirety and the competing motions should be denied.

### ARGUMENT

### I.       BUTERIN IS INADEQUATE

Despite claiming the largest loss of all competing movants, Buterin is inadequate. His participation in a multi-million dollar tax-fraud scheme implicates his dishonesty. *United States v. Davison*, No. 08-0120-CV-W-GAF, 2010 WL 1935951, at *4 (W.D. Mo. May 11, 2010), *aff'd as modified and remanded,* 407 F. App'x 997 (8th Cir. 2011); *see also*, Dkt. Nos. 18 at 4-6; 21 at 6-7. Buterin should have come clean with his prior background information, rather than hope that competing movants would not vet him.

### II.      RODRIGUEZ APPEARS TO BE AN UNRELATED GROUP OF INVESTORS

Rodriguez, in his certification, claims that Lorena Ramirez, Patatas Duero S.L.N.E., and Horticolas Duero S. Coop assigned their claims to him. However, no such assignments from the three entities are provided. As such, his certification is defective. Courts have not hesitated to disqualify lead plaintiff movants with the largest loss because their sworn

1

certification was inaccurate.  *See Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (disqualifying movant with deficient certification); *Camp v. Qualcomm Inc.*, No. 18-CV-1208-AJB-BLM, 2019 WL 277360, at *4 (S.D. Cal. Jan. 22, 2019) (finding movant with largest loss did not qualify to be appointed as lead plaintiff because of, *inter alia*, defective certification).

Additionally, Rodriguez does not explain what his relationship with Lorena Ramirez, Patatas Duero S.L.N.E., and Horticolas Duero S. Coop is.  This suggests that Rodriguez's submission is another attempt to create an unrelated group.  Courts throughout the country have ruled against appointing an unrelated group of lead plaintiff movants.  *Cambridge Ret. Sys. v. Mednax, Inc.*, No. 18-61572-CIV, 2018 WL 8804814, at *14–16 (S.D. Fla. Dec. 6, 2018) (refusing to appoint a group as lead plaintiff because, *inter alia*, "'Allowing unrelated plaintiffs to band together in order to manufacture a larger financial interest ... ensures that the lawyers, who are invariably the matchmakers behind such marriages of convenience, are the true drivers of the litigation.'") (quoting *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 621–22 (S.D.N.Y. 2015)); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015) (rejecting lead plaintiff group with that was "plainly a creation of counsel"); *Int'l Union of Operating Engineers Loc. No. 478 Pension Fund v. FXCM Inc.*, No. 15-CV-3599 KMW, 2015 WL 7018024, at *2–3 (S.D.N.Y. Nov. 12, 2015) (rejecting group that failed to provide evidence that their grouping was not the product of lawyer-driven litigation).

Rodriguez **has still failed to** provide signed assignments as alleged in his certification, rendering the certification defective.  The unexplained relationship between Rodriguez and the three assignors indicates that this is but another unrelated group.  As such, Rodriguez has failed to *prima facie* demonstrate his adequacy and is not the presumptive lead plaintiff.

## III.    CHAD AND AILEEN HABER OVERSTATE THEIR LOSSES

Chad and Aileen Haber's *recoverable* loss is lower than reported.  As the Supreme Court explained in *Dura*, only losses attributable to the securities fraud in question is recoverable. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342, 346 (2005); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 NGG RER, 2007 WL 680779, at *4 (E.D.N.Y. Mar. 2, 2007) ("[U]nder *Dura* and its progeny, any losses that [movant] may have incurred before [Defendant's] misconduct was ever disclosed to the public are not recoverable, because *those losses cannot be proximately linked to the misconduct at issue in this litigation.* While the *Dura* Court decided a

2

motion to dismiss, and not a lead plaintiff motion, the logical outgrowth of that holding is that *any such losses must not be considered in the recoverable losses calculation that courts engage in when selecting a lead plaintiff.*") (Emphasis added); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 237–40 (E.D.N.Y. 2011) ("[L]osses incurred before the misconduct is disclosed to the public are not recoverable because they cannot be proximately linked to the misconduct. [. . .] Many other courts have similarly considered loss causation in determining the appointment of lead plaintiff.").

Chad Haber sold all his holdings before the first partial disclosure and therefore has no recoverable loss. Furthermore, Chad Haber's status as an in-and-out trader renders him atypical and subject to unique defenses. *Porzio v. Overseas Shipholding Grp.*, No. 12 CIV. 7948, 2013 WL 407678, at *3 (S.D.N.Y. Feb. 1, 2013) (denying in-and-out trader's lead plaintiff motion based on its likely inability to establish loss causation.); *Bensley*, 277 F.R.D. at 235–42 (denying lead plaintiff status to a so-called "in-and-out" trader, where stock was arguably sold before the company's disclosure of fraud); *Hurst v. Enphase Energy, Inc.*, No. 20-CV-04036-BLF, 2020 WL 7025085, at *8 (N.D. Cal. Nov. 30, 2020) (finding movants with the largest losses were subject to unique defenses due to their status as in-and-out traders).

Similarly, after discounting Aileen Haber's sales prior to the first partial disclosure, her loss is $17,052.70, far below the Alfi Investor Group's loss of $255,732.10.

Accordingly, Chad and Aileen Haber do not have a larger financial interest than the Alfi Investor Group, and one of the group members is atypical and subject to unique defenses.

## IV.     THE ALFI INVESTOR GROUP IS THE PRESUMPTIVE LEAD PLAINTIFF

As the remaining movant with the largest loss, the Alfi Investor Group has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Like all purported class members, the Alfi Investor Group alleges that Defendants violated the Securities Act and Exchange Act. The Alfi Investor Group suffered losses in connection with its purchases of Alfi securities. Based on its financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, the Alfi Investor Group has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

A showing that a proposed lead plaintiff is presumptively the most adequate can be rebutted by proof by a member of the purported class that the proposed lead plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Cambridge Ret. Sys.*, 2018 WL 8804814, at *2 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)); *Kavra v. Health Ins. Innovations, Inc.*, No. 8:17-CV-2186-EAK-MAP, 2018 WL 4611215, at *2 (M.D. Fla. Feb. 6, 2018) (same); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). That "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23.'" *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

No competing movant has provided the requisite *proof* that the Alfi Investor Group is inadequate or atypical. Therefore, the presumption has not been rebutted and the Alfi Investor Group should be appointed Lead Plaintiff.

## V.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to Court approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v); *Luczak v. Nat'l Beverage Corp.*, No. 0:18-CV-61631-KMM, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) ("The Court should interfere with lead plaintiff's selection only when necessary 'to protect the interests of the class.'") (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

Here, the Alfi Investor Group has selected The Rosen Law Firm, P.A. as Lead Counsel. The Firm is qualified. *See* Dkt. No. 12-6. The Firm has the resources and expertise to litigate this action efficiently and aggressively. The Firm is experienced in the area of securities litigation and class actions and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country. *Id.*

As the Firm's resume reflects, it is highly experienced in the area of securities class action litigation and has successfully prosecuted numerous securities fraud class actions on behalf of investors. *Id.*; *see Plumbers & Pipefitters Loc. 51 Pension Fund v. Darden Restaurants, Inc.*, No. 608-CV-388-ORL-19DAB, 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) ("where a

4

law firm 'has successfully prosecuted securities class action litigations in the past,' courts generally will not 'interfere with the [l]ead [p]laintiff's choice of counsel ....'") (quoting *Miller v. Dyadic Int'l, Inc.*, No. 07-80948CIV, 2007 WL 4754041, at *2 (S.D. Fla. Dec. 14, 2007)).

Thus, the Court may be assured that by approving the Alfi Investor Group's selection of counsel, the members of the class will receive excellent legal representation.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff for the class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: February 22, 2022          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
Phillip Kim, Esq. (pro hac vice to be filed)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen

6