## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. STEPPACHER, JR., Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-24232-KMW |
| Plaintiff, | |
| v. | |
| ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, PETER BORDES, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, and RICHARD MOWSER, | |
| Defendants. | |
| GARY KLEINSCHMIDT, Individually and on behalf of All Others Similarly Situated, | Case No. 1:21-cv-24338-JLK |
| Plaintiff, | |
| v. | |
| ALFI, INC., PAUL PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, RICHARD MOWSER, KINGSWOOD CAPITAL MARKETS, REVERE SECURITIES LLC, and WESTPARK CAPITAL, INC., | |
| Defendants. | |

**MOTION OF CANDIDO RODRIGUEZ FOR LEAVE TO
FILE A SUR-REPLY TO CHAD AND AILEEN HABER'S
REPLY MEMORANDUM OF LAW (Dkt. No. 40)**

Lead Plaintiff Movant Candido Rodriguez ("Rodriguez"), by and through his counsel, hereby moves the Court pursuant to Local Rule 7.1(c)(1) for leave to file a sur-reply to Chad and Aileen Haber's (the "Habers'") Reply in Support of Their Motion for Appointment as Lead Plaintiff and Approval of Counsel (Dkt. No. 40, the "Haber Reply") to address new arguments and new evidence presented for the first time in the Haber Reply. Rodriguez's Proposed Sur-Reply is attached hereto as Exhibit A. In support thereof, Rodriguez states:

1.      The Habers claimed in their opening memorandum in support of their lead plaintiff motion that the truth regarding the Defendants' misrepresentations that form the basis of the fraud claims in this action "emerged over a series of disclosures *beginning* on October 28, 2021." *See* Dkt. No. 13-1 at 4 (emphasis added). The Habers' counsel also published at least 10 press releases from December 5, 2021, to January 24, 2022, for consumption by potential lead plaintiff applicants, stating that "[t]he truth about Alfi's internal control weaknesses began to emerge on Oct. 28, 2021."[1] Since Chad Haber sold all of his shares before October 28, 2021, he does not have a recoverable loss if the truth emerged beginning on October 28, 2021. *See* Dkt. No. 13-5 (Habers' Loss Chart); *see also* Rodriguez Opp. (Dkt. No. 18) at 8-9; Alfi Investor Group Opp. (Dkt. No. 21) at 4-5.

2.      Faced with this reality, for the first time on reply, the Habers now claim that there is "at least one [other] corrective disclosure event that occurred on September 2, 2021," which happens to be before Chad Haber sold all his shares. *See* Haber Reply at 6. New arguments and new evidence are not permitted in reply briefs. *See Baltzer v. Midland Credit Mgmt., Inc.*, No. 14-cv-20140, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) ("A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying

---

[1] The press releases are attached to and referenced in the Proposed Sur-Reply as Exhibit 1.

motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence."). As such, Rodriguez seeks to file the Proposed Sur-Reply to address the impropriety of considering the Habers' belated additional disclosure, and the substantive problems with the proposed disclosure.

3.      The Proposed Sur-Reply demonstrates that courts routinely reject late allegations of additional corrective disclosures designed to enable a movant to claim a recoverable loss. Considering the disclosure would also be unfair to other would-be lead plaintiff applicants that did not apply because they too sold before October 28, 2021 and had no recoverable loss under the complaints and the facts of the case as alleged by the Habers. The Proposed Sur-Reply also demonstrates that the proposed corrective disclosure does not actually disclose the facts that the complaints allege were concealed, and that, contrary to the Habers' representations, Alfi's share price *rose* in response to the proposed corrective disclosure.

4.      For these reasons, Rodriguez respectfully requests that the Court grant him leave to file the Proposed Sur-Reply, attached to this motion as Exhibit A, and all other relief this Court deems just, proper, and equitable.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for Rodriguez conferred with counsel for Chad and Aileen Haber and counsel for the Alfi Investor Group—the only other two movants still seeking appointment as lead plaintiff and approval of lead counsel in this action—by email and telephone on February 28, 2022.

Counsel for Chad and Aileen Haber represented that they do not oppose Rodriguez making this motion, but reserve the Habers' right to file a response.

Counsel for the Alfi Investor Group consent to Rodriguez's request to file a Sur-Reply.

Dated:  March 1, 2022

Respectfully submitted,

**SAXENA WHITE P.A.**

By: /s/ *Adam D. Warden*
Joseph E. White, III (FL Bar No. 621064)
Adam D. Warden (FL Bar No. 873691)
Jonathan D. Lamet (FL Bar No. 106059)
7777 Glades Road Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
jwhite@saxenawhite.com
awarden@saxenawhite.com
jlamet@saxenawhite.com

*Local Counsel for Candido Rodriguez*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Candido Rodriguez, and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

3

<u>**CERTIFICATE OF SERVICE**</u>

I, Adam D. Warden, hereby certify that on March 1, 2022, a true and accurate copy of the

above document was electronically filed with the Clerk of the Court by using the CM/ECF system

which will send Notice of Electronic Filing to all counsel of record.

*s/ Adam D. Warden*
Adam D. Warden
