UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-24232-CIV-WILLIAMS

WILLIAM   C.   STEPPACHER,   JR.,
Individually and On Behalf of All Others
Similarly Situated,

Plaintiff,

vs.

ALFI, INC., PAUL ANTONIO PEREIRA,
DENNIS MCINTOSH, JOHN M. COOK,
II, PETER BORDES, JIM LEE, JUSTIN
ELKOURI, ALLISON FICKEN, FRANK
SMITH, and RICHARD MOWSER,

Defendants.

_____   /

**SUR-REPLY OF MOVANT ALFI INVESTOR GROUP IN FURTHER OPPOSITION
TO CHAD AND AILEEN HABER'S MOTION**

**TABLE OF CONTENTS**

I.   THE HABERS' NEWLY RAISED ARGUMENT SHOULD BE DISCOUNTED ..... 1

    A.   New Arguments Are Improper on Reply ............................................................. 1

    B.   The Additional Disclosure Is Not Alleged in the Complaint ................................ 1

    C.   The Additional Disclosure Is Irrelevant ................................................................ 1

    D.   The Additional Disclosure Did Not Result in a Price Drop ................................ 2

II.  THE HABERS MISREPRESENT LOSS CAUSATION STANDARDS ..................... 4

III. CONCLUSION ..................................................................................................... 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bensley v. FalconStor Software, Inc.*,
  277 F.R.D. 231 (E.D.N.Y. 2011) ............................................................................ 4

*Cambridge Ret. Sys. v. Mednax, Inc.*,
  No. 18-61572-CIV, 2018 WL 8804814 (S.D. Fla. Dec. 6, 2018) ...................................... 4

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005).......................................................................................... 4

*Foley v. Wells Fargo Bank, N.A.*,
  849 F. Supp. 2d 1345 (S.D. Fla. 2012)...................................................................... 1

*Galmi v. Teva Pharms. Indus. Ltd.*,
  302 F. Supp. 3d 485 (D. Conn. 2017)........................................................................ 2

*Herring v. Secretary, Dept. of Corrections*,
  397 F.3d 1338 (11th Cir. 2005) ............................................................................... 1

*In re Comverse Tech., Inc. Sec. Litig.,* ,
  No. 06-CV-1825 NGG RER, 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ............... 1, 2, 4

*Reed v. Royal Caribbean Cruises Ltd.*,
  No. 20-CV-24979-RAR, 2021 WL 4307048 (S.D. Fla. Sept. 22, 2021) ........................... 1

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb) ............................................................................. 4

Lead Plaintiff movants John K. Allen ("Allen"), on behalf of the Joseph M. Driscoll Trust (the "Driscoll Trust"), as the Executor and a Trustee of the Driscoll Trust, and Alexander C. Takian ("Takian" and, collectively with the Driscoll Trust, the "Alfi Investor Group" or "Movant"), respectfully submit this sur-reply memorandum in further opposition to the lead plaintiff motion of Chad and Aileen Haber (collectively, the "Habers"). Dkt. No. 13.

I.      THE HABERS' NEWLY RAISED ARGUMENT SHOULD BE DISCOUNTED

The Habers, for the first time in their reply, contend that the court should consider an additional disclosure. This was raised for the first time in reply, the disclosure was not included in the complaint, and it did not result in a stock price drop. Therefore, it is improper for the court to consider this alleged additional disclosure.

A. New Arguments Are Improper on Reply

The Habers raise new arguments for the first time on reply. The Habers contend that there is an earlier disclosure not included in the complaint which the court should consider. Courts have stated arguments raised for the first time in reply are not to be considered. *Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (cleaned up); *Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012) (refusing to consider arguments raised for the first time on reply); *Reed v. Royal Caribbean Cruises Ltd.*, No. 20-CV-24979-RAR, 2021 WL 4307048, at *6 (S.D. Fla. Sept. 22, 2021)2021 WL 4307048, at *6 (S.D. Fla. 2021) (same).

B. The Additional Disclosure Is Not Alleged in the Complaint

Not only are the Habers belatedly raising an argument, they are including an alleged disclosure not contained in the initial complaint. They cite no authority as to why this is proper. Indeed, no such authority is provided because it is improper. *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 NGG RER, 2007 WL 680779, at *6 (E.D.N.Y. Mar. 2, 2007) (holding movants cannot allege disclosures not included in complaint for loss causation purposes at lead plaintiff stage).

C. The Additional Disclosure Is Irrelevant

The September 2, 2021 Bleecker Street report that the Habers allege is a disclosure does not relate to the facts of this case. The Bleecker Street report stated, in relevant part:

- Defendant Pereira "had a history of making material misrepresentations to investors and engaging in self-dealing" according to "extensive litigation between Alfi's founder and CEO Paul Pereira and his *previous employer* Danimer Scientific" (formerly known as "Meredian"). Haber Reply at 7 (emphasis added);

- "Alfi's Chief Business Development Officer and Co-Founder Defendant John Cook had been barred by FINRA and charged by the SEC for his involvement in a stock fraud scheme *in 2001*." *Id.* (emphasis added);

- "Alfi's website had concealed the fact that their Chief Technology Officer Charles Ragalan Pereira is the son of Paul Pereira." *Id.* at 8 (emphasis added); and

- "Alfi had misrepresented their model to customers or users." *Id.*

These are unrelated to the allegations in the complaints, which state that: (1) Alfi maintained deficient controls over disclosures and financial reporting; (2) Alfi and its employees engaged in corporate transactions without sufficient consultation or board oversight; (3) this increased the risk of internal and regulatory investigations into the Company and its employees; and (4) revelation of these facts was likely to have a negative impact on the Company's reputation, financial condition, and ability to timely file periodic reports with the SEC. *See* Dkt. No. 1. Therefore, "[e]ven if [the Court were] to take the allegations supplied in [the] reply brief as true," the "disclosures . . . cannot be considered partial disclosures because they are not related to the misconduct alleged in the complaint[s]." *Galmi v. Teva Pharms. Indus. Ltd.*, 302 F. Supp. 3d 485, 503 (D. Conn. 2017).

### D. The Additional Disclosure Did Not Result in a Price Drop

In addition, the alleged disclosure did not actually result in a share price drop. On September 2, 2021, at 10:37 a.m., Bleecker Street Research published a tweet announcing its Alfi report.[1]

---

[1] https://twitter.com/Bleecker__St/status/143343886629483841



**Bleecker Street Research**
@Bleecker__St

Miami's first tech IPO is quintessential Florida. Read how Alfi $ALF became a $140 million market cap ad-tech company with 9,600 $100 Lenovo tablets that can facially fingerprint users in the back of rideshares. We are short shares.

bleeckerstreetresearch.com/2021/09/02/alf…

10:37 AM · Sep 2, 2021 · Twitter Web App

At that time, Alfi's share price was at its intraday lowest point of $8.18.[2] The price fluctuated for the rest of the day before closing on September 2, 2021, at $8.60.



The Habers improperly raised a new argument on reply, which courts regularly disallow. The alleged disclosure is not in the complaint. Courts have spoken against such manipulative practices. This Court should disregard the Habers' attempts to introduce a new disclosure for the first time on reply, after the lead plaintiff deadline has passed.

---

[2] https://www.barchart.com/stocks/quotes/ALF/interactive-chart

3

## II.        THE HABERS MISREPRESENT LOSS CAUSATION STANDARDS

The Habers argue that *Dura*[3] loss is inapplicable here. Dkt. No. 40, at 7-10. Instead, they argue that a simple net loss basis should be used. This does not make any sense and does not comport with the language of the guiding statute. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb) states that the "most adequate plaintiff" is the movant who "in the determination of the court, **has the largest financial interest** in the relief sought by the class." It makes no sense, then, to disregard loss causation when considering largest financial interest. Chad Haber sold all his shares before any disclosures. Therefore, he has no compensable loss. A movant with no compensable loss has no financial interest in the case. *Cambridge Ret. Sys. v. Mednax, Inc.*, No. 18-61572-CIV, 2018 WL 8804814, at *2 (S.D. Fla. Dec. 6, 2018) ("The PSLRA [. . .] does require that the financial interest **not be measured simply as the total loss** suffered by an investor related to the subject stock, but rather as the **damages attributable to the fraud**.") (Emphasis added.)

Even if, as the Habers argue, *Dura* did not establish a method of loss calculation, subsequent cases relying on *Dura* did. *In re Comverse Technology, Inc. Securities Litigation*, 2007 WL 680779, at *4 ("[U]nder *Dura* and its progeny, any losses that [movant] may have incurred before [Defendant's] misconduct was ever disclosed to the public are not recoverable, because *those losses cannot be proximately linked to the misconduct at issue in this litigation.* While the *Dura* Court decided a motion to dismiss, and not a lead plaintiff motion, the logical outgrowth of that holding is that *any such losses must not be considered in the recoverable losses calculation that courts engage in when selecting a lead plaintiff.*") (Emphasis added); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 237–40 (E.D.N.Y. 2011) ("[L]osses incurred before the misconduct is disclosed to the public are not recoverable because they cannot be proximately linked to the misconduct. [. . .] Many other courts have similarly considered loss causation in determining the appointment of lead plaintiff.").

The Habers are wrong to argue that *Dura* loss methodology does not apply. But even if they are correct, Chad Haber is completely in-and-out, with no recoverable losses, and is subject to unique defenses.

## III.       CONCLUSION

---

[3] *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005)

For the foregoing reasons, Movant respectfully requests that the Court deny the Habers' motion and issue an Order: (1) appointing Movant as Lead Plaintiff for the class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: March 7, 2022                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
Phillip Kim, Esq. (pro hac vice to be filed)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen