**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 21-CIV-24232-WILLIAMS**

CANDIDO RODRIGUEZ,
*Individually and on Behalf of All Others*
*Similarly Situated*,

        Plaintiffs,

   v.

ALFI, INC., *et al.*,

        Defendants.

_____/

## <u>ORDER</u>

**THIS MATTER** is before the Court on the Parties' Second Joint Motion to Stay Deadlines (DE 87), filed on August 4, 2022, which requests an extension of the deadlines set forth in the Court's April 14, 2022 Order (DE 71). The Parties' First Joint Motion (DE 85) to stay deadlines was filed on August 1, 2022, and similarly requested a sixty (60) day extension of the schedule as set forth in the Court's April 14, 2022 Order (DE 71). The Parties' First Joint Motion stated the requested extension would allow the Parties to "discuss the possibility of an early settlement." (DE 85 at 1.) The Court denied the First Joint Motion on August 3, 2022, holding that it did "not proffer 'good cause' for the stay . . . ." (DE 86.) The Parties' Second Joint Motion makes the same arguments—that the requested extension will allow for the possibility of an early settlement—but adds that the "requested extension is in the best interests of the Parties" because it will allow Defendants to avoid "defense costs" and "further expenses drafting and filing a motion to dismiss or otherwise responding to the Complaint." (DE 87 at 1, 3.) Upon review of the

Second Joint Motion, the record, and applicable case law, the Court finds that the Parties have failed to advance sufficient good cause reasons for the requested extension.[1]

The Court's scheduling order (DE 71) setting forth the subject deadlines—deadlines proposed jointly by the Parties after conferral—was executed on April 14, 2022. (DE 70 at 1; DE 71.) The Order gave Plaintiff approximately two (2) months to file the Amended Consolidated Complaint, and Defendants approximately two (2) months to respond. (DE 71 at 1.) None of the circumstances outlined in the second motion are matters which were unknown to the parties a mere three months ago when they submitted their proposed dates.

---

[1] In this Circuit, a district court's scheduling orders "may be modified only for good cause and with the judge's consent." *Harris v. Reverse Mortg. Sols. Inc.*, 800 F. App'x 708, 711 (11th Cir. 2020) (affirming a denial of a motion to modify a scheduling order for lack of good cause shown, because the party seeking the extension was apprised of all relevant information prior to seeking the modification); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (affirming a denial of a motion to modify a schedule set forth by the district court because "[t]he record makes clear that [the party's] failure to comply with the court's scheduling order resulted from a lack of diligence in pursuing [their] claim."); Fed. R. Civ. P. 16(b). In general, district courts are vested with "broad discretion in managing their cases … and ensuring that their cases move to a reasonably timely and orderly conclusion." *Watts v. Club Madonna, Inc.*, 784 F. App'x 684, 687–88 (11th Cir. 2019) (holding a district court did not abuse its discretion in denying a request for an extension after a party failed to meet a deadline in the court's scheduling order) (citing *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002)); *see also Moore v. Potter*, 141 F. App'x 803, 807–08 (11th Cir. 2005) (noting district courts have "broad discretion" over pre-trial matters such as scheduling) (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (reasoning that "we accord district courts broad discretion over the management of pre-trial activities, including . . . scheduling")); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (providing that "district courts enjoy broad discretion in deciding how best to manage the cases before them"); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996) (noting the "broad discretion which is allowed a trial court to manage its own docket"). Moreover, the "good cause" standard precludes modification of a deadline set forth by a court "unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris*, 800 F. App'x at 711 (internal quotations, citation omitted). The Eleventh Circuit upheld the denial of a request for extension when the information supporting the request was available long before the request was made. *See Sosa*, 133 F.3d at 1419.

Accordingly, it is **ORDERED AND ADJUDGED** that the Parties' Second Joint Motion (DE 87) is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>5th</u> day of August, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE