**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:21-cv-24232-KMW

| | |
|---|---|
| CANDIDO RODRIGUEZ, individually and on behalf of all others similarly situated, | ) <br> ) <br> ) |
| Plaintiff, | ) |
| v. | ) <br> ) |
| ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, PETER BORDES, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, RICHARD MOWSER, KINGSWOOD CAPITAL MARKETS, REVERE SECURITIES LLC, and WESTPARK CAPITAL, INC., | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendants Kingswood Capital Markets, Revere Securities, LLC, and WestPark Capital, Inc. (collectively the "**Underwriting Defendants**") hereby request that this Court consider and/or take judicial notice of the documents referenced below in support of their Motion to Dismiss the Amended Complaint filed concurrently herewith. For the reasons set forth below, the Court should take judicial notice of the documents attached hereto as **Exhibits A**, **B**, and **C**. Alternatively, the Court should consider the Exhibits pursuant to the incorporated-by-reference doctrine and Federal Rule of Evidence 201.

## I.      ARGUMENT

### A.      Legal Standards

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Further, the court "*must* take judical notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added).

Generally, when considering a motion to dismiss, courts may consider facts stated in the complaint, facts in documents attached to the complaint, and facts incorporated into the complaint by reference. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). In securities law cases, courts are required to consider the full factual context of a challenged statement on a motion to dismiss. See *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190-91 (2015). The full context includes documents incorporated by reference or integral to a complaint, and documents subject to judicial notice. *Id.* (noting that whether a statement is false or misleading under securities laws "always depends on context" requiring courts to consider the full text of the registration statement and all other documents incorporated by reference into the complaint, as well as other materials of which it may take judicial notice); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) ("The usual rules for considering 12(b)(6) motions are . . . bent to permit consideration of an allegedly fraudulent statement in its context.").

B.      **Judicial Notice of Alfi's Public Filings With the SEC is Appropriate**

Documents subject to judicial notice under Federal Rule of Evidence 201(b) are properly considered on a motion to dismiss. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Under Eleventh Circuit precedent, SEC filings are judicially noticeable. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (considering documents filed with the SEC on motion to dismiss); *Bryant*, 187 F.3d at 1280 ("[W]e hold that the district court was authorized at the motion to dismiss stage to take judicial notice of relevant

public documents required to be filed with the SEC, and actually filed, for the purpose of determining what statements the documents contain."); *Henningsen v. ADT Corp.*, 161 F. Supp. 3d 1161, 1181 (S.D. Fla. 2015) ("[T]he Eleventh Circuit has expressly held that a court may judicially notice relevant documents legally required by, and publicly filed with, the Securities and Exchange Commission."). Further, documents filed with the SEC are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b).

It follows that the Court may take judicial notice and consider the following documents in connection with the Underwriting Defendants' Motion to Dismiss:

1.  Alfi's Registration Statement, Form S-1, filed with the Securities and Exchange Commission ("**SEC**") on January 8, 2021 (a true and correct copy is attached hereto as **Exhibit A**).

2.  Alfi's Prospectus, filed with the SEC on May 5, 2021 (a true and correct copy is attached hereto as **Exhibit B**).

3.  Alfi's Form 8-K, filed with the SEC on February 23, 2022 (a true and correct copy is attached hereto as **Exhibit C**).

**C.     Alternatively The Court Should Consider Exhibits A, B, and C, Which Were Referenced in, and are Integral to, the Complaint**

Documents that are referenced in the Complaint, or are integral to the complaint, may be considered by the court on a motion to dismiss even if those documents are not attached to the complaint. *See SFM Holdings*, 600 F.3d at 1337 (citing *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005)). The Court should consider the documents listed below because they are referenced repeatedly in the Complaint, and are integral to Plaintiff's

allegations and causes of action—especially with respect to the Section 11 cause of action asserted against the Underwriting Defendants.[1] **Exhibit A**, the Registration Statement, forms the basis of all of Plaintiff's causes of action and excerpts from it are quoted and referenced repeatedly throughout the Complaint. (*See ,e.g.,* Complaint, ¶¶ 138-146.) **Exhibit B**, the Prospectus, which was incorporated by reference into the registration statement (Complaint, ¶ 3) is similarly quoted and referenced throughout the Complaint. (*See, e.g.,* Complaint, ¶¶ 58, 61, 138.) Finally, **Exhibit C**, Alfi's February 23, 2022 Form 8-K, contained the results of the "internal investigation" that forms the basis of all of Plaintiff's causes of action. (*See* Complaint, ¶¶ 8, 72, 188, 194.)

It follows that it is appropriate and necessary for the Court to consider the following documents when determining whether Plaintiff has sufficiently pled their claims:

1.      Alfi's Registration Statement, Form S-1, filed with the Securities and Exchange Commission ("**SEC**") on January 8, 2021 (a true and correct copy is attached hereto as **Exhibit A**).

2.      Alfi's Prospectus, filed with the SEC on May 5, 2021 (a true and correct copy is attached hereto as **Exhibit B**).

3.      Alfi's Form 8-K, filed with the SEC on February 23, 2022 (a true and correct copy is attached hereto as **Exhibit C**).

---

[1] The PSLRA contains a provision that directs the district court to consider not only "any statement cited in the complaint" but also "any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant." 15 U.S.C. § 78u-5(e).

## II.    CONCLUSION

For the foregoing reasons, the Underwriting Defendants respectfully request that the Court take judicial notice of **Exhibits A-C** attached hereto and consider those documents in ruling on the Underwriting Defendants' Motion to Dismiss. Alternatively, the Underwriting Defendants respectfully request that the Court consider **Exhibits A-C** as incorporated into the Complaint and consider them in connection with the Motion to Dismiss on that basis.

 Dated:  August 12, 2022

Respectfully submitted,

HUNTER TAUBMAN FISCHER & LI LLC


By     /s/ Mark David Hunter
       Mark David Hunter, Esquire
       Florida Bar No. 12995
       Jenny Johnson-Sardella, Esquire
       Florida Bar No. 67372
       Hunter Taubman Fischer & Li LLC
       2 Alhambra Plaza, Suite 650
       Coral Gables, Florida 33134
       Tel: (305) 629-1180
       Fax: (305) 629-8099
       E-mail: mhunter@htflawyers.com
       jsardella@htflawyers.com

       Robert D. Weber [*admitted pro hac vice*]
       Nolan Walter [*admitted pro hac vice*]
       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       1901 Avenue of the Stars, Suite 1600
       Los Angeles, California 90067-6055
       Tel: (310) 228-3700
       Fax: (310) 228-3701
       E mail: rweber@sheppardmullin.com
       nwalter@sheppardmullin.com

       *Attorneys for Defendants Kingswood Capital Markets, Revere Securities LLC, and WestPark Capital, Inc.*