**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 21-24232-CIV-WILLIAMS**

CANDIDO RODRIGUEZ, Individually and
on behalf of All Others Similarly Situated,

        Plaintiff,

      v.

ALFI, INC., PAUL ANTONIO PEREIRA,
DENNIS MCINTOSH, JOHN M. COOK,
II, PETER BORDES, JIM LEE, JUSTIN
ELKOURI, ALLISON FICKEN, FRANK
SMITH, RICHARD MOWSER,
KINGSWOOD CAPITAL MARKETS,
REVERE SECURITIES LLC, and
WESTPARK CAPITAL, INC.,

        Defendants,

**PLAINTIFFS' OPPOSITION TO THE MOTION TO DISMISS OF
DEFENDANTS PAUL PEREIRA AND DENNIS MCINTOSH**

## **TABLE OF CONTENTS**

I.   INTRODUCTION .......................................................................................................... 1

II.  STATEMENT OF FACTS ........................................................................................... 1

III. ARGUMENT ............................................................................................................... 2

    A.   Applicable Legal Standards Disfavor Officer Defendants' Motion ............ 2

    B.   Defendants Pereira and McIntosh Materially Misled Investors, Violating the Securities Act ..................................................................................... 2

    C.   Defendants Pereira and McIntosh Materially Misled Investors, Violating the Exchange Act ..................................................................................... 2

        1.   Legal Standard ..................................................................................... 2

        2.   Defendants Pereira and McIntosh Made Materially False and Misleading Statements in Alfi's SEC Filings .................................... 3

        3.   Defendants Pereira Made Materially False Statements to Benzinga ............................................................................................. 4

    D.   The Complaint Sufficiently Pleads the Scienter of Defendants Pereira and McIntosh During the Class Period In Accordance with the Exchange Act ........................................................................................................... 5

        1.   Legal Standard ..................................................................................... 5

        2.   Defendants Pereira and McIntosh Made False Statements With Fraudulent Intent During the Class Period ......................................... 6

    E.   The Complaint Sufficiently Pleads Loss Causation ...................................... 8

    F.   The Complaint Sufficiently Pleads Control Person Liability ....................... 9

    G.   The Complaint Is Not a Shotgun Pleading .................................................... 9

IV.  CONCLUSION ............................................................................................................ 9

## TABLE OF AUTHORITIES

<u>CASES</u>

*100079 Canada, Inc. v. Stiefel Labs., Inc.*,
  2011 WL 13116079 (S.D. Fla. 2011)................................................................. 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 2

*Cheney v. Cyberguard Corp.*,
  No. 98-6879-CIV-GOLD, 2000 WL 1140306 (S.D. Fla. July 31, 2000) ...................... 8

*FindWhat Inv'r Grp. v. FindWhat.com*,
  658 F.3d 1282 (11th Cir. 2011)........................................................................... 2

*In re Aetna Inc. Sec. Litig.*,
  34 F. Supp. 2d 935 (E.D. Pa. 1999) ................................................................... 6

*In re Campbell Soup Co. Sec. Litig.*,
  145 F. Supp. 2d 574 (D.N.J. 2001) ..................................................................... 6

*In re Merck & Co., Inc. Sec., Derivative, & ERISA Litig.*,
  No. CIV.A. 05-1151 SRC, 2011 WL 3444199 (D.N.J. Aug. 8, 2011) ........................... 4

*In re Ocwen Fin. Corp. Sec. Litig.*,
  2015 WL 12780961 (S.D. Fla. Dec. 22, 2015) ....................................................... 2, 5

*In re Royal Caribbean Cruises Ltd., Sec. Litig.*,
  2013 WL 3295951 (S.D. Fla. Apr. 19, 2013) ............................................................ 4

*In re Unicapital Corp. Sec. Litig.*,
  149 F.Supp.2d 1353 (S.D. Fla. 2001)................................................................... 3, 5, 6

*Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*,
  No. CV 10-2847-IPJ, 2011 WL 12627599 (N.D. Ala. Aug. 23, 2011) ......................... 3

*Mizzaro v. Home Depot, Inc.*,
  544 F.3d 1230 (11th Cir. 2008)........................................................................... 7

*Mulligan v. Impax Labs., Inc.*,
   36 F. Supp. 3d 942 (N.D. Cal. 2014) .............................................................................. 4

*Pub. Emps.' Ret. Sys. of Miss. v. Mohawk Indus., Inc.*,
   564 F. Supp. 3d 1272 (N.D. Ga. 2021) ........................................................................... 7

*Rosky ex rel. Wellcare Health Plans, Inc. v. Farha*,
   No. 8:07-CV-1952-T-26MAP, 2009 WL 3853592 (M.D. Fla. Mar. 30, 2009).......... 7, 8

*S. Ferry LP, No. 2 v. Killinger*,
   542 F.3d 776 (9th Cir. 2008)........................................................................................... 6

*S.E.C. v. City of Miami, Fla.*,
   988 F. Supp. 2d 1343 (S.D. Fla. 2013)............................................................................ 2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ................................................................................................ 5, 6, 8

*Thorpe v. Walter Inv. Mgmt., Corp.*,
   No. 1:14-CV-20880-UU, 2014 WL 11961964 (S.D. Fla. Dec. 23, 2014) ...................... 3

*Tung v. Dycom Industries, Inc.*,
   454 F.Supp.3d 1244 (S.D. Fla. 2020).............................................................................. 4

STATUTES

15 U.S.C. § 77k(a)(1)..................................................................................................... 2

15 U.S.C. § 77o............................................................................................................... 2

RULES

Fed. R. Civ. P. 12(b)(6).................................................................................................. 6

Fed. R. Civ. P. 15(a)(2)……………………………………………………………………9

Lead Plaintiff Candido Rodriguez, plaintiff John K. Allen, on behalf of the Joseph M. Driscoll Trust, and plaintiff Alexander C. Takian (collectively, "Plaintiffs") hereby oppose the Officer Defendants'[1] Motion to Dismiss Amended Consolidated Class Action Complaint ("Complaint") or, in the Alternative, For a More Definite Statement (ECF No. 99) (the "Motion" or "Officers' Br.") and state the following:

## I.     INTRODUCTION

The Complaint sufficiently pleads that the Officer Defendants materially misled investors, violating the Securities Act of 1933 (the "Securities Act") by issuing a materially misleading Registration Statement in connection with the Company's initial public offering ("IPO") and the Securities Exchange Act of 1934 (the "Exchange Act") by misleading investors about the Company's performance, internal controls, and material conflicted transactions throughout the Class Period.

The Officer Defendants made materially false statements in Alfi's registration statement filed on Form S-1 and prospectus (collectively, the "Registration Statement"), misleading investors about Alfi's finances and operations. Then, through the Class Period, they continued to make materially false and misleading financial statements. Alfi's internal investigation revealed that Defendants Pereira and McIntosh, who were responsible for maintaining its internal controls, established a control environment that enabled them to use Company resources for their own personal benefit and resulted in materially false statements to investors. Throughout the Class Period, Defendant Pereira personally made additional misleading statements to the market, pumping Alfi's stock up to its all-time high. After the truth about Alfi's finances and operations emerged in a series of disclosures, the value of the Company's stock declined by nearly 74%.

The Officer Defendants' Motion to Dismiss should be denied.

## II.    STATEMENT OF FACTS

Plaintiffs refer to, and incorporate by reference, the Statement of Facts section in the concurrently-filed Plaintiffs' opposition to the Alfi Defendants' motion to dismiss ("Alfi Opp. Br.").

---

[1] The "Officer Defendants" are Paul Antonio Pereira ("Pereira") and Dennis McIntosh ("McIntosh"). "Defendants" are the Officer Defendants and Alfi, Inc. ("Alfi" or "Company"), John M. Cook, II, Peter Bordes, Jim Lee, Justin Elkouri, Allison Ficken, Frank Smith, Kingswood Capital Markets, Revere Securities LLC, and Westpark Capital, Inc.

### III.   ARGUMENT

#### A.   Applicable Legal Standards Disfavor Officer Defendants' Motion

This Court will deny a motion to dismiss where a complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true," *S.E.C. v. City of Miami, Fla.*, 988 F. Supp. 2d 1343, 1352 (S.D. Fla. 2013), "draw[ing] all reasonable inferences in [plaintiff's] favor." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

#### B.   Defendants Pereira and McIntosh Materially Misled Investors, Violating the Securities Act

Other than joining in the Alfi Defendants' motion to dismiss, Defendants Pereira and McIntosh do not separately challenge the Section 11 and Section 15 of the Securities Act (collectively, the "Securities Act Claims") alleged against them.

As detailed more in Plaintiffs' Alfi Opp. Br., Plaintiffs have sufficiently alleged Securities Act Claims against Defendants Pereira and McIntosh for the materially false and misleading statements and omissions in Alfi's Registration Statement. *See* Alfi Opp. Br. at Sec. III.B.1. By each signing the Registration Statement, *see* ¶138, Defendants Pereira and McIntosh are both directly liable for these materially false and misleading statements and omissions (15 U.S.C. § 77k(a)(1)), and are liable as control persons (15 U.S.C. § 77o; *see also* Alfi Opp. Br. at Sec. III.G (allegations that individual defendants signed registration statement sufficient to plead control)).

#### C.   Defendants Pereira and McIntosh Materially Misled Investors, Violating the Exchange Act

##### 1.   Legal Standard

A statement may be false not only for its literal falsity, but also for any omissions of material fact necessary to make the statement not misleading. *In re Ocwen Fin. Corp. Sec. Litig.*, 2015 WL 12780961, at *2-3 (S.D. Fla. Dec. 22, 2015) ("Rule 10b-5 prohibits not only literally false statements, but also any omissions of material fact 'necessary in order to make the statements ... not misleading.'"). "A statement is misleading if in light of the facts existing at the time of the statement a reasonable investor, in the exercise of due care, would have been misled by it." *Id.* at *2.

At the motion to dismiss stage, courts generally do not dismiss for lack of materiality, as materiality is a facts-intensive question better left for later stages of litigation. *In re Unicapital Corp. Sec. Litig.*, 149 F.Supp.2d 1353, 1364 (S.D. Fla. 2001) ("Materiality, though, is a question of fact that may rarely be resolved at the motion to dismiss stage."). Courts should dismiss for lack of materiality only if "the alleged misrepresentations or omissions are *so obviously unimportant* to an investor that reasonable minds cannot differ on the question of materiality is it appropriate for the district court to rule that the allegations are inactionable as a matter of law." *Id.* (emphasis added).

### 2.      Defendants Pereira and McIntosh Made Materially False and Misleading Statements in Alfi's SEC Filings

During the Class Period, Plaintiffs allege that Defendants Pereira and McIntosh, as signatories to the Registration Statement and in Alfi's Form 10-Qs filed with the SEC for the quarters ended March 31 and June 30, 2021, made materially false and misleading statements concerning: (1) Alfi's financial results for the 2019 and 2020 fiscal years, as well as the March 31 and June 30, 2021 quarterly periods; (2) affirmations that these financial results were prepared in accordance with GAAP; (3) statements concerning Alfi's internal controls and that they were effective as of March 31 and June 30, 2021; and (4) a statement in Alfi's June 30, 2021 10-Q that Alfi "signed a contract to acquire additional office space." Plaintiffs also allege that Pereira and McIntosh's signed certifications in accordance with the Sarbanes-Oxley Act of 2002 were materially false and misleading. ¶¶136-47, 150-58, 164-72.[2]

For the reasons discussed in detail in the Alfi Opp. Br. in Section III.B.2, each of these statements were materially false and misleading. *See* Officers' Br. at 3 (directing the Court to the Alfi Defendants' Motion). Other than joining the Alfi Defendants' Motion, the sole argument Defendant Pereira and McIntosh make is that the Complaint fails to allege a false statement by McIntosh. Officers' Br. at 3. But, by signing the Class Period SEC filings and SOX certifications, McIntosh is liable for making these statements. *Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, No. CV 10-2847-IPJ, 2011 WL 12627599, at *1 (N.D. Ala. Aug. 23, 2011) (CEOs and CFOs are "liable for false and misleading statements in their own company's financial statements, for which they signed Sarbanes–Oxley certifications."); *Thorpe v. Walter Inv.*

---

[2] References to "¶__" are to the Complaint.

*Mgmt., Corp.*, No. 1:14-CV-20880-UU, 2014 WL 11961964, at \*11 (S.D. Fla. Dec. 23, 2014) (similar); *see also In re Merck & Co., Inc. Sec., Derivative, & ERISA Litig.*, No. CIV.A. 05-1151 SRC, 2011 WL 3444199, at \*25–26 (D.N.J. Aug. 8, 2011) (defendant that signed SEC forms and was quoted in articles and reports in his capacity as an officer of defendant company is considered to have made those statements).

### 3.      Defendants Pereira Made Materially False Statements to Benzinga

In addition to those materially false statements that Defendants Pereira and McIntosh made in Alfi's Class Period SEC filings (¶¶136-47, 150-58, 164-72), Defendant Pereira made material false statements during interviews with Benzinga, further misleading investors. ¶¶159-63.

The Officer Defendants' attempts to dismiss these statements as puffery must fail. Statements, or "concrete affirmations," of "tangible, verifiable" facts are not puffery. *Tung v. Dycom Industries, Inc.*, 454 F.Supp.3d 1244, 1257 (S.D. Fla. 2020); *see also Mulligan v. Impax Labs., Inc.*, 36 F. Supp. 3d 942, 966 (N.D. Cal. 2014) ("Even a statement of opinion or an expression of corporate optimism may be deemed actionable in certain circumstances because there is a difference between enthusiastic statements amounting to general puffery and opinion-based statements that are anchored in misrepresentations of existing facts.").

On June 16, 2021, Defendant Pereira appeared on Benzinga, an online platform providing "real-time news with actionable trading ideas," during Benzinga's "ZingerNation Power Hour" livestream show. ¶65. During the show, Defendant Pereira stated that, "as I speak today we have ***over 22,000 Uber Lyft drivers signed up waiting for deployment of Alfi tablets***. In major cities right across the U.S." ¶159. Plaintiffs allege that Defendant Pereira's statement was false because, at the time, as Alfi later admitted, only 1,253 drivers had contracts with Alfi and were "waiting for deployment of Alfi tablets." ¶¶17, 161. This statement was not a forward-looking statement about growing demand, but rather about how many drivers were "signed up waiting for deployment of Alfi tablets" – a statement of then-existing material fact. As such, Defendants' reliance on *In re Royal Caribbean Cruises Ltd., Sec. Litig.*, 2013 WL 3295951, at \*12 (S.D. Fla. Apr. 19, 2013) is misplaced. *See* Officers' Br. at 4.

Indeed, to fit Defendant Pereira's statements in the puffery framework, the Officer Defendants mischaracterize them, claiming that he was "describing an increase in rideshare driver demand based on drivers who have expressed interest in receiving a tablet." Officers' Br. at 4. However, on June 16, 2021, Defendant Pereira did not say that 22,000 Uber Lyft drivers

4

"expressed interest in receiving a tablet." He said, definitively, that "22,000 Uber Lyft drivers *signed up waiting for deployment of Alfi tablets.*" If he in fact omitted that these sign ups were just an expression of interest, not a commitment to use Alfi tablets once they were deployed, then Defendant Pereira omitted material facts necessary to not make the statements misleading. *See Ocwen*, 2015 WL 12780961, at *2

The Officer Defendants' argument that "the contract with a rideshare . . . owner for placing a device in service *will not provide for payment from such person to Alfi* . . . . Alfi's contract with a device host may provide that *[Alfi] will pay* a revenue sharing amount, or fee, based on the revenue Alfi derives from that device" is irrelevant to the falsity of Defendant Pereira's statement. *See* Officers' Br. at 4-5 (emphasis in Officers' Br.). Defendant Pereira spoke about the installation of Alfi tablets, not about revenue (¶159), and even if the drivers do not pay Alfi to install Alfi tablets, the tablets must be installed for Alfi to receive payments from advertisers. Because installation of Alfi tablets are necessary to derive revenue from advertisers, the number of drivers "signed up waiting for deployment of Alfi tablets" would be important to a reasonable investor. *See Unicapital*, 149 F.Supp.2d at 1364 ("Only if the alleged misrepresentations or omissions are *so obviously unimportant to an investor that reasonable minds cannot differ on the question of materiality is it appropriate for the district court to rule that the allegations are inactionable as a matter of law.*") (emphasis added.)

Defendant Pereira's June 22, 2021 statements to Benzinga are also actionable. On June 22, 2021, Benzinga reported Pereira's statement that Alfi "announced a new $2 million [share] buyback plan." ¶162. This statement was false *at the time it was made*, as the Board did not know about, nor had the Board approved, said buyback plan. *Id.* That the board *subsequently* approved the buyback does not cure the falsity of the statement at the time it was made.

**D.     The Complaint Sufficiently Pleads the Scienter of Defendants Pereira and McIntosh During the Class Period In Accordance with the Exchange Act**

**1.     Legal Standard**

Courts must take a holistic approach, rather than carrying out a statement-by-statement analysis, in determining an inference of scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 309-10 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions. *The inquiry is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard.*") (emphasis added); *see*

5

*also*, *100079 Canada, Inc. v. Stiefel Labs., Inc.*, 2011 WL 13116079, at \*12 (S.D. Fla. 2011) (same). The inference of scienter does not need to be irrefutable, nor even the most plausible of competing inferences – it simply needs to be *as compelling* as competing inferences. *Id.*

In evaluating inferences of scienter, "the reviewing court must ask: When the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?" *Stiefel Labs.*, 2011 WL 13116079, at \*13 (*quoting Tellabs*, 551 U.S. at 326); *Unicapital*, 149 F.Supp.2d at 1372, n.30 ("It is important to observe that the PSLRA, although mandating more particular pleading, in no way altered the standard of review applicable to the well pleaded allegations of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (i.e., the allegations are viewed in the light most favorable to the plaintiff)").

> **2.** **Defendants Pereira and McIntosh Made False Statements With Fraudulent Intent During the Class Period**

The Complaint raises a compelling inference of scienter on the part of Defendants Pereira and McIntosh. As an initial matter, Plaintiffs refer to, and incorporate by reference, Section III.C of the Alfi Opp. Br., which discusses in detail how the Company's GAAP violations, internal control deficiencies, the internal turmoil at Alfi, and SEC investigation into Alfi all support a finding of scienter for both Alfi and the Officer Defendants. Further, the Complaint contains additional scienter allegations specifically concerning the conduct of Defendants Pereira and McIntosh.

Courts have repeatedly held that in a small company with hands-on management, the importance of the information that was misstated can support a finding of scienter. *See S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 785 (9th Cir. 2008) (management's involvement in day-to-day operations and the importance of the information that was misstated may support a finding of scienter); *In re Aetna Inc. Sec. Litig.*, 34 F. Supp. 2d 935, 940, 952-53 (E.D. Pa. 1999) ("size and nature" of problems were sufficient to support the CEO and CFO's scienter); *In re Campbell Soup Co. Sec. Litig.*, 145 F. Supp. 2d 574, 599 (D.N.J. 2001) (where false statements are significant and concern company's "bread and butter").

The Alfi tablets were the core of the Company's business, and the fact that Defendant Pereira spoke to Benzinga repeatedly specifically about their rollout shows that he was personally closely monitoring their development and marketing. More, Alfi was specifically tracking whether

drivers had signed a contract with Alfi or simply "expressed interest." ¶179. By pleading that Alfi distinguished between these statuses for drivers and that Defendant Pereira specifically told Benzinga that "as I speak today we have over 22,000 Uber Lyft drivers signed up waiting for deployment of Alfi tablets," ¶159, the Complaint pleads that he was, at minimum, severely reckless by presenting a number that may have included those drivers that simply expressed interest as being ready for "deployment" to investors. *Pub. Emps.' Ret. Sys. of Miss. v. Mohawk Indus., Inc.*, 564 F. Supp. 3d 1272, 1303-04 (N.D. Ga. 2021) ("a plaintiff may prove severe recklessness by providing evidence that defendants possessed knowledge of facts or access to information contradicting their public statements, so as to prove that defendants knew or should have known that they were misrepresenting material facts related to the corporation.") (internal quotation and alteration omitted).

In addition, as a member of the Board himself, Defendant Pereira knew that the Board had not approved the $2 million share buyback plan at the time that he announced it to Benzinga. ¶¶17, 163. The only cogent inference is that Defendant Pereira acted with scienter in making this statement: either he was severely reckless in announcing it in advance of that decision, or he deliberately announced a share buyback plan without any authorization or approval of the Board, thus forcing the Board's hand to approve a plan at the eleventh hour. Tellingly, Defendant Pereira offers no opposing inference, and rather complains that Plaintiffs did not allege Pereira *intended* to deceive. Officers' Br. at 10. But that is not the law. Plaintiffs' must only allege that Pereira was severely reckless in announcing the share buyback, and indeed, he certainly was. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008) (to survive a motion to dismiss, a plaintiff need only plead facts giving rise to a strong inference that the defendant was severely reckless when they made the allegedly materially false or misleading statement.

The conduct the Investigation found by Defendants Pereira and McIntosh further supports an inference that they acted with scienter. As an initial matter, "[w]hen a corporation's own internal investigation leads to the announcement of a restatement of historical financial results, this establishes a strong inference that the company itself believes that fraud occurred." *Rosky ex rel. Wellcare Health Plans, Inc. v. Farha*, No. 8:07-CV-1952-T-26MAP, 2009 WL 3853592, at \*6 (M.D. Fla. Mar. 30, 2009) (internal quotations and alterations omitted).

But, in particular, the Investigation found that Defendant Pereira and McIntosh used material Company funds and shares to purchase a condominium in Miami for their personal use,

7

and then furtively transferred ownership of the condo to a limited liability company controlled by themselves. ¶¶17, 168. Pereira and McIntosh further caused Alfi to enter into several other contracts and sponsorships paid through, in part, the issuance of Alfi stock, and that McIntosh signed false certifications to Alfi's transfer agent attesting that the issuance of such shares were authorized by the Board. ¶¶91-95. More, after being placed on leave and instructed not to access Alfi's computer systems, Defendants Pereira and McIntosh as well as Charles Pereira accessed and downloaded Company files. ¶101. Their personal misconduct and violation of Company policies supports the inference that they created and maintained a weak control environment for their own personal benefit, resulting in materially false disclosures to investors.

Indeed, throughout the Class Period, Defendants Pereira and McIntosh made statements concerning Alfi's internal controls, concluded that Alfi's internal controls were effective, and attested to, in accordance with SOX, their responsibility to both design internal controls, to disclose all material weaknesses in those internal controls, and to disclose any fraud. ¶¶145, 146, 150, 155-57, 169-71. But, as Alfi's Investigation revealed, Defendants Pereira and McIntosh made these statements while knowing that they were false. *Rosky*, 2009 WL 3853592, at *6 (defendants' false SOX certifications are probative of scienter where the signatories were severely reckless in making such certifications). Defendant Pereira and McIntosh's reliance on *Cheney v. Cyberguard Corp.*, No. 98-6879-CIV-GOLD, 2000 WL 1140306 (S.D. Fla. July 31, 2000) is thus misplaced. Officers' Br. at *8. Whereas in *Cheney* the plaintiffs failed to allege the CFO's scienter due to their reliance on their position alone, 2000 WL 1140306, at *9, here, Plaintiffs rely on Alfi's admission that Pereira and McIntosh used Alfi's weak internal control environment for their own personal benefit.

Also misplaced is Defendant Pereira and McIntosh's argument that the Complaint fails to allege that they personally benefited from the fraud. Just because they got caught and Alfi later resold the condo does not mean that neither "actually benefited from the fraud." Officers' Br. at 9. Moreover, Pereira and McIntosh's insistence on motive allegations, particularly through stock sales, to support scienter is further flawed as (1) a failure to allege motive is not dispositive, *Tellabs*, 551 U.S. at 325, and (2) Alfi's stock was subject to lockup agreement, and thus neither defendant could have taken advantage of the inflated stock prices (¶59, n.2).

E.      **The Complaint Sufficiently Pleads Loss Causation**

Plaintiffs refer to, and incorporate by reference, Section III.D of the Alfi Opp. Br., which explains how the Complaint sufficiently alleges loss causation.

8

**F.      The Complaint Sufficiently Pleads Control Person Liability**

Defendant Pereira and McIntosh's only argument concerning the Complaint's Section 20(a) of the Exchange Act claims is their contention that it fails to plead a primary violation under Section 10(b). Officers' Br. at 12, n.9. Because the Complaint adequately pleads Section 10(b) claims, it also adequately pleads Section 20(a) claims against Defendants Pereira and McIntosh.

**G.      The Complaint Is Not a Shotgun Pleading**

Plaintiffs refer to, and incorporate by reference, Section III.F of the Alfi Opp. Br., which explains why the Complaint is not a shotgun pleading. The Complaint identifies each materially false statement made by the Defendants, alleges that each is false and misleading and why, with sufficient specificity. ¶¶136-144; 145-147, 151-154, 155-158, 159-163, 164-166, 167-168, 169-172.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny the Officers Defendants' Motion in its entirety. If the Court is inclined to grant, in whole or in part, the Officer Defendants' Motion, Plaintiffs respectfully request that dismissal be without prejudice and with leave to amend to cure any defects via an amended pleading.  *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be freely given).

### **REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(b)(2), Plaintiffs hereby respectfully request that the Court, in its discretion, schedule oral argument on the Officer Defendants' Motion. Given the complex securities law matters raised in this motion, Plaintiffs submit that oral argument may assist the Court in its analysis and resolution of the Motion. Plaintiffs estimate that 15 minutes of time on their behalf would be sufficient to address the specific issues raised by Defendants Pereira and McIntosh in their Motion.

///

///

///

///

///

Dated: October 11, 2022

Respectfully submitted,

**SAXENA WHITE P.A.**

By: */s/ Adam D. Warden*
Joseph E. White, III (FL Bar No. 621064)
Adam D. Warden (FL Bar No. 873691)
Jonathan D. Lamet (FL Bar No. 106059)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
jwhite@saxenawhite.com
awarden@saxenawhite.com
jlamet@saxenawhite.com

*Local Counsel for Lead Plaintiff and*
*Local Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Leanne H. Solish
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
lsolish@glancylaw.com

*Counsel for Lead Plaintiff and*
*Lead Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
Phillip Kim, Esq. (*pro hac vice*)
Ha Sung (Scott) Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com
skim@rosenlegal.com

*Counsel for Plaintiff John K. Allen,*
*on behalf of the Joseph M. Driscoll Trust and*
*Plaintiff Alexander C. Takian*

10

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will automatically serve all counsel of record registered with the Court's CM/ECF system.

*s/ Adam D. Warden*
Adam D. Warden

12