**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| CANDIDO RODRIGUEZ, Individually and on behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, PETER BORDES, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, RICHARD MOWSER, KINGSWOOD CAPITAL MARKETS, REVERE SECURITIES LLC, and WESTPARK CAPITAL, INC.,<br><br>　　　　　　Defendants, | Case No. 1:21-cv-24232-KMW |

**DEFENDANTS PETER BORDES, JOHN M. COOK, II, JUSTIN ELKOURI, ALLISON FICKEN, JIM LEE, AND FRANK SMITH'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

James H. Cummings (FBN 27657)
**SMITH, GAMBRELL & RUSSELL, LLP**
Bank of America Tower, Suite 2600
50 North Laura Street
Jacksonville, FL 32202
Tel:  (904) 598-6127
Fax:  (904) 598-6300
jcummings@sgrlaw.com

Dan F. Laney (*pro hac vice*)
Austin J. Hemmer (*pro hac vice*)
**SMITH, GAMBRELL & RUSSELL, LLP**
1105 West Peachtree St. N.E., Suite 1000
Atlanta, GA 30309
Tel: (404) 815-3500
Fax: (404) 815-3509
dlaney@sgrlaw.com
ahemmer@sgrlaw.com

*Counsel for Defendants Peter Bordes, John M. Cook, II, Justin Elkouri, Allison Ficken, Jim Lee, and Frank Smith*

**TABLE OF CONTENTS**

Page(s)

INTRODUCTION ..................................................................................................................... 1

ARGUMENT AND CITATION OF AUTHORITIES.............................................................. 2

I. THE COMPLAINT IS AN IMPROPER SHOTGUN PLEADING ................................. 2

II. AT MOST, THE COMPLAINT ALLEGES MISMANAGEMENT, NOT A VIOLATION OF THE FEDERAL SECURITIES LAWS.................................................. 3

III. THE SECURITIES ACT CLAIMS FAIL ........................................................................ 3

    A. Alfi warned of the risk in the Registration Statement............................................. 3

    B. The alleged misstatements are not material .............................................................. 5

    C. Plaintiffs' losses are not attributable to the alleged misstatements......................... 9

    D. Plaintiffs' Section 15 control person claim fails..................................................... 11

CONCLUSION......................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akerman v. Oryx Commc'ns, Inc.*,
  810 F.2d 336 (2d Cir. 1987) ............................................................................................. 9, 10

*Barilli v. Sky Solar Holdings, Ltd.*,
  389 F. Supp. 3d 232 ........................................................................................................... 4, 5

*Barrett v. PJT Partners Inc.*
  *16-CV-2841 (VEC)*, 2017 WL 3995606 (S.D.N.Y. Sept. 8, 2017) ........................................ 5

*Beecher v. Able*,
  435 F.Supp. 397 (S.D.N.Y.1975) ...................................................................................... 9, 10

*Davidco Inv'rs, LLC v. Anchor Glass Container Corp.*
  *8:04CV2561T-24EAJ*, 2006 WL 547989 (M.D. Fla. Mar. 6, 2006) ...................................... 9

*De Vito v. Liquid Holdings Grp., Inc.*,
  CV156969KMJBC, 2018 WL 6891832 (D.N.J. Dec. 31, 2018) ............................................ 6

*Ditomasso v. Holiday CVS, L.L.C.*
  *17-CV-60064*, 2017 WL 733375 (S.D. Fla. Feb. 24, 2017) .................................................. 2

*Drucker v. Just for Feet Inc., CV 97-B-1*,
  578-S, 2000 WL 36733071 (N.D. Ala. Sept. 29, 2000) ..................................................... 7, 8

*FindWhat Inv'r Grp. v. FindWhat.com*,
  658 F.3d 1282 (11th Cir. 2011) ............................................................................................ 5

*Fortner v. Thomas*,
  983 F.2d 1024 (11th Cir. 1993) ............................................................................................ 9

*Grossman v. Waste Mgmt., Inc.*,
  589 F. Supp. 395 (N.D. Ill. 1984) ...................................................................................... 10

*Hemmer Grp. v. SouthWest Water Co.*,
  527 Fed. Appx. 623 (9th Cir. 2013) ...................................................................................... 6

*In re AFC Enterprises, Inc. Sec. Litig.*,
  348 F. Supp. 2d 1363 (N.D. Ga. 2004) .............................................................................. 10

*In re Atlas Mining Co., Sec. Litig.*,
  670 F. Supp. 2d 1128 (D. Idaho 2009) .................................................................................. 6

*In re Barclays Bank PLC Sec. Litig*
  *09 CIV. 1989 (PAC)*, 2016 WL 3235290 (S.D.N.Y. June 9, 2016)............................................. 10

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
  643 F. Supp. 2d 562 (S.D.N.Y. 2009)................................................................................. 9

*In re Greenlane Holdings, Inc. Sec. Litig.*,
  511 F. Supp. 3d 1283 (S.D. Fla. 2021)............................................................................. 3

*In re KLX, Inc. Sec. Litig.*,
  232 F. Supp. 3d 1269 (S.D. Fla. 2017)............................................................................. 7

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
  272 F. Supp. 2d 243 (S.D.N.Y. 2003)........................................................................ 9, 10

*In re ProShares Tr. Sec. Litig.*,
  728 F.3d 96 (2d Cir. 2013)............................................................................................. 3

*In re Unicapital Corp. Sec. Litig.*,
  149 F. Supp. 2d 1353 (S.D. Fla. 2001)......................................................................... 3, 4

*J.P. Morgan Sec., LLC v. Geveran Investments Ltd.*,
  224 So. 3d 316 (Fla. Dist. Ct. App. 2017)......................................................................... 6

*J & R Mktg., SEP v. Gen. Motors Corp.*,
  06-10201, 2007 WL 655291 (E.D. Mich. Feb. 27, 2007)..................................................... 6

*Litwin v. Blackstone Grp., L.P.*,
  634 F.3d 706 (2d Cir. 2011)........................................................................................... 8

*Miyahira v. Vitacost.com, Inc.*,
  715 F.3d 1257 (11th Cir. 2013)................................................................................... 3, 6

*Miyahira v. Vitacost.com, Inc.*,
  No. 10-80644, 2012 WL 12895513 ........................................................................... 8, 11

*Nelson v. Hodowal*,
  512 F.3d 347 (7th Cir. 2008)........................................................................................... 8

*Paylor v. Hartford Fire Ins. Co.*,
  748 F.3d 1117 (11th Cir. 2014)....................................................................................... 2

*Santa Fe Indus., Inc. v. Green*,
  430 U.S. 462 (1977) ..................................................................................................... 3

*Sec. & Exch. Comm'n v. Kingdom Legacy Gen. Partner, LLC*
  *2:16-cv-441-FtM-38MRM*, 2017 WL 417093 (M.D. Fla. Jan. 31, 2017)................................. 2

iv

*Wagner v. First Horizon Pharm. Corp.*,
  464 F.3d 1273 (11th Cir. 2006) ..................................................................................... 2

**Statutes**

11 U.S.C. § 362 ............................................................................................................... 1

15 U.S.C. § 77k(e) .......................................................................................................... 9, 10

15 U.S.C. § 77o ............................................................................................................... 11

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 9, 11

Federal Rule of Civil Procedure 12(e) ........................................................................... 11

Federal Rule of Civil Procedure Rule 9(b) .................................................................... 7

Defendants Peter Bordes, John M. Cook, II, Justin Elkouri, Allison Ficken, Jim Lee, and Frank Smith (collectively, the "Moving Defendants") respectfully submit this Reply in Support of their Motion to Dismiss the Amended Consolidated Class Action Complaint (the "Complaint") or, in the Alternative, for a More Definite Statement (ECF No. 98, referred to herein as the "Motion").[1]

## **INTRODUCTION**

There is no actionable violation of the federal securities laws here.  What Plaintiffs allege is, at most, corporate mismanagement.  Plaintiffs allege that Alfi did not have adequate internal controls over financial reporting and disclosure at the time of its Initial Public Offering in May 2021.  But the Registration Statement did not state that Alfi had adequate internal controls.  To the contrary, the Registration Statement specifically warned investors that, as a new startup with inexperienced management and limited resources, Alfi may not be able to establish and maintain adequate internal controls.

Plaintiffs also complain that Alfi used certain accounting methods that allegedly did not comply with Generally Accepted Accounting Principles ("GAAP"), but the Registration Statement expressly disclosed the specific accounting methods that Alfi actually used.  Moreover, Plaintiffs make no effort to allege how any of the decisions to use these accounting methods would be material to a reasonable investor.  Indeed, the decision to treat these line items one way or another did not affect earnings *because Alfi never generated any meaningful revenue*.  And when the financials were restated to comply with GAAP, *Alfi's stock price went up*.

From the beginning, Alfi was a speculative technology startup, and investors knew this.  Indeed, Alfi told them as much in the Registration Statement.  This is a case about a startup company that simply did not succeed, just like many other startup companies do not succeed.

---

[1] The Motion was filed on behalf of the Moving Defendants and Alfi, Inc.  On October 17, 2022, however, Alfi filed a Suggestion of Bankruptcy (ECF No. 108) informing the Court and the parties that Alfi had filed a Chapter 7 bankruptcy petition.  *See In re: Alfi, Inc.*, Case No. 22-10979 (KBO) (Bankr. D. Del.).  Pursuant to 11 U.S.C. § 362, the bankruptcy petition stays the continuation of this action as to Alfi.  Therefore, this Reply is filed only on behalf of the Moving Defendants and not on Alfi's behalf.  Plaintiffs only assert claims against the Moving Defendants under the Securities Act of 1933 (the "Securities Act") for purported misrepresentations and omissions in Alfi's Registration Statement.  This Reply does not address other claims against other Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

But a failed business with allegedly lacking management does not equate to a violation of the federal securities laws.

## ARGUMENT AND CITATION OF AUTHORITIES

### I.   THE COMPLAINT IS AN IMPROPER SHOTGUN PLEADING

In this Circuit, shotgun pleadings are strictly forbidden and must be dismissed for re-pleading. *See, e.g., Ditomasso v. Holiday CVS, L.L.C.*, 17-CV-60064, 2017 WL 733375, at *2 (S.D. Fla. Feb. 24, 2017) ("A district court has the *sua sponte* obligation to identify and dismiss a shotgun complaint.") (citing *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014)); *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1280 (11th Cir. 2006) (holding that trial court should have, *sua sponte,* ordered re-pleading of shotgun pleading asserting violations of the Securities Act and the Exchange Act). In their Response (ECF No. 105), Plaintiffs tellingly do not cite a single Eleventh Circuit decision, despite the wealth of Eleventh Circuit precedent on this issue. (Response at 24-25.) Instead, they largely point to decisions from other district courts that, with one exception, are outside of this Circuit.[2] Even then, they still fail to engage in any meaningful analysis of those decisions or the Complaint in this case to show why this Court is not required to order re-pleading.

Plaintiffs' Complaint constitutes each of the three types of shotgun pleadings prohibited in the Eleventh Circuit. (*See* Motion at 12 ("at 77 pages and 240 paragraphs (with over 50 subparts), the Complaint is hardly the 'short and plain statement of the claim' required by Rule 8(a)2. It is instead an especially offensive shotgun pleading that hits all three bases: [1] incorporation of 'each and every' paragraph; [2] incorporation of mass, general allegations (even incorporation upon incorporation); and [3] incorporation of nonmaterial allegations").)

Accordingly, if the Complaint is not dismissed on the merits, Plaintiffs must be ordered to re-plead to meet the standards imposed by Eleventh Circuit precedent.

---

[2] Plaintiffs cite only one district court case from this Circuit, although not this Court. (*See* Response at page 25 (citing *Sec. & Exch. Comm'n v. Kingdom Legacy Gen. Partner, LLC*, o. 2:16-cv-441-FtM-38MRM, 2017 WL 417093, at *4 (M.D. Fla. Jan. 31, 2017)).) But the court in that case found the complaint – filed by the SEC – was not a shotgun pleading because, unlike Plaintiffs' Complaint here, "every antecedent allegation is not incorporated into each subsequent claim." *See Kingdom Legacy Gen. Partner, LLC*, 2017 WL 417093, at *4.

II.     **AT MOST, THE COMPLAINT ALLEGES MISMANAGEMENT, NOT A VIOLATION OF THE FEDERAL SECURITIES LAWS**

In the Motion, the Moving Defendants showed that the allegations in the Complaint, especially Plaintiffs' allegations that appear to relate to the Securities Act claims (*i.e.*, that management made accounting errors and did not have adequate internal controls over financial reporting and disclosure) are no more than allegations of corporate mismanagement, not securities violations, and should be dismissed under *Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 478–79 (1977) and decisions applying *Santa Fe*.  (*See* Motion at 13-14.)   Nowhere in their Response do Plaintiffs confront these authorities.  The Securities Act claims asserted against the Moving Defendants should therefore be dismissed on this ground.

III.    **THE SECURITIES ACT CLAIMS FAIL**

A.      **Alfi warned of the risk in the Registration Statement**

As argued in the Motion, Plaintiffs cannot recover under the Securities Act for an alleged lack of adequate internal controls over financial reporting and disclosure because Alfi warned of the exact risk that allegedly materialized.  (Motion at 27-28.)  Plaintiffs make no effort to distinguish or confront the authorities cited by the Moving Defendants on this issue.  Instead, Plaintiffs merely assert that the warnings in the Registration Statement were "boilerplate" and should therefore be disregarded by the Court.  (Response at 8 (citing *In re Unicapital Corp. Sec. Litig.*, 149 F. Supp. 2d 1353, 1374 (S.D. Fla. 2001)).)  However, just because Plaintiffs label Alfi's warnings as "boilerplate" does not make it so.  Nor does a characterization of a warning as boilerplate necessarily render a warning ineffective.

In *Unicapital*, the court analyzed the "safe harbor" provision under the PSLRA, which is not directly on point with respect to Plaintiffs' Section 11 Securities Act claim.  Instead, "a disclosure [is] adequate, for purposes of a Section 11 claim, so long as it convey[s] the general gist of the risk – even if it failed to apprise investors of the specific danger to which the company ultimately became exposed."  *In re Greenlane Holdings, Inc. Sec. Litig.*, 511 F. Supp. 3d 1283, 1299 (S.D. Fla. 2021) (citing *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257 (11th Cir. 2013)); *see also In re ProShares Tr. Sec. Litig.*, 728 F.3d 96, 102 (2d Cir. 2013) ("prospectuses are not required to address reasonable investors as if they were children in kindergarten") (internal punctuation omitted); *id.* at ("[b]ecause the role of the materiality requirement is not to attribute to investors a child-like simplicity, we presume that a reasonable investor can comprehend the

3

basic meaning of plain-English disclosures…") (internal punctuation omitted).  Even in the *Unicapital* court's discussion of the PSLRA's safe harbor provision, the court stated that "the warning need not explicitly describe the particular happenings that ultimately come to pass, but it must be sufficient to put a reasonable investor on notice of the potential that something similar to those happenings could occur."  *See In re Unicapital Corp. Sec. Litig.*, 149 F. Supp. 2d at 1375.

Indeed, the warning the court in *Unicapital* found inadequate was a true general, boilerplate warning regarding forward-looking statements that did not reference the risk that materialized in any meaningful way.  *See id*. at 1375 ("Certain statements made in this press release (including, without limitation, statements regarding the possible implementation and timing of our e-business initiatives and the effects of such initiatives on our business, the possible parties with which we may partner or agree to pursue any e-business initiatives, and possible future lease originations) may be deemed to be forward-looking statements that involve risks and uncertainties...").  Here, however, Alfi's Registration Statement specifically warned that Alfi's management, who lacked experience in running a public company, may not establish or maintain adequate internal controls over financial reporting and disclosure and such controls may not be effective.  (*See, e.g.,* Motion, Ex. 11 at 17 (ECF No. 98-13 at Page 25) ("There are significant obligations we will now be subject to relating to reporting, procedures and internal controls, and our management team may not successfully or efficiently manage our transition to being a public company."); *id.* at 18 (ECF No. 98-13 at Page 26) ("***If we fail to establish and maintain proper and effective internal control over financial reporting, our operating results and our ability to operate our business could be harmed***.") (original emphasis); *id.* ("***Our disclosure controls and procedures may not prevent or detect all errors… because of the inherent limitations in our control system, misstatements or insufficient disclosures due to error or fraud may occur and not be detected***").)

In the face of these warnings, Plaintiffs cannot and do not meaningfully argue that their allegation that Alfi lacked adequate internal controls over financial reporting and disclosure amounts to a misrepresentation in the Registration Statement, and they instead focus on the alleged accounting errors.  This may be because Alfi never stated that it had "adequate" controls. *See Barilli v. Sky Solar Holdings*, *Ltd.*, 389 F. Supp. 3d 232, 254 n. 18 (S.D.N.Y. 2019) ("In their Complaint, Plaintiffs state that Sky represented that its internal controls were adequate in the Prospectus. Because the Prospectus itself, on which the Complaint relies, does not appear to

make such an assertion, the Court does not assume the truth of that allegation in evaluating the sufficiency of the SAC.").[3] Alfi instead stated:

> Our internal control over financial reporting is a process designed to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements in accordance with generally accepted accounting principles. In connection with this offering, we intend to begin the process of documenting, reviewing and improving our internal controls and procedures for compliance with Section 404 of the Sarbanes-Oxley Act, which will require annual management assessment of the effectiveness of our internal control over financial reporting.

(Motion, Ex. 11 at 18 (ECF No. 98-13 at Page 26); *see also id.* (same regarding disclosure controls).)   These kinds of "aspirational statements" that a process is "*designed*" to provide reasonable assurances are simply not actionable statements, especially, as is the case here, where investors are also warned that such controls may not be effective.  *See Barrett v. PJT Partners Inc.,* 16-CV-2841 (VEC), 2017 WL 3995606, at \*6 (S.D.N.Y. Sept. 8, 2017) (dismissing claim where plaintiff failed to identify any specific representation that the company had "in place any particular internal control that, in fact, it d[id] not have"); *Barilli*, 389 F. Supp. 3d at 253 ("Similarly, statements regarding the introduction of internal controls do not, standing alone, constitute assertions that the controls are adequate, nor does a subsequent circumvention of such controls support an inference that descriptive statements about the implementation of such controls were false.").   Accordingly, Plaintiffs' Securities Act claim based on the assertion that Alfi lacked adequate internal controls over financial reporting and disclosure fails as a matter of law.

### B.      The alleged misstatements are not material

In the Motion, the Moving Defendants showed that each of the alleged accounting errors were not material because the allegedly erroneous accounting treatment was disclosed in notes to the financial statements in the Registration Statement. (*See* Motion at 25-26.)  Plaintiffs do not offer a response to these points or make any effort to show how Alfi's use of alleged non-

---

[3] Plaintiffs halfheartedly argue that the Court should not consider the Registration Statement in ruling on this Motion. (*See* Response at 9, n. 5.)  But the Registration Statement is referenced in and central to the Securities Act claims in the Complaint.  It should not only be considered by the Court, but it controls over any inconsistent allegations.  *Barilli*, 389 F. Supp. 3d at 254 n. 18; *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1297 (11th Cir. 2011) (A district court may consider extrinsic documents central to or referenced in the complaint and may also take judicial notice of documents filed with the SEC in ruling on a motion to dismiss.").

GAAP accounting methods that were nonetheless disclosed could have been material (*i.e.*, that there is a "substantial likelihood that the disclosure of the omitted information would have been viewed by the reasonable investor as having significantly altered the total mix of information made available"). *See Miyahira*, 715 F.3d at 1266 (affirming dismissal of Section 11 claim where plaintiff failed to show misstatements were material).

Plaintiffs instead argue that because financials are only required to be restated under GAAP if the errors are material from an accounting perspective, *any* restatement is therefore material and actionable under the Securities Act. (Response at 7.) While Plaintiffs cite decisions from other courts for this point, Plaintiffs seem to acknowledge this is a stretch. (*See id.* at 8, n. 4.)[4] Perhaps this is because Plaintiffs' only Circuit Court of Appeals authority actually *rejects* such a superficial approach to materiality. *See Hemmer Grp. v. SouthWest Water Co.*, 527 Fed. Appx. 623, 626 (9th Cir. 2013) ("Allegations of improper accounting requiring a restatement does not, by itself, establish materiality. A plaintiff must show with particularly how the accounting irregularities affected the company's financial statements and whether they were material in light of the company's overall financial position. A restatement can be used as evidence to support such a showing.")

Other courts have also rejected this too-simplistic approach to materiality that would turn any restatement, no matter how minimal or how conservative management was in deciding to make such a restatement, into a material misstatement for the purposes of alleging a violation of the federal securities laws. *See J & R Mktg., SEP v. Gen. Motors Corp.*, 06-10201, 2007 WL 655291, at *12 (E.D. Mich. Feb. 27, 2007) ("While these changes may have been material from an *accounting* perspective, Plaintiffs' brief is bereft of any *legal* authority to support its attempted alchemy of transforming an accounting standard into a principle of federal securities law, so this argument is without merit.") (original emphasis); *In re Atlas Mining Co., Sec. Litig.*, 670 F. Supp. 2d 1128, 1134 (D. Idaho 2009) (same); *see also J.P. Morgan Sec., LLC v. Geveran Investments Ltd.*, 224 So. 3d 316, 325 (Fla. Dist. Ct. App. 2017) ("many federal courts have

---

[4] Moreover, in the single district court case cited by Plaintiffs on this point, the court did not rely on the restatement of financials alone to find that materiality had been adequately alleged. *See De Vito v. Liquid Holdings Grp., Inc.*, CV156969KMJBC, 2018 WL 6891832, at *32 (D.N.J. Dec. 31, 2018) ("Other revelations from the Audit Committee's Investigation also support the conclusion that plaintiffs have sufficiently pled materiality as to those issues respectively, including the Von Allmen Stock Transfer Agreement and the Keller/Storms Loan.").

held that a misstatement under the accounting standard for materiality is not per se material as a legal matter"). It does not appear the Eleventh Circuit or any district court in this Circuit has adopted this superficial approach to materiality. However, given that authority in this Circuit holding that alleging a GAAP violation alone is not sufficient to establish a securities claim, it is unlikely the Eleventh Circuit would adopt such an approach. *See, e.g., In re KLX, Inc. Sec. Litig.*, 232 F. Supp. 3d 1269, 1279 (S.D. Fla. 2017) ("In the Eleventh Circuit, however, allegations of violations of ... GAAP, standing alone, do not satisfy the particularity requirement of Rule 9(b).") (internal quotations omitted).

Plaintiffs also fail to distinguish the authority cited by the Moving Defendants showing that an alleged deviation from GAAP is not a material misstatement where, as is the case here, the non-conforming accounting methods were disclosed to the investing public in the Registration Statement. (*See* Motion at 26 (citing *Drucker v. Just for Feet Inc.*, CV 97-B-1578-S, 2000 WL 36733071, at *4 (N.D. Ala. Sept. 29, 2000) (granting motion to dismiss and stating that disclosure of the allegedly improper accounting treatment "*fatally undermines* plaintiffs' contention that use of this accounting treatment forms the basis of a securities fraud claim") (emphasis added).)[5] Plaintiffs incorrectly assert that the restatement in *Drucker* was "due to the company's decision to change to a different accounting methodology from a different but also recognized, sanctioned accounting methodology, with no violation of GAAP." (Response at 10.) But that is not what the plaintiff alleged in *Drucker*. *See Drucker*, 2000 WL 36733071, at *5 ("Plaintiff next argues that defendants violated the Securities Act by failing to disclose that the Company's method of accounting for store pre-opening costs was 'inappropriate' and in violation of GAAP."). And the court ruled: "Even if the court assumes for the purposes of this motion that Just For Feet's original method of accounting for store pre-opening costs was inappropriate under GAAP, that accounting treatment nonetheless was adequately and accurately disclosed in the Prospectus, as were Just For Feet's financial results based on this accounting treatment." *Id.*

---

[5] Plaintiffs attempt to distinguish *Drucker* because the court found that the plaintiff had not alleged a "false statement." (Response at 10.) That is of no moment. Whether the disclosed information negates any inference that the statements were false or whether the disclosed information negates an inference that the statements were material in light of the total mix of the information, the allegations fail to amount to an allegation of a false material statement.

Here, just like in *Drucker*, Alfi disclosed the accounting methodology it actually used. And setting aside the fact that Alfi did not have any "financial results" to report because it had no meaningful revenue, Plaintiffs have not alleged that Alfi's financial results were incorrect under the accounting treatment that Alfi used and disclosed.  Plaintiffs offer no response to these points.[6]

Finally, as argued in the Motion, the market's reaction to these alleged errors shows that they were immaterial under the securities laws as a matter of law.  (Motion at 26 (citing *Miyahira v. Vitacost.com, Inc.,* No. 10-80644, 2012 WL 12895513, at *7 (S.D. Fla.) ("statements that cause an insignificant change in stock price" are immaterial "as a matter of law").)  Plaintiffs ask the Court to not apply this test of materiality merely because the court in *Miyahira* did not state what would constitute an insignificant change.  Plaintiffs note that *Miyahira* cited to a Seventh Circuit decision holding that "information that, when revealed, has no effect on a stock's price is not material to investors."  (Response at 10 (citing *Nelson v. Hodowal*, 512 F.3d 347, 350 (7th Cir. 2008).)  However, even using the *Nelson* standard of "no effect on [the] stock's price," the claim fails because it is undisputed that while Alfi's stock price initially fell modestly from $1.61 to $1.48 on Monday, March 14, 2022, after alleged errors were first disclosed, it quickly recovered and then some on March 15, 16, and 17 to close at $1.80 per share on March 17 and then $2.00 on March 22, and it did not close below its pre-disclosure, March 11 price of $1.61 until almost a month later on April 8, 2022.  (*See* Motion, Ex. 3a at 7 (ECF No. 98-4 at Page 8).)  And when the final Restatements were made on May 16, 2022, outside of the Class Period, the stock price ***went up*** the next trading day.  (Ex. 3a at 8 (ECF No. 98-4 at Page 9).)

Because Plaintiffs have failed to allege facts to show that these alleged accounting errors were material to a reasonable investor in light of the total mix of information, the Section 11 claim should be dismissed.

---

[6] Plaintiffs also incorrectly assert that a change in a line item on a balance sheet of 5% or more is "presumed material."  (Response at 8 (citing *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 719 (2d Cir. 2011).)  The Eleventh Circuit has never adopted such a formulaic approach to materiality, and ***neither did the court in Litwin***.  *See Litwin,* 634 F.3d at 717 ("We have consistently rejected a formulaic approach to assessing the materiality of an alleged misrepresentation.") (internal punctuation omitted).  Indeed, while *Litwin* did discuss that some cases have indicated that a deviation of less than 5% is *per se **immaterial***, it did not state the inverse, that a deviation of more than 5% is *prima facie* material.  *Id*. at 717.  Materiality requires more than a mere numerical deviation in a line item.

8

## C.   Plaintiffs' losses are not attributable to the alleged misstatements

As set forth in the Motion, Plaintiffs' Section 11 claim fails because the stock price did not fall when the alleged misstatements in the Registration Statement were disclosed.  (Motion at 29.)  While Plaintiffs point to language in cases from outside of this Circuit to halfheartedly argue that dismissal on these grounds is not appropriate because loss causation is an affirmative defense under Section 11, they begrudgingly acknowledge that courts dismiss Section 11 claims where there can be no question that the alleged misconduct did not cause an actionable stock drop.  (Response at 24 (citing *In re Giant Interactive Grp., Inc. Sec. Litig.*, 643 F. Supp. 2d 562, 572 (S.D.N.Y. 2009).)  Indeed, courts in this Circuit have dismissed Section 11 claims applying this affirmative defense.  *See Davidco Inv'rs, LLC v. Anchor Glass Container Corp.*, 8:04CV2561T-24EAJ, 2006 WL 547989, at \*25 (M.D. Fla. Mar. 6, 2006) ("dismissal is appropriate '[w]here it is apparent from the face of the complaint that the plaintiff cannot recover her alleged losses'") (citing *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (court may dismiss a complaint under Rule 12(b)(6) "when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint").

Plaintiffs also assert that "so long as the [stock price] recovery after the March 11, 2022 announcement did not exceed Alfi's $4.15 IPO price, any such recovery is irrelevant for a plaintiff's recovery under Section 11."  (Response at 24 (citing 15 U.S.C. § 77k(e)).)  That is simply not a correct statement of the law, and Plaintiffs tellingly cite no case law in support.

Instead, the law is that any "price decline before disclosure may not be charged to defendants."  *See Akerman v. Oryx Commc'ns, Inc.*, 810 F.2d 336, 342 (2d Cir. 1987); *Beecher v. Able,* 435 F.Supp. 397, 407 (S.D.N.Y.1975) (price decline before misstatement revealed not attributable to the defendants under § 11(e)); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 272 F. Supp. 2d 243, 254 (S.D.N.Y. 2003) (same).  And, here, Plaintiffs acknowledge in their Response that Alfi did not disclose the alleged misstatements (numbered as Statements 1-6 in ECF No. 98-12) that underpin their Securities Act claims until March 11, 2022.  (Response at 22, n. 10.)  By that date, however. Alfi's stock price had already fallen from its IPO price of $4.15 to $1.61.  (*See* Motion, Ex. 3a at 7 (ECF No. 98-4 at Page 8).)  And, as set forth above, following that disclosure, while there was a modest drop on March 14, 2022, Alfi's stock price quickly recovered and then some over the next three days.  Because Plaintiffs'

losses cannot be attributed to the disclosure of the alleged misstatements in the Registration Statement, the Section 11 claim should be dismissed.

Moreover, the statutory formula for calculating damages under 15 U.S.C.A. § 77k(e) cited by Plaintiffs forecloses any recovery as a matter of law.  Setting aside two exceptions that do not apply here, that statute provides that Plaintiffs can only recover the difference between the IPO stock price and the stock price at "the time such suit was brought."  15 U.S.C.A. § 77k(e).  While "the time such suit was brought" is not defined in the statute, courts have found that the time of suit for determining damages in a consolidated securities class action is the time the first complaint was filed.  *See Beecher*, 435 F. Supp. at 402 (finding that time of suit was date that first of three consolidated complaints was filed because that prevents "date-shopping"); *In re Barclays Bank PLC Sec. Litig.*, 09 CIV. 1989 (PAC), 2016 WL 3235290, at *5 (S.D.N.Y. June 9, 2016) ("The majority of cases hold that the proper date is that of the first-filed complaint, rather than of a later-filed amended or consolidated complaint."); *see also In re AFC Enterprises, Inc. Sec. Litig.*, 348 F. Supp. 2d 1363, 1380 (N.D. Ga. 2004) ("the appropriate measure of damages is the difference between the purchase price and the price of the stock on the day that the original complaint was filed").

Here, the first suit was filed on December 2, 2021.  (*See* Order (ECF No. 69) at 2.).  On that date, Alfi's stock price was $3.34.  (*See* Motion, Ex. 3a at 5 (ECF No. 98-4 at Page 6).)  Therefore, the only loss Plaintiffs could arguably recover for is the loss between the IPO price of $4.15 and the December 2, 2021 price of $3.34.  But Plaintiffs admit that the alleged misstatements were not disclosed until much later on March 11, 2022.  (Response at 22, n. 10.)  Because the only actionable "price decline" for the purposes of calculating damages in this action occurred **before** disclosure, the Section 11 claim fails as a matter of law.  *See In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 272 F. Supp. 2d at 254 ("Under the 1933 Act, 'the price decline before disclosure may not be charged to defendants.'") (quoting *Akerman,* 810 F.2d at 342); *C.f. Grossman v. Waste Mgmt., Inc.,* 589 F. Supp. 395, 416 (N.D. Ill. 1984) ("We agree with plaintiffs that the date of filing of the suit is a mere fortuity, but that is the date that Congress has unequivocally employed as the benchmark for measuring § 11 damages.").

**D.      Plaintiffs' Section 15 control person claim fails**

Because Plaintiffs' Section 15 claim against these individual Moving Defendants is predicated on an underlying violation of Section 11, and Plaintiffs' Section 11 claim fails for the reasons stated above, Plaintiffs' Section 15 claim must also be dismissed.  *See Miyahira*, 2012 WL 12895513 at *10 ("Plaintiffs' § 15 control person claims are predicated on an underlying violation of §§ 11 or 12(a)(2). 15 U.S.C. § 77o. Because Plaintiffs fail to establish an underlying violation of either of those provisions, their control person claims are dismissed.").

## CONCLUSION

Plaintiffs' Securities Act claims should be dismissed under Rule 12(b)(6) for the reasons set forth herein.  In the alternative, because the Complaint is an improper shotgun pleading, Plaintiffs should be ordered to re-plead pursuant to Rule 12(e).


Respectfully submitted:  November 28, 2022


**SMITH GAMBRELL & RUSSELL LLP**

 */s/ James H. Cummings*
James H. Cummings (FBN 27657)
Bank of America Tower, Suite 2600
50 North Laura Street
Jacksonville, FL 32202
Tel:  (904) 598-6127
Fax:  (904) 598-6300
jcummings@sgrlaw.com

Dan F. Laney (*pro hac vice*)
Austin J. Hemmer (*pro hac vice*)
1105 West Peachtree St. N.E., Suite 1000
Atlanta, GA 30309
Tel: (404) 815-3500
Fax: (404) 815-3509
dlaney@sgrlaw.com
ahemmer@sgrlaw.com

*Counsel for Defendants Peter Bordes, John
M. Cook, II, Justin Elkouri, Allison Ficken,
Jim Lee, and Frank Smith*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 28, 2022, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will automatically serve all counsel of record registered with the Court's CM/ECF system.

<u>/s/ James H. Cummings</u>
James H. Cummings (FBN 27657)
Smith, Gambrell & Russell, LLP
Bank of America Tower, Suite 2600
50 North Laura Street
Jacksonville, FL 32202
Tel:  (904) 598-6127
Fax:  (904) 598-6300
jcummings@sgrlaw.com

Dan F. Laney (*pro hac vice*)
Austin J. Hemmer (*pro hac vice*)
1105 West Peachtree St. N.E., Suite 1000
Atlanta, GA 30309
Tel: (404) 815-3500
Fax: (404) 815-3509
dlaney@sgrlaw.com
ahemmer@sgrlaw.com

*Counsel for Defendants Peter Bordes, John M. Cook, II, Justin Elkouri, Allison Ficken, Jim Lee, and Frank Smith*

12