**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:21-cv-24232-WILLIAMS/MCALILEY**

CANDIDO RODRIGUEZ, *individually and*
*on behalf of all others similarly situated*,

      Plaintiff,

                v.

ALFI, INC., *et al*.,

      Defendants.

_____

**DEFENDANTS PAUL PEREIRA'S AND DENNIS**
**MCINTOSH'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF THEIR JOINDER IN THE MOTION TO DISMISS**

**ADAMS AND REESE LLP**
John T. Rogerson, III (FBN 832839)
501 Riverside Avenue, Suite 601
Jacksonville, FL 32202
Tel: (904) 355-1700
Fax: (904) 355-1797
John.rogerson@arlaw.com

**GOODWIN PROCTER LLP**
Douglas H. Flaum (*pro hac vice*)
Samuel J. Rubin (*pro hac vice*)
Anna T. Wittman (*pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
dflaum@goodwinlaw.com
srubin@goodwinlaw.com
awittman@goodwinlaw.com

*Counsel for Defendants*
*Paul Pereira and Dennis McIntosh*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT........................................................................................................................... 2

    I.      THE OPPOSITION FAILS TO ADDRESS THE AMENDED COMPLAINT'S "SHOTGUN" PLEADING DEFICIENCIES UNDER BINDING ELEVENTH CIRCUIT PRECEDENT. ................................................................................. 2

    II.    THE OPPOSITION FAILS TO ADDRESS THE AMENDED COMPLAINT'S EXCHANGE ACT PLEADING DEFICIENCIES................................................ 4

        A.    The Opposition Does not Address the Amended Complaint's Failure to Adequately Allege Scienter. ..................................................................... 4

        B.    The Opposition does not Address the Amended Complaint's Failure to Adequately Allege Loss Causation. ........................................................... 6

CONCLUSION....................................................................................................................... 7

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Acuity Brands, Inc. Sec. Litig.*,
   No. 18-CV-2140-MHC, 2019 WL 10246166 (N.D. Ga. Aug. 12, 2019)...................................5

*Barmapov v. Amuial*,
   986 F.3d 1321 (11th Cir. 2021) ...............................................................................................2

*In re Campbell Soup Co. Sec. Litig.*,
   145 F. Supp. 2d 574 (D.N.J. 2001) ..........................................................................................5

*Cheney v. Cyberguard Corp.*,
   No. 98-6879–CIV–GOLD, 2000 WL 1140306 (S.D. Fla. July 31, 2000)................................5

*City of Los Angeles v. Bankrate, Inc.*,
   No. 14-cv-81323, 2015 WL 11438106 (S.D. Fla. Nov. 23, 2015) ...........................................7

*Garfield v. NDC Health Corp.*,
   466 F.3d 1255 (11th Cir. 2006) ...............................................................................................6

*Hemmer Grp. v. SouthWest Water Co.*,
   527 F. App'x 623 (9th Cir. 2013) .............................................................................................6

*In re Med/Waste, Inc. Sec. Litig.*,
   2000 WL 34241099 (S.D. Fla. Aug. 30, 2000)..........................................................................6

*Meyer v. Greene*,
   710 F.3d 1189 (11th Cir. 2013) ...............................................................................................7

*Plymouth Cnty. Ret. Sys. v. Carter's Inc.*,
   No. 1:08-CV-02940-JOF, 2011 WL 13124501 (N.D. Ga. Mar. 17, 2011) .............................5

*In re Royal Caribbean Sec. Litig.*,
   No. 1:11–22855–CIV, 2013 WL 3295951 (S.D. Fla. April 19, 2013) .....................................4

*S.E.C. v. Kingdom Legacy Gen. Partner*,
   No. 2:16–cv–441–FtM–38 (MRM), 2017 WL 417093 (M.D. Fla. Jan. 31,
   2017) .........................................................................................................................................3

*Santa Fe Indus., Inc. v. Green*,
   430 U.S. 462 (1977).............................................................................................................2, 3

*South Ferry v. Killinger*,
   542 F.3d 776 (9th Cir. 2008) ...................................................................................................5

*Tellabs, Inc. v. Mako Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)............................................................................................................4

*Wagner v. First Horizon Pharm. Corp.*,
   464 F.3d 1273 (11th Cir. 2006) .........................................................................................3

**Other Authorities**

Fed. R. Civ. P. 9(b) .................................................................................................................1, 4, 6

Fed. R. Civ. P. 12(e) ...................................................................................................................2, 7

Fed. R. Civ. P. 12(b)(6)...............................................................................................................2, 7

Defendants Pereira and McIntosh respectfully submit this supplemental reply memorandum of law in further support of their joinder and supplemental memorandum of law (ECF No. 99 (the "Opening Brief")) in support of the Company Motion (ECF No. 98).[1]

## PRELIMINARY STATEMENT

As set forth in the Opening Brief, Plaintiffs' Amended Complaint suffers from a number of independently dispositive pleading deficiencies under applicable Eleventh Circuit law.  The Opposition's essential response is to ignore binding precedent and, instead, cobble together more favorable, but inapposite, pleading standards from various other jurisdictions.

As a threshold matter, the Opposition essentially concedes that the Amended Complaint is a paradigmatic "shotgun" pleading under controlling Eleventh Circuit precedent.  Even putting aside its prolix (75 pages and 240 individually-numbered paragraphs with extensive subparts), it indiscriminately collapses the entirety of the allegations in the Amended Complaint into each and every claim for relief whether the factual allegations are applicable or not.  Most prejudicially, it conflates its fraud-based (Exchange Act) allegations with its non-fraud-based (Securities Act) allegations.  It also fails to differentiate among the defendants or identify any particularized facts giving rise to a strong inference of intent ascribed to particular individuals or entities.  To the contrary, it wholesale incorporates express disclaimers of fraudulent intent into causes of action that require scienter to be pleaded as a requisite element of the claim.

These imprecise pleading tactics are not mere technicalities:  they infect other aspects of the Amended Complaint, for which the Opposition offers no response.  Plaintiffs' shotgun approach, and related failures to adhere to the particularized pleading requirements of Federal Rule 9(b) and the PSLRA, make it impossible to discern which allegations are being used to purportedly allege fraud (much less against which defendants), and which are merely instances of alleged

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings set forth in Defendants Pereira's and McIntosh's August 12, 2022 Opening Brief filed at ECF No. 99. Plaintiffs' October 11, 2022 opposition to the Opening Brief (ECF No. 107) is referred to herein as the "Opposition" or "Opp. Br."  Plaintiffs' October 11, 2022 opposition to the Company Motion (ECF No. 105) is referred to herein as the "Company Opposition" or the "Company Opp. Br." Defendants Pereira and McIntosh further join in Alfi's November 28, 2022 reply memorandum in further support of the Company Motion filed on behalf of the Alfi director defendants  (ECF No. 109 (the "Director Defendants' Reply")) and submit this reply memorandum in support of arguments unique to Defendants Pereira and McIntosh.

corporate mismanagement, which the Supreme Court has held for nearly forty-five years under *Santa Fe Indus., Inc. v. Green* and its progeny, is not actionable under the federal securities laws.

Fatally for Plaintiffs, the Opposition fails to address other basic pleading deficiencies identified in the parties' opening submissions. It pleads no facts establishing the requisite "strong inference" of scienter that is necessary to plead a securities fraud class action under the Exchange Act.[2] Instead, again, it resorts to more lenient pleading standards applicable outside the Eleventh Circuit—and substantially curtailed within it—to suggest that Defendants Pereira and McIntosh should be presumed to have acted with fraudulent intent merely because they occupied senior management positions and, in those capacities signed securities filings on Alfi's behalf. But pleading scienter, in this Circuit, requires a demonstration of actual intent to defraud or severe recklessness—neither of which has been alleged with the requisite specificity.

The Opposition also fails to persuasively address the Amended Complaint's remaining deficiencies with regard to its alleged Securities Act violations (which are addressed in the Director Defendants' Reply and joined by Defendants Pereira and McIntosh) or the Exchange Act (as set forth in the Company Motion, the Opening Brief and further herein). As set forth in the Opening Brief, the Amended Complaint fails to comply with applicable Eleventh Circuit pleading standards and should be dismissed pursuant to Rules 12(b)(6) or, alternatively, Plaintiffs should be directed to provide a more definitive statement of their claims pursuant to Rule 12(e).

## ARGUMENT

**I.     THE OPPOSITION FAILS TO ADDRESS THE AMENDED COMPLAINT'S "SHOTGUN" PLEADING DEFICIENCIES UNDER BINDING ELEVENTH CIRCUIT PRECEDENT.**

Courts in this Circuit are especially (if not uniquely) rigorous in enforcing the prohibition on "shotgun" pleadings. *See, e.g.*, *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (holding that "[s]hotgun pleadings 'are flatly forbidden by the spirit, if not the letter, of these rules' [FRCP 8 and 10] because they are 'calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked.'" (citations omitted)). As set forth in the Opening Brief (*see* § I), the Eleventh Circuit is particularly unforgiving of such pleadings where, as is the case here, non-fraud Securities

---

[2]     Defendants Pereira and McIntosh join in the Company Reply which addresses Plaintiffs' claims advanced under Section 11 of the Securities Act.

Act claims are pleaded together with fraud-based Exchange Act Claims. *Id.* (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006)).

The Opposition ignores the Amended Complaint's pleading issues—and this Circuit's binding authority—by deciding instead to discuss pleading standards from seven out-of-Circuit decisions which Plaintiffs argue provide comparatively generous standards this Court should apply. *See* Company Opp. Br. at § III.F. And the one and only case cited by Plaintiffs from within this Circuit (*S.E.C. v. Kingdom Legacy Gen. Partner*, No. 2:16–cv–441–FtM–38 (MRM), 2017 WL 417093, at *4 (M.D. Fla. Jan. 31, 2017)) proves the point.

In *Kingdom Legacy*, the complaint was not a "shotgun pleading" because it was "clear that every antecedent allegation [was] <u>not</u> incorporated into each subsequent claim" and that "[t]o the extent that the Complaint incorporates factual allegations into its claims, <u>each of the allegations within the specified paragraph range relate to each securities fraud count</u>." *Id.* at *4 (emphases added).[3] The opposite is the case here where the Exchange Act Claims—which require fraud and intent as an element—are each a wholesale reincorporation of the entire antecedent pleading that creates a completely undifferentiated mish-mosh of the fraud and non-fraud factual allegations.

Moreover, the Opposition offers no substantive rejoinder to the arguments that, as a consequence of the Amended Complaint's imprecise shotgun nature, it is impossible to decouple Plaintiffs' allegations of fraud from those asserting non-actionable corporate mismanagement under *Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 477 (1977). Opening Br. at § I; Company Motion at § IV. Neither the Opposition nor the Company Opposition mentions *Santa Fe*, and Plaintiffs' entire discussion of the distinction between securities fraud and mismanagement is superficial and conclusory. *See* Company Opp. Br. at 13-14.

---

[3]   By contrast here, in the "Third Claim" and "Fourth Claim" of the Amended Complaint (both of which allege fraud), "Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein" (*see* Am. Compl. ¶¶ 226, 237) including the entirety of the preceding paragraphs which expressly disclaim fraud (*see id.* ¶¶ 136, 214, 224 incorporating "First Claim" and "Second Claim")). By contrast, the complaint in *Kingdom Legacy* only incorporated the preceding substantive allegations (*see, e.g.,, Kingdom Legacy*, Compl. (ECF No. 1) at ¶¶ 1-39) and, in some counts, further specified a particular additional paragraph it intended to include (*e.g., id.* at ¶¶ 1-39 and 63). The *Kingdom Legacy* complaint did not collapse each antecedent cause of action into the next cause of action as does the Amended Complaint nor did it included disclaimers of fraud in its fraud-based counts.

3

## II.  THE OPPOSITION FAILS TO ADDRESS THE AMENDED COMPLAINT'S EXCHANGE ACT PLEADING DEFICIENCIES.

### A.  The Opposition Does not Address the Amended Complaint's Failure to Adequately Allege Scienter.

As set forth in the Opening Brief, under the PSLRA, securities fraud plaintiffs must allege facts, with particularity "giving rise to a strong inference that the defendant acted with the required state of mind."  *Tellabs, Inc. v. Mako Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).  Strong means "more than merely plausible or reasonable;" a strong inference must be "cogent and at least as compelling as any opposing inference of nonfraudulent intent."  *Id.* at 309.  As this Court has held, scienter requires a "a showing of either an intent to deceive, manipulate, or defraud or severe recklessness."  *See In re Royal Caribbean Sec. Litig.*, No. 1:11–22855–CIV, 2013 WL 3295951, at *10 (S.D. Fla. April 19, 2013) (citation and quotation omitted).

As an initial matter, the Opposition offers no rejoinder to Plaintiffs' failure to allege any facts (with requisite particularity under the PSLRA and Federal Rule 9(b)) in a manner that purports to connect any of the four purported misrepresentations identified in the Exchange Act Claims (*see* Am. Compl. § VI(A)(1)(4)), with allegations of intentional or severely reckless conduct by Defendants Pereira or McIntosh.  Instead, as noted above, the Amended Complaint merely reincorporates the entirety of the pleading into Counts III and IV and identifies no specific misrepresentations or omissions attributable to Defendants Pereira or McIntosh in that claim for relief.  *See* Am. Compl. ¶¶ ¶¶ 136, 214, 224, 226, 237.

But such conclusory statements, without more, fall far short of the heightened pleading standards applied to a securities fraud claim, under both Rule 9(b) and the PSLRA.  *See In re Royal Caribbean*, 2013 WL 3295951, at *10  (observing under the PSLRA that "a securities fraud class action complaint must 'specify <u>each statement</u> alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed'" (emphasis added)).

Instead, and <u>again relying entirely on out-of-Circuit caselaw</u>, the Opposition argues, as a blanket matter that, in all small companies, the heighted pleading requirements should be written out of existence and instead scienter should be essentially presumed—under the "core operations doctrine"—wherever management is closely involved in the operations of the business because of "the importance of the information that was misstated can support a finding of scienter."  Opp. Br.

4

at 6.  But that is not the law in this Circuit.  *See In re Acuity Brands, Inc. Sec. Litig.*, No. 18-CV-2140-MHC, 2019 WL 10246166, at *25 (N.D. Ga. Aug. 12, 2019) ("the Eleventh Circuit has <u>never adopted the core operations doctrine</u> and the courts analyzing the doctrine recognize that if it is relied upon, it <u>very rarely can create a strong inference of scienter on its own</u>.") (emphases added) (citations omitted)).

Indeed, and not surprisingly, it is not even the holdings in the out-of-Circuit cases Plaintiffs cite.  For example, in *South Ferry v. Killinger*, 542 F.3d 776, 785 (9th Cir. 2008), the Ninth Circuit held that "management's role in a company may be relevant and <u>help</u> to satisfy the PSLRA scienter requirement" in certain circumstances but where a "complaint relies on allegations that management had an important role in the company but does not contain additional detailed allegations about the defendants' <u>actual exposure to information, it will usually fall short of the PSLRA standard</u>."  *Id.* 784-85 (emphases added).[4]

Here, the Amended Complaint contains no particularized factual allegations that Defendants Pereira and McIntosh made intentional or severely reckless false statements—regarding the number of tablets, regarding stock repurchases, or otherwise—after receiving contrary information from the Company.  This failure to provide "individualized allegations" that support an inference of fraudulent intent is fatal under Eleventh Circuit law.  *See, e.g.*, *Plymouth Cnty. Ret. Sys. v. Carter's Inc.*, No. 1:08-CV-02940-JOF, 2011 WL 13124501, at *17 (N.D. Ga. Mar. 17, 2011) (holding that "it is not automatically assumed that a corporate officer is familiar with certain facts just because these facts are important to the company's business; there <u>must be other, individualized allegations that further suggest that the officer had knowledge of the fact in question</u>." (emphasis added)).

The Opposition's reliance on the certification of Alfi's securities filings (Opp. Br. 7-8) is similarly insufficient to allege scienter against Pereira or McIntosh.  *See* Opening Br. at 8 (citing *Cheney v. Cyberguard Corp.*, No. 98-6879–CIV–GOLD, 2000 WL 1140306, at *9 (S.D. Fla. July 31, 2000), *modified on reconsideration,* No. 98–6879–CIV, 2001 WL 1916564 (S.D. Fla. Mar.

---

[4]      Plaintiffs' reliance on *In re Campbell Soup Co. Sec. Litig.*, 145 F. Supp. 2d 574, 599 (D.N.J. 2001), similarly mischaracterizes the core holding of the case.  Although the court acknowledged that "soup sales are indisputably the bread and butter of Campbell's business" that "more importantly" the plaintiffs in that litigation had identified "specific circumstances under which the [executive officer defendants] had access to and received information about the sales efforts and the related accounting practices."  *Id*.

21, 2001) ("it is well-established that [a]llegations that a director or officer signed public disclosures and/or was involved in the company's daily operations, standing alone, will not satisfy the pleading requirements of the PSLRA or Rule 9(b)")).[5]  Nor is a company's restatement of its financials sufficient to establish scienter under this Circuit's precedent.  *In re Med/Waste, Inc. Sec. Litig.*, 2000 WL 34241099, at *7 (S.D. Fla. Aug. 30, 2000) ("That Defendants revised and restated Med/Waste's previously reported financial figures, even to a great extent, provides no indication how or when Defendants became aware of the falsity of the original statements.").[6]

### B.  The Opposition does not Address the Amended Complaint's Failure to Adequately Allege Loss Causation.

The Opposition fails to respond the Opening Brief's and Company Motion's arguments regarding the Amended Complaint's failure to identify a "subsequent price drop" following a "corrective disclosure" of purportedly fraudulent statements or omissions.  Conceding that there was no "subsequent price drop" after the only statement that could possibly be considered a "corrective disclosure," Plaintiffs argue that a series of other disclosures—none of which corrected any allegedly fraudulent misstatement—should instead be collectively considered as the operative "corrective disclosure."  *See* Company Opp. Br. at § III.D.

But as Plaintiffs concede, to establish loss causation through alleged "partial disclosures," the partial disclosures still must "gradually reveal to the market the undisclosed truth" about a previously undisclosed fraud.  *See id.* at 19.  And to qualify as a "corrective disclosure," under

---

[5]     Defendants Pereira and McIntosh further join the Director Defendants' Reply's response to Plaintiffs' argument that any restatement of a company's financials is material and actionable under the Securities Act.  *See*  Director Defendants' Reply (at 6-9 (compiling cases and citing, *e.g.*, *Hemmer Grp. v. SouthWest Water Co.*, 527 Fed.Appx. 623, 626 (9th Cir. 2013) ("Allegations of improper accounting requiring a restatement does not, by itself, establish materiality. A plaintiff must show with particularly how the accounting irregularities affected the company's financial statements and whether they were material in light of the company's overall financial position.  A restatement can be used as evidence to support such a showing.")).

[6]     Likewise, Plaintiffs' reliance on *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1268 (11th Cir. 2006) to suggest that "violations of GAAP may be sufficient to establish scienter when combined with other red flags" (Company Opp. Br. at 15 (emphasis added)) proves the point.  In *Garfield*, the Eleventh Circuit affirmed the dismissal of a securities fraud class action based upon the restatement of a company's financials and holding that the scienter "requirement is satisfied if the person signing the certification had reason to know, or should have suspected, due to the presence of glaring accounting irregularities or other 'red flags,' that the financial statements contained material misstatements or omissions."  *Id*.  There are no such glaring accounting irregularities or red flags alleged here.

6

Eleventh Circuit precedent, the disclosure must be a "release of information that reveals to the market <u>the pertinent truth that was previously concealed or obscured</u> by the company's fraud." Company Motion at 18 (citing *Meyer v. Greene*, 710 F.3d 1189, 1196-97 (11th Cir. 2013)).[7] As set forth in the Opening Brief and Company Motion, the Amended Complaint failed to do so; the Opposition fails to address—much less cure—those deficiencies.

As ignored by the Opposition, <u>none</u> of the purported cohort of "corrective disclosures" that Plaintiffs cobble together reveals a truth to the market that was previously undisclosed due to the Company's alleged fraud. The first three (October 28, 2021, November 15, 2021, and November 16, 2021) do not reveal a truth that was previously concealed. *Id.* at 21. And the March 11, 2022 disclosure—which conveniently skips over the intervening February 23, 2022 true corrective disclosure likely because no losses were attributable to it—resulted only in an initial modest decline followed by a rapid and sustained recovery that negates loss causation. *Id.* at 21-22.

## CONCLUSION

For the reasons set forth herein and the Opening Brief—as well as the Company Motion, and Director Defendants' Reply in which Defendants Pereira and McIntosh join—the Defendants Pereira and McIntosh respectfully request that this Court dismiss all claims against them in their entirety and with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, direct Plaintiffs to supply a more definite statement of their claims pursuant to Rule 12(e).

---

[7] Plaintiffs' suggestion that the Court should not decide loss causation at the pleading stage is misguided. Courts within this Circuit grant dismissal at the pleading stage based on failures to adequately allege loss causation, where, as here, such determinations can be made from the face of the complaint. *See, e.g.*, *Meyer*, 710 F.3d at 1200 (affirming 12(b)(6) dismissal of securities fraud class action at the pleading stage for failure to adequately allege loss causation); *City of Los Angeles v. Bankrate, Inc.,* No. 14-cv-81323, 2015 WL 11438106, at *1 (S.D. Fla. Nov. 23, 2015) (dismissing securities fraud claims for failure to allege loss causation).

Dated: November 28, 2022

**ADAMS AND REESE LLP**

 /s/  John T. Rogerson
John T. Rogerson, III (FBN 832839)
501 Riverside Avenue, Suite 601
Jacksonville, FL 32202
Tel: (904) 355-1700
Fax: (904) 355-1797
John.rogerson@arlaw.com

**GOODWIN PROCTER LLP**

Douglas H. Flaum (*pro hac vice*)
Samuel J. Rubin (*pro hac vice*)
Anna T. Wittman (*pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
dflaum@goodwinlaw.com
srubin@goodwinlaw.com
awittman@goodwinlaw.com

*Counsel for Defendants*
*Paul Pereira and Dennis McIntosh*

8