**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:21-cv-24232-KMW

CANDIDO RODRIGUEZ, individually and on behalf )
of all others similarly situated, )
 )
            Plaintiff, )
 )
v. )
 )
ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS )
MCINTOSH, JOHN M. COOK, II, PETER BORDES, )
JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, )
FRANK SMITH, RICHARD MOWSER, KINGSWOOD )
CAPITAL MARKETS, REVERE SECURITIES LLC, )
and WESTPARK CAPITAL, INC., )
 )
            Defendants. )
_____)

**DEFENDANTS KINGSWOOD CAPITAL MARKETS, REVERE SECURITIES LLC,**
**AND WESTPARK CAPITAL, INC.'S REPLY BRIEF SUPPORTING THEIR**
**MOTION TO DISMISS PLAINTIFF'S AMENDED CONSOLIDATED COMPLAINT**

Defendants Kingswood Capital Markets, Revere Securities, LLC, and WestPark Capital, Inc. (collectively the "**Underwriter Defendants**"), by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2) and 12(b)(6), and Southern District of Florida Local Rule 7.1, hereby submit this Reply Brief in Support of Their Motion to Dismiss plaintiff Candido Rodriguez's ("**Rodriguez**" or "**Plaintiff**") Amended Consolidated Class Action Complaint ("**AC**") (ECF No. 82).

## I.    INTRODUCTION

Plaintiff's Opposition Brief ("**Opposition**" or "**Opp.**") confirms that the Amended Complaint fails to state a cause of action against the Underwriter Defendants and should be dismissed. The Opposition confirms that Plaintiff seeks to hold the Underwriter Defendants liable for only two subsets of statements contained within the Registration Statement for Alfi's IPO: (1) Alfi's audited financials for FY 2019 and FY 2020, and (2) statements about Alfi's "internal controls over financial reporting." Opp. at 8; AC at ¶¶ 140-143, 145, 146. The Underwriter Defendants cannot be liable for either of these categories of statements.

As to Alfi's audited financial statements, the law is clear that "underwriters may reasonably rely on auditors' statements, absent red flags that the underwriters were in a position to see." *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1175 (C.D. Cal. 2008); *accord In re MF Global Holdings Ltd. Sec. Litig.*, 982 F. Supp. 2d 277, 322 (S.D.N.Y. 2013). The Amended Complaint does not allege the existence of any red flags that might have given the underwriters a hint that Alfi's audited FY 2019 and FY 2020 financial statements contained errors.

As to statements about Alfi's internal controls, the Opposition fails to identify anything said in the Registration Statement about those controls that was false. The Registration Statement did <u>not</u> say that Alfi's internal controls were "effective" or even "good;" to the contrary, Alfi's

Registration Statement disclosed that Alfi's internal controls needed to be improved, and warned potential investors that Alfi might not succeed in that effort. When Alfi later disclosed that it had discovered certain deficiencies in its internal controls, that merely affirmed what the Company previously said about those controls. That is not fraud.

Plaintiff's Opposition fails to engage with the substance of these arguments and, instead, urges this Court to delay dismissing the case on the incorrect premise that dismissal necessitates "fact-intensive inquiries, that are generally not properly resolved on a motion to dismiss," Opp. at 9, and thus the Underwriter Defendants' arguments are premature at this stage. But there is no need for any "factual inquiry" because Plaintiff's pleading failures and the Underwriter Defendants' defense are clear on the face of the Amended Complaint. When, as is the case here, the face of a complaint establishes an affirmative defense, dismissal is appropriate. This Court should dismiss Plaintiff's sole cause of action against the Underwriter Defendants.

## II.     ARGUMENT

**A.     The Section 11 Claim Against The Underwriter Defendants Related To Alfi's Audited Financial Statements Should Be Dismissed, Because The Underwriter Defendants' Due Diligence Defense Relating To That Claim Is Established On The Face Of The Amended Complaint.**

The Eleventh Circuit has clearly stated that "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir.1984); *see also Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993); *Howard v. Chanticleer Holdings, Inc*. No. 12-81123-CIV, 2013 WL 5236641, at *6 (S.D. Fla. Sept. 17, 2013) ("A complaint is subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim.").

That is the case here. It is clear on the face of the Amended Complaint that Plaintiff's claim asserted against the Underwriter Defendants is limited to Section 11 of the Securities Act. The Securities Act provides a complete affirmative defense for underwriters who reasonably rely on parts of a registration statement "purporting to be made on the authority of an expert," including audited financial statements. 15 U.S.C. § 77k(b)(3); *see In re Software Toolworks Inc.*, 50 F.3d 615, 621 (9th Cir. 1994). It also is clear on the face of the Amended Complaint that Plaintiff seeks to hold the Underwriter Defendants liable for Alfi's FY 2019 and FY 2020 audited financial statements.

Plaintiff cannot dispute the case law which holds that "[a]n underwriter need not conduct due diligence into the 'expertised' parts of a prospectus, such as certified financial statements,"[1] and that underwriters may reasonably rely on audited financial statements, absent the presence of red flags. *In re Countrywide*, 588 F. Supp. 2d at 1175. "[A] red flag is a circumstance that would cause a layman to question an expert's determinations." *In re Metropolitan Sec. Litig.*, No. CV–04–25–FVS, 2010 WL 424625, at *3-4 (E.D. Wash. Jan. 28, 2010). Although reasonable reliance on experts is an affirmative defense, courts may – and do – grant dismissal on the underwriter due diligence defense if it is apparent from the face of the complaint. *See, e.g., In re Countrywide*, 588 F. Supp. 2d at 1182; *Feyko*, 2013 WL 816409, at *8.

Plaintiff mistakenly argues that he does not have a burden to plead the existence of "red flags" that would have warned the Underwriter Defendants that they should not rely on the expertise of the Independent Auditor who audited Alfi's FY 2019 and FY 2020 financial statements. "Although an underwriter must prove the due diligence defense, **courts look to**

---

[1] *Feyko v. Yuhe Int'l., Inc.*, No. CV 11-05511 DDP (PJWx),,2013 WL 816409, at *8 (C.D. Cal. Mar. 5, 2013) (citation and internal quotation marks omitted).

**plaintiffs to point to red flags** that should have indicated to the underwriter that the financial statements were not trustworthy." *See Feyko*, 2013 WL 816409, at \*8 (emphasis added). This is because "underwriters may reasonably rely on auditors' statements, absent red flags that the underwriters were in a position to see." *In re Countrywide*, 588 F. Supp. 2d at 1175; *In re MF Global Holdings*, 982 F. Supp. 2d at 322 ("Underwriters' reliance on audited financial statements is reasonable 'absent red flags that the underwriters were in a position to see.'"). The Amended Complaint does not allege any "red flags;" it is not the Underwriter Defendants' burden to disprove the existence of red flags where Plaintiff has identified none.

Courts have dismissed Section 11 claims over lesser pleading failures than those in the present Amended Complaint. In *Feyko*, for instance, the court granted a motion to dismiss based on Section 11(b)(3) where plaintiffs had alleged that the issuer's prior auditor had resigned, and that the new auditor produced its audit opinion only 22 days later. 2013 WL 816409, at \*9. The court found those "red flags" insufficient because nothing in the disclosure about the prior auditor's resignation would have alerted the underwriters that the deal at issue was fraudulent, and the plaintiffs did not explain why 22 days was not sufficient time to conduct a valid audit. *Id.* Similarly, in *Countrywide*, the court granted a motion to dismiss a Section 11 claim based on marked negative amortization that plaintiffs claimed should have prompted closer inquiry of loan-related items on the issuer's balance sheets. 588 F. Supp. 2d at 1174-82. As the court explained, "[i]n hindsight, it is appealing to say the same red flags could have put Underwriter Defendants on notice that the accounting-related statements were false or misleading. But the present [complaint] does not adequately allege that Underwriter Defendants' reliance on KPMG and Countrywide management's accounting-related statements during this period was unreasonable." *Id.* at 1181-82. If the claims in *Feyko* and *Countrywide* warranted dismissal, then

Plaintiff's Section 11 claim, which does not allege <u>any</u> red flags, should not survive. Absent the existence of red flags, the law entitled the Underwriter Defendants to rely on financial statements audited by Alfi's independent accountants.

While the Opposition cites a number of District Court decisions which note that resolution of a defendant's reliance upon expert opinions might not always be appropriate at the motion to dismiss stage,[2] a number of decisions <u>do</u> find it appropriate to decide the issue on a motion to dismiss, where, as here, the basis for the affirmative defense appears on the face of the pleading. *In re Countrywide*, 588 F. Supp. 2d at 1182; *Feyko*, 2013 WL 816409, at *8. Most of the decisions cited by Plaintiff where courts declined to dismiss at the pleading stage involved situations where courts expressly found that the complaint actually did allege the existence of "red flags." *See e.g., Gaynor v. Miller*, 273 F. Supp. 3d 848, 871 (E.D. Tenn. 2017) (District Court agreed with *Feyko'*s holding that "courts look to plaintiffs to point to red flags that should have indicated to the underwriter that the financial statements were not trustworthy," but did not grant dismissal because the complaint <u>did</u> allege several such "red flags"); *Howard*, 2013 WL 5236641, at *6 (motion to dismiss denied because court found red flags alleged in complaint); *In re CytRx Corp. Sec. Litig.*, No. CV-141956, 2015 WL 5031232, at *17 (C.D. Cal. July 13, 2015) (complaint raised "red flags"); *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 235 F. Supp. 2d 549, 677-679 (S.D. Tex. 2002) (dismissal for underwriter due diligence defense declined because complaint contained numerous "red flag" allegations). Further, the sole case from a district court within the Eleventh Circuit which Plaintiff cites for his argument that it is

---

[2] *See Hamilton Bankcorp Inc. Sec. Litig.*, 194 F. Supp. 2d 1353 (S.D. Fla. 2002); *AFC Enterprises Sec. Litig.*, 348 F. Supp. 2d 1363, 1380 (N.D. Ga. 2004); *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 258 F. Supp. 2d 576 (S.D. Tex. 2003); and *Howard v. Chanticleer,* 2013 WL 5236641, all cited at Opp. pp. 9-10.

premature to grant a motion to dismiss on the basis of an underwriter's due diligence defense, *Hamilton Bankcorp Inc. Sec. Litig.*, cites no authority for the proposition that this defense cannot be resolved on a motion to dismiss (194 F. Supp. 2d at 1357), and further, the decision expressly notes that plaintiff's complaint alleged numerous accounting "red flags." *Id.* at 1359.

Despite having failed to identify a single "red flag" that might have put the Underwriter Defendants on notice, Plaintiff argues that he should be allowed to pursue his claim because it is "premature" for the court to rule upon the due diligence defense. In effect, Plaintiff contends that, for pleading purposes, underwriters are guarantors of the statements in a registration statement, responsible for discovering any and all flaws that may afflict an issuing company, regardless of whether they conduct reasonable due diligence or whether red flags existed during the due diligence. That is simply not the law. Courts have made clear that plaintiffs should not be allowed to proceed beyond the pleadings stage unless plaintiffs can point to specific red flags that would have alerted the underwriters to unusual activity. *Countrywide*, 588 F. Supp. 2d at 1175; *Feyko*, 2013 WL 816409, at *8-9. Given the Amended Complaint's failure to explain why the Underwriter Defendants' reliance on Alfi's expertised financial statements was unreasonable, the Court should dismiss Plaintiff's claims based on the FY 2019 and FY 2020 audited financial statements.

**B.     Because The Registration Statement Did Not Make Any Representations About The Effectiveness of Alfi's Internal Controls, Those Statements Were Not Rendered "False" When Alfi's Controls Were Later Determined To Be Deficient.**

The Opposition tacitly concedes, as it must, that the Registration Statement did <u>not</u> represent that Alfi's internal controls over financial reporting were effective. To the contrary, the Registration Statement explicitly warned, among other things, that:

- "In connection with this offering . . . we intend to begin the process of documenting, reviewing and improving our internal controls and procedures . . .";

- "These changes may not, however, be effective in maintaining the adequacy of our internal controls, and . . .";

- "***If we fail to establish and maintain proper and effective internal control over financial reporting, our operating results and our ability to operate our business could be harmed***." (emphasis in original)

*See* Registration Statement ("RJN"), Request for Judicial Notice Ex. A, at 17-18; RJN Ex. B, at 30-32. Further, the Independent Auditor report concerning Alfi's 2019 and 2020 financial statements, which is incorporated within the Registration Statement, expressly did not express any opinion concerning the effectiveness of Alfi's internal control over financial reporting. *See* Registration Statement, Request for Judicial Notice Ex. A (D.E. 97-1) at 138 and Ex. B (D.E. 97-2) at 114.[3]

While on one page of the Opposition Plaintiff asserts that he is not "alleg[ing] that the internal control statements contained a statement regarding the quality or effectiveness of [Alfi's] internal controls," (Opp. at 14, fn 8), other pages of the Opposition reveal that is precisely what Plaintiff is doing. The Opposition repeatedly argues that Alfi's Registration Statement was misleading because it allegedly failed to disclose that "Alfi's internal controls were *already* not effective and were deficient in a multitude of ways." (Opp. at 12, 14, 15) (emphasis in original).

Plaintiff then cherry-picks two sentences out of a fulsome risk disclosure warning that Alfi's internal controls needed improvement, and then argues that they imply the opposite of

---

[3] Both auditor letters note that "[Alfi] is not required to have, nor were we engaged to perform, an audit of its internal control over financial reporting. As part of our audits, we are required to obtain an understanding of internal control over financial reporting, but not for the purpose of expressing an opinion on the effectiveness of the Company's internal control over financial reporting. Accordingly, we express no such opinion."

what the multi-paragraph risk disclosure actually states. Specifically, the Amended Complaint and Opposition argue that it was "misleading" for Alfi to state that its "disclosure controls and procedures are designed to reasonably assure that information required to be disclosed by us in reports we file or submit under the Exchange Act is . . . reported within the time periods specified in the rules and forms of the SEC," (AC ¶ 37), and ignores that in the very next two sentences of the Risk Disclosure Alfi warned that its then-existing controls could <u>not</u> "assure[] that the objectives of the control system are met," and "that judgments in decision-making can be faulty, and that breakdowns can occur because of simple error or mistake." *See*, RJN Ex. A, at 18.

Any fair reading of Alfi's disclosures regarding its controls reveals that Alfi did not represent that its internal controls were effective. Because Alfi didn't say it, Plaintiff urges the Court to adopt a tortured reading of what Alfi actually said about its internal controls. (Opp. at 15). That is not appropriate. Alfi's statements about its internal controls over financial reporting need to be read in their full context; Plaintiff cannot cherry-pick one or two sentences out of multiple paragraphs. *See e.g., Jones v. Party City Holdco, Inc.*, 230 F. Supp. 3d 185, 190-91 (S.D.N.Y. 2017) (stating that it is "axiomatic that a statement or omission must be considered in its context" and rejecting an out-of-context reading of an alleged misstatement under Section 11 on a motion to dismiss); *In re Barclays Bank PLC Sec. Litig.*, 2017 U.S. Dist. LEXIS 148695, at *45 (S.D.N.Y. Sep. 13, 2017) (rejecting plaintiffs attempt to reply on "incomplete, out-of-context" statements, and finding no misstatement when reading the statements "in full"); *In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 577 (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015) (dismissing securities fraud action for failing to plead false statements when examined in context); *Furher v. Ericsson LM Tel. Co.*, 363 F. App'x 763, 764 (2d Cir. 2009) ("Plaintiffs'

analysis focuses on individual statements taken out of context. When the defendants' statements are considered in light of analysts' questions and are taken in the context of the full discussion, we find that the statements were not misleading.").

When read in context with the above statements, and the complete risk factors, no reasonable investor could read the excerpts cited in the Amended Complaint and conclude that Alfi was representing that its internal controls were effective, or were anything other than a warning that the controls needed improvement. The limited representations about Alfi's internal controls that were made in the Registration Statement were not inaccurate, and cannot form the basis of a Section 11 claim.

**C.      The Amended Complaint Does Not Allege Any Facts To Establish Personal Jurisdiction. Because The Registration Statement Did Not Make Any Representations About The Effectiveness of Alfi's Internal Controls, Those Statements Were Not Rendered "False" When Alfi's Controls Were Later Determined To Be Deficient.**

The Opposition's eight paragraphs purporting to explain the basis for personal jurisdiction over the Underwriter Defendants (Opp. at 17-19) are eight paragraphs more than the zero paragraphs concerning personal jurisdiction contained in the Amended Complaint. Plaintiff may be able to cure this defect via amendment, but when a complaint fails to contain any allegations concerning personal jurisdiction, dismissal is warranted under F.R.C.P. 12(b)(2). *See, e.g.*, *Ivanovic v. Overseas Mgmt. Co.*, No. 11-80726-Civ-Ryskamp, 2011 WL 5508824, at \*2-3 (S.D. Fla. Nov. 9, 2011); *Martinec v. Party Line Cruise Co.*, No. 07-80098-CIV-RYSKAMP/VITUNAC, 2007 WL 3197610, \*2–3 (S.D. Fla. Oct. 29, 2007).

### III.   CONCLUSION.

For the foregoing reasons, and those stated in their original moving papers, the

Underwriter Defendants respectfully request that the Court grant their Motion to Dismiss.

 Dated:  November 28, 2022

Respectfully submitted,

HUNTER TAUBMAN FISCHER & LI LLC


By    /s/ Mark David Hunter
Mark David Hunter, Esquire
Florida Bar No. 12995
Jenny Johnson-Sardella, Esquire
Florida Bar No. 67372
Hunter Taubman Fischer & Li LLC
2 Alhambra Plaza, Suite 650
Coral Gables, Florida 33134
Tel: (305) 629-1180
Fax: (305) 629-8099
E-mail: mhunter@htflawyers.com
jsardella@htflawyers.com

Robert D. Weber [*admitted pro hac vice*]
Nolan Walter [*admitted pro hac vice*]
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Tel: (310) 228-3700
Fax: (310) 228-3701
E mail: rweber@sheppardmullin.com
nwalter@sheppardmullin.com

*Attorneys for Defendants Kingswood Capital Markets,*
*Revere Securities LLC, and WestPark Capital, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Mark David Hunter, do hereby certify that on November 28, 2022, a true and correct copy of the foregoing document was electronically filed and served.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Mark David Hunter*
Mark David Hunter
