**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| CANDIDO RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALFI, INC., PAUL ANTONIO PEREIRA, DENNIS MCINTOSH, JOHN M. COOK, II, PETER BORDES, JIM LEE, JUSTIN ELKOURI, ALLISON FICKEN, FRANK SMITH, AND RICHARD MOWSER, KINGS WOOD CAPITAL MARKETS, REVERE SECURITIES LLC, AND WESTPARK CAPITAL, INC., <br><br> Defendants. | Case No. 1:21-cv-24232-KMW |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF:**
**(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS**
**ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND**
**(II) PLAINTIFFS' COUNSEL'S MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Lead plaintiff Candido Rodriguez and additional plaintiffs John K. Allen, on behalf of the Joseph M. Driscoll Trust, and Alexander C. Takian (collectively, "Plaintiffs"), on behalf of themselves and the proposed Settlement Class, respectfully submit this reply memorandum in further support of: (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 130); and (ii) Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 131).[1]

## I.       PRELIMINARY STATEMENT

Pursuant to the Court's October 31, 2023, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 127, the "Preliminary Approval Order"), approximately 103,940 copies of the Court-approved Postcard Notice or Notice and Claim Form were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[2]  In addition, the Court-appointed Claims Administrator, Strategic Claims Services, Inc. ("SCS"): (i) caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on December 11, 2023,[3] and (ii) the Postcard Notice, Notice, Claim Form, Stipulation, and Preliminary Approval Order, among other important case-related documents, to be posted on the Settlement Website (www.strategicclaims.net/Alfi/).  *See* Initial Mailing Decl., ¶13.  The Postcard Notice, Notice, Summary Notice and Settlement Website informed Settlement Class Members of the February 13, 2024 deadline to: (i) submit an objection to the Settlement, Plan of Allocation, or request

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 20, 2023 (the "Stipulation") (ECF No. 122-1), or in the concurrently filed Declaration of Leanne H. Solish in Support of (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 132).  Unless otherwise indicated, all emphasis is added and quotations and citations are omitted.

[2] *See* Supplemental Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections (the "Suppl. Mailing Decl.") (attached as Exhibit 1 hereto), at ¶¶3-5.

[3]  ECF No. 132, Ex. 1 (Declaration of Margery Craig Concerning: (A) Mailing of CAFA Notice; (B) Mailing of the Postcard Notice; (C) Publication of the Summary Notice; and (D) Report on Requests for Exclusion and Objections ("Initial Mailing Decl.")), at ¶11.

1

for attorneys' fees and reimbursement of Litigation Expenses, or (ii) request exclusion from the Settlement Class.  *See id.*, ¶¶14-15.

On January 30, 2024, fourteen (14) days prior to the objection deadline,  Plaintiffs and Plaintiffs' Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.  The motions are supported by the declarations of Plaintiffs, Plaintiffs' Counsel, and the Claims Administrator. These papers are available on the public docket and on the Settlement Website.  *See* ECF Nos. 130-132; Supp. Mailing Decl., at ¶6.

Following this extensive notice process, ***no*** Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses.  Moreover, SCS has only received two requests for exclusion.[4]  *See* Suppl. Mailing Decl., ¶7 & Ex. A.  The absence of any objections and the extremely small number of opt-outs by Settlement Class Members provides strong evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.  *See Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. Dec. 15, 1992) ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request.").

For all the reasons set forth herein, and in the opening papers filed with the Court on January 30, 2024, Plaintiffs and their counsel respectfully request that the Court approve the Settlement, Plan of Allocation and request for attorneys' fees and reimbursement of Litigation Expenses.

---

[4] There is a question as to whether Kranthi Kantem, one of the opt-outs, is a Settlement Class Member because, based on the information he provided, it does not appear that Mr. Kantem held his Alfi stock over one of the alleged disclosure dates and, thus, may not have been damaged by the allegedly wrongful conduct.  Nonetheless, since Mr. Kantem has evidenced his intent to be excluded, the Parties have agreed to recommend the Court accept his exclusion request.

## II.  ARGUMENT

### A.  The Positive Reaction Of The Settlement Class Supports Approval Of The Settlement And Plan Of Allocation

The reaction of a class to a settlement is "an important factor" in assessing its fairness and adequacy. *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005) (finding that a "low percentage of objections points to the reasonableness of a proposed settlement and supports its approval"). Here, the lack of objections, and small number of requests for exclusion, weighs heavily in favor of the Court approving the Settlement. *See, e.g.*, *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1252 (S.D. Fla. 2016) ("In a class of hundreds of thousands, the low number of opt-outs and objections reflects the Class' overall satisfaction with the Settlement."); *In re NetBank, Inc. Sec. Litig.*, 2011 WL 13176646, at *5 (N.D. Ga. Nov. 9, 2011) ("The absence of any objection to the settlement here further supports final approval."); *Burrow v. Forjas Taurus S.A.*, 2019 WL 4247284, at *30 (S.D. Fla. Sept. 6, 2019) ("low opt-out and objection rates weigh[ed] in favor of granting final approval" of the settlement); *Ellen Berman & Dayana Guach v. General Motors LLC*, 2019 WL 6163798, at *6 (S.D. Fla. Nov. 18, 2019) (same).

In addition, there has not been a single objection to the Plan of Allocation. *See* Suppl. Mailing Decl., ¶8. This reaction supports approval of the Plan of Allocation. *See In re Catalina Mktg. Corp. Sec. Litig.*, 2007 WL 9723529, at *1 (M.D. Fla. July 9, 2007) (finding the plan of allocation fair, reasonable, and adequate and noting that "no class member [] objected to the settlement amount or plan of allocation."); *In re Rayonier Inc. Sec. Litig.*, 2017 WL 4535984, at *1 (M.D. Fla. Oct. 5, 2017) (approving plan of allocation where no objections to the plan were submitted); *In re Flowers Foods, Inc. Sec. Litig.*, 2019 WL 6827291, at *1 (M.D. Ga. Dec. 11, 2019) (approving plan of allocation where "[t]he Notice, which included the Plan of Allocation, was available to potential Settlement Class Members and nominees on the settlement website and no objections to the proposed plan were submitted.").

### B.  The Settlement Class's Reaction Supports Approval Of The Fee And Expense Application

The absence of ***any*** objections to Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, including the request that Plaintiffs be

3

reimbursed for the costs incurred as a direct result of their representation of the Settlement Class as authorized by the Private Securities Litigation Reform Act of 1995, supports a finding that the request is fair and reasonable. *See Cabot East Broward 2 LLC v. Cabot*, 2018 WL 5905415, at *1 and *8 (S.D. Fla. Nov. 9, 2018) (awarding 33⅓% of $100 million settlement fund, reimbursement of expenses and lead plaintiff PSLRA awards where "no Class Member submitted an objection either to the request for fees, or the request for costs and incentive awards."); *Gonzalez v. TCR Sports Broadcasting Holding, LLP*, 2019 WL 2249941, at *1, *6 and *9 (S.D. Fla. May 24, 2019) (awarding one-third of $2.5 million settlement fund, reimbursement of expenses, and lead plaintiff PSLRA awards, and noting that "no objections have been filed and that none were presented at the final fairness hearing"); *In re NetBank, Inc. Sec. Litig.*, 2011 WL 13353222, at *2 (N.D. Ga. Nov. 9, 2011) (awarding 34% of the $12.5 million gross settlement fund, plus expenses, and stating: "[i]n addition, the absence of any objection by Class Members to the requested attorneys' fees and reimbursement of costs and expenses is significant, and supports the reasonableness of the requested fee").[5]

## III.   CONCLUSION

Based on the foregoing, and for the additional reasons set forth in the opening papers, Plaintiffs and their counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class;

---

[5] *See also In re Flowers Foods, Inc. Sec. Litig.*, 2019 WL 6771749, at *1-*2 (M.D. Ga. Dec. 11, 2019) (awarding 33⅓% of $21 million settlement fund, reimbursement of expenses and PSLRA awards to Plaintiffs where "[t]here were no objections to the requested attorneys' fees and expenses."); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2012 WL 12540344, at *7 (N.D. Ga. Oct. 26, 2012) ("In sum, the *Johnson* factors, a survey of fee awards in comparable cases, and the absence of any objection by class members all support an award of attorney fees equal to one-third of the [$75 million] settlement fund."); *Pritchard v. APYX Medical Corp.*, 2020 WL 6937821, at *1 (M.D. Fla. Nov. 18, 2020) (awarding 33⅓% of $3 million settlement fund, reimbursement of expenses and PSLRA awards to Lead Plaintiff and additional named Plaintiff where "[t]here were no objections to the requested attorneys' fees and expenses."); *In re Health Ins. Innovations Sec. Litig.*, 2021 WL 1341881, at *13 (M.D. Fla. Mar. 23, 2021) ("lack of objections" supported awarding 33% of $2.8 million, expenses of approximately $245,631, and "$3,125 to [Lead Plaintiff to] compensate him for the time he incurred in his role as Lead Plaintiff and proposed class representative pursuant to the PSLRA.").

(ii) award attorneys' fees to Plaintiffs' Counsel in the amount of 33⅓% of the Settlement Fund, as well as expenses in the amount of $102,597.91; and (iii) grant PSLRA awards of $1,500 to each of the three Plaintiffs.  The proposed Judgment approving the Settlement and proposed Orders approving the Plan of Allocation and awarding attorneys' fees and expenses are attached as Exhibits 2, 3, and 4, respectively.

Dated:  February 27, 2024

Respectfully submitted,

**SAXENA WHITE P.A.**

By: */s/ Adam D. Warden*
Joseph E. White, III (FL Bar No. 621064)
Adam D. Warden (FL Bar No. 873691)
Jonathan D. Lamet (FL Bar No. 106059)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
jwhite@saxenawhite.com
awarden@saxenawhite.com
jlamet@saxenawhite.com

*Local Counsel for Lead Plaintiff and*
*Local Counsel for the Settlement Class*

**GLANCY PRONGAY & MURRAY LLP**
Joseph D. Cohen (pro hac vice)
Leanne H. Solish (pro hac vice)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
jcohen@glancylaw.com
lsolish@glancylaw.com

*Counsel for Lead Plaintiff and*
*Lead Counsel for the Settlement Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq., Fla. Bar No. 0182877 Phillip Kim, Esq. (*pro hac vice*)
Ha Sung (Scott) Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor

5

New York, New York 10016
Telephone: (212) 686-1060
lrosen@rosenlegal.com
pkim@rosenlegal.com
skim@rosenlegal.com

*Counsel for Plaintiff John K. Allen,
on behalf of the Joseph M. Driscoll Trust
and Plaintiff Alexander C. Takian*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel for Lead Plaintiff*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Plaintiffs hereby certifies that on February 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of all counsel of record in this matter.

Dated:  February 27, 2024

/s/ *Adam D. Warden*
Adam D. Warden