UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-24232-CV-WILLIAMS

CANDIDO RODRIGUEZ, Individually and
on Behalf of All Others Similarly Situated,

        Plaintiff,

v.

ALFI, INC., *et al.*,

        Defendants.
_____/

## ORDER APPROVING CLASS ACTION SETTLEMENT

**THIS MATTER** is before the Court following the March 5, 2024 Class Action Settlement Hearing (DE 138) (the "***Settlement Hearing***") on Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (DE 130) ("***Motion***"). Upon review of the Motion, and for the reasons discussed on the record at the Settlement Hearing, it is **ORDERED AND ADJUDGED** as follows:

    1.    Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (DE 130) is **GRANTED**.

    2.    Court-appointed Lead Plaintiff Candido Rodriguez, along with plaintiff John K. Allen, on behalf of the Joseph M. Driscoll Trust, and plaintiff Alexander C. Takian (collectively, "***Plaintiffs***"), on behalf of themselves and the Settlement Class (defined below); (b) Paul Antonio Pereira, Dennis McIntosh, John M. Cook, II, Peter Bordes, Jim Lee, Justin Elkouri, Allison Ficken, and Frank Smith (collectively, the "***Individual Defendants***"); and (c) Kingswood Capital Markets, division of Benchmark Investments, LLC (f/k/a Benchmark Investments, Inc.), Revere Securities LLC and WestPark Capital,

Inc. (collectively, the "**Underwriter Defendants**"; and together with the Individual Defendants, "**Defendants**"; and together with Plaintiffs, the "**Parties**") have entered into a Stipulation and Agreement of Settlement dated July 20, 2023 (the "**Stipulation**"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "**Settlement**"). This Order incorporates by reference the definitions in the Stipulation and the capitalized terms herein shall have the same meaning as they have in the Stipulation unless otherwise defined in this Order.

3. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

4. **Incorporation of Settlement Documents** – This Order incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 21, 2023 (DE 122-1); and (b) the Notice, Summary Notice, and Postcard Notice, all of which were filed with the Court on January 30, 2024 (DE 132).

5. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all Persons and entities who or which purchased or otherwise acquired the common stock and/or warrants of Alfi, Inc. (collectively, "**Alfi Securities**"): (i) pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO on or about May 4, 2021 (*i.e.*, from May 4, 2021 through October 29, 2021, inclusive), and/or (ii) during

the period from May 4, 2021 and March 11, 2022, inclusive (the "**Settlement Class Period**"), and were damaged thereby. Excluded from the Settlement Class are (i) Defendants, Alfi and former-defendant Richard Mowser ("**Mowser**"); (ii) any Person who served as a partner, control person, executive officer and/or director of Alfi or the Underwriter Defendants during the Settlement Class Period, and members of their Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Alfi and the Underwriter Defendants; (iv) any entity in which Alfi, Defendants or Mowser have or had a controlling interest; (v) any trust of which an Individual Defendant or Mowser is the settlor or which is for the benefit of an Individual Defendant or Mowser and/or member(s) of their Immediate Family; (vi) liability insurance carriers for Alfi or the Individual Defendants; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Notwithstanding any provision to the contrary, (a) any Investment Vehicle shall not be excluded from the Settlement Class; and (b) "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants, including Alfi's employee retirement and/or benefit plan(s). Also excluded from the Settlement Class are the persons and entities who or which requested to be excluded from the Settlement Class known as: (i) Kranthi Kantem of Lansing, Michigan; and (ii) IRA FBO Josh H. Buterin, SSB&T Custodian of Lake Quivira, Kansas ("**Excluded Persons and Entities**").

6. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class

Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

7. **Notice** – The Court finds that the dissemination of the Notice and Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 77z–1, as amended, and all other applicable law and rules.

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Order shall be forever binding on Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The Excluded Persons and Entities are not bound by the terms of the Stipulation or this Order.

11. **<u>Releases</u>** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

   a. Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any

other Person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(t) of the Stipulation).

b. Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants in such capacity only, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This Release shall not apply to the Excluded Persons and Entities.

12. Notwithstanding paragraphs 11(a) – (b) above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation

or this Order.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **No Admissions** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

   a. shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

   b. shall be offered against any of the Plaintiffs' Releasees, as evidence of, or

construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c. shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however,* that the Parties and the Releasees and their respective counsel may refer to this Order and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15. **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all

matters relating to the Action.

16. Separate orders shall be entered regarding final judgment, approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Order and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of March 30, 2023, as provided in the Stipulation.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 8th day of March, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE