**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 21-24232-CV-WILLIAMS**

CANDIDO RODRIGUEZ, Individually and
on Behalf of All Others Similarly Situated,

       Plaintiff,

v.

ALFI, INC., *et al.*,

       Defendants.

_____/

**ORDER AWARDING ATTORNEYS' FEES**
**AND REIMBURSEMENT OF LITIGATION EXPENSES**

    **THIS MATTER** is before the Court following the March 5, 2024 Class Action Settlement Hearing (DE 138) (the "***Settlement Hearing***") on Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (DE 131) ("***Motion***").  Upon review of the Motion, and for the reasons discussed on the record at the Settlement Hearing, it is **ORDERED AND ADJUDGED** as follows:

    1.   Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (DE 131) is **GRANTED**.

    2.   This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 20, 2023 (the "***Stipulation***") (DE 122-1) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

    3.   The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

4.    Notice of Plaintiffs' Counsel's Motion was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7)), due process, and all other applicable law and rules. The form and method constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.    Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 33⅓% of the Settlement Fund and $102,597.91 in reimbursement of Plaintiffs' Counsel's litigation expenses, which shall be paid from the Settlement Fund. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

6.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.  The Settlement has created a fund of $1.725 million in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

b.  Copies of the Postcard Notice or the Notice and Claim Form was timely mailed, or a link to Notice and Claim Form was emailed, to over 103,900

potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $145,000.  There were no objections to the requested attorneys' fees and expenses;

c. Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

d. The Action raised a number of complex issues;

e. Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

f. Plaintiffs' Counsel devoted 1,273.25 hours, with a lodestar value of approximately $913,104 to achieve the Settlement; and

g. The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases

7. Lead Plaintiff Candido Rodriguez is hereby awarded $1,500 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

8. Plaintiff John K. Allen, on behalf of the Joseph M. Driscoll Trust, is hereby awarded $1,500 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

9. Plaintiff Alexander C. Takian is hereby awarded $1,500 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

10. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

11. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

12. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 8th day of March, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE